1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   601 South Figueroa Street, Suite 3300
4  Los Angeles, California 90017
   Telephone:  (213) 270-9600
5  Facsimile:   (213) 270-9601

6  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated, | Case No. 2:19-cv-2798 |
   |---|---|
   | Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, AND 1453** |
   | v. | Los Angeles Superior Court Case No. 18STCV06289 |
   | AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive, | Complaint Filed:  November 27, 2018
FAC Filed:        March 26, 2019 |
   | Defendants. | |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, Airport Terminal Services, Inc. ("ATS"), files this notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446 (and 28 U.S.C. § 1453), asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 (as well as Class Action Fairness Act ("CAFA") jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)),[1] to effect the removal of the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.

Removal is proper for the following reasons:

**I.  BACKGROUND**

1. On November 27, 2018, Plaintiff, Francisco J. Cisneros, filed a purported class action complaint in the Superior Court of California for the County of Los Angeles, titled "*FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive*," and assigned Case No. 18STCV06289.

2. The complaint alleged causes of action against ATS for: "(1) Failure to Pay for All Hours Worked (California Labor Code §§ 510, 1194); (2) Failure to Pay Wages at the Agreed Rate; (3) Failure to Pay Overtime Compensation (Welfare Commission Orders and California Labor Code §§ 510, 1194); (4) Meal and Rest Break Violations (California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040); (5) Failure to Reimburse Expenses (California Labor Code §§ 2802); (6) Failure to Pay Wages at the Time of Termination (California Labor Code §§ 201-203); (7) Failure to Provide Proper Wage Statements (California Labor Code § 226(a)); and (8) Unfair Business Practices

---

[1] Removal is proper on the basis of federal question jurisdiction alone, and it is also proper on the basis of CAFA jurisdiction. To the extent any claims for relief would not be subject to the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1332, the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367(a).

1

DEFENDANT'S NOTICE OF REMOVAL

(Business and Professions Code §17200)." The complaint sought to certify a class of "[a]ll employees who were or are employed by Defendants [since November 27, 2014,] in California as 'non-exempt employees." Compl. ¶¶ 58-59.

3. On November 30, 2018, ATS received the complaint, via mail, along with a letter. A true and correct copy of the mail received by ATS is attached as **Exhibit A**. Also on November 30, 2018, ATS received the complaint, via process server, along with a summons, civil case cover sheet, notice of case assignment, and other related documents. A true and correct copy of the service received by ATS is attached as **Exhibit B**.

4. On March 5, 2019, counsel for ATS was emailed a copy of an initial status conference order dated February 1, 2019, and a request to continue the initial status conference dated February 21, 2019. On March 8, 2019, counsel for ATS also received these documents via mail. A true and correct copy of these documents received by counsel for ATS is attached as **Exhibit C**.

5. On March 11, 2019, counsel for ATS received, via mail, a request for leave to file first amended complaint in advance of initial status conference, as well as a proposed order. A true and correct copy of these documents received by counsel for ATS is attached as **Exhibit D**.

6. On March 29, 2019, counsel for ATS received, via mail, a first amended complaint filed on March 26, 2019. A true and correct copy of the March 26, 2019 first amended complaint is attached as **Exhibit E**.

7. In addition to the eight causes of action alleged in the initial complaint, the first amended complaint purports to allege claims for relief against ATS stemming from alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The first amended complaint alleges five additional causes of action against ATS for: "(9) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); (11) Violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act); (12) Violation of California Civil Code § 1785 et seq. (Consumer Credit Reporting Agencies Act); and (13) Violation of California Labor Code §§ 2698 et seq."

The first amended complaint sought to certify an additional class of "[a]ll individuals who applied for employment in California with Defendants for which a background check was performed [since November 27, 2011]." FAC ¶ 59.

8. These exhibits constitute all process, pleadings, and orders filed by and served upon (or otherwise obtained by) ATS in this action.

## II. TIMELINESS OF REMOVAL

9. This notice of removal is timely because it is being filed within 30 days after receipt by ATS, through service or otherwise, of a copy of an amended pleading, which is removable. 28 U.S.C. § 1446(b)(3). For a proposed amendment to the complaint setting forth a basis for removal, the time for filing a notice of removal does not run until the subsequent pleading becomes operative. *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1203-04 (N.D. Cal. 2000) ("[R]emoval jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative."). *Accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (declining to start the clock before a motion to amend was granted) (quoting *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion.")).

10. The 30-day period to remove began at the earliest on March 26, 2019, when the first amended complaint became the operative complaint, or on March 29, 2019, upon ATS's receipt of the first amended complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"). This notice of removal filed on April 11, 2019, thus is timely.

## III. FEDERAL QUESTION JURISDICTION

11. "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction over this action based on federal question jurisdiction in

that the action asserts claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, a federal statute.

12. In this action, Plaintiff asserts claims under Section 1681b(b)(2), 1681a(a)(1), and 1681g(c) of the FCRA. 15 U.S.C. §§ 1681b(b)(2), 1681a(a)(1), and 1681g(c). FAC ¶¶ 136-158. Specifically, the Court will be required to construe, interpret, and apply the FCRA. *E.g.*, FAC ¶¶ 61, 136-158 (alleging claims based on "whether Defendants failed to comply with the requirements of 15 U.S.C. 7001 section 101(c)(1)," "required Plaintiff and the members of the FCRA class to allow Defendants to procure or cause to be prepared credit and background reports (i.e., a consumer report and/or investigative report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e))," or "violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure"). Accordingly, this action presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper.

**IV. CLASS ACTION FAIRNESS ACT JURISDICTION**

13. "[D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," is pleaded as a class action involving more than 100 putative class members, and at least one member of the putative class is a citizen of a State different from defendants. 28 U.S.C. § 1332(d).

14. The Court has original jurisdiction over this action because (i) it is alleged as a class action for putative classes in excess of 100 individuals;[2] (ii) for removal purposes, there is complete diversity between Plaintiff, a citizen of the State of California,[3] and

---

[2] Each class proposed in the first amended complaint involves more than 100 individuals.

[3] For purposes of diversity of citizenship jurisdiction, a natural person is a "citizen" of the state in which he or she is domiciled. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of

4

DEFENDANT'S NOTICE OF REMOVAL

ATS, a citizen of the State of Missouri;[4] and (iii) while ATS denies liability as to Plaintiff's claims and ability to certify a class action, the amount in controversy, as alleged in the first amended complaint, exceeds $5,000,000, exclusive of interests and costs.[5]

## V.  SUPPLEMENTAL JURISDICTION

15.   To the extent any of the claims alleged in the first amended complaint do not have an independent basis for federal jurisdiction, the claims are within the supplemental

---

domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The first amended complaint alleges Plaintiff is a California resident. FAC ¶ 8.

[4] For purposes of diversity of citizenship jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). ATS is now, and was at all relevant times, incorporated under the laws of the State of Missouri. Pursuant to *The Hertz Corp. v. Friend*, 559 U.S. 77 (2010), ATS's principal place of business and "nerve center" is now, and was at all relevant times, in Missouri. o

[5] Satisfying the amount-in-controversy threshold need not even consider all of Plaintiff's claims. For example, the first amended complaint seeks "all available remedies pursuant to California Civil Code § 1786.50." FAC ¶ 170. Although Plaintiff has not alleged his own actual damages, the ICRAA contemplates recovery for individual violations, once proven, to be equal to actual damages as a result of the violation or $10,000, *whichever is greater*. Cal. Civ. Code § 1786.50(a)(1) (emphasis added). While this assessment excludes class actions, it is nonetheless useful for reasonably measuring the amount the first amended complaint places in controversy from ATS's perspective, especially since the ICRAA is silent with respect to the valuation of class action damages. As no class action has been certified, the first amended complaint places, from ATS's perspective, an amount in controversy that would place over $5,000,000 at issue from claims for just 501 individuals. The first amended complaint alleges a putative class for ICRAA violations that would include at least 501 putative class members. Moreover, as the Supreme Court recently made clear, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). "[T]he Supreme Court left no doubt 'that no anti-removal presumption attends cases involving CAFA.'" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554).

jurisdiction of this court under 29 U.S.C. § 1367(a), in that they are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Thus, this action is removable in its entirety.

## VI. VENUE

16. Venue lies in the United States District Court for the Central District of California. 28 U.S.C. §§ 84(c), 1441(a); *see also* 28 U.S.C. § 1390(c). This action was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c). Venue thus is proper in this Court because it is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VII. NOTICE TO STATE COURT AND TO PLAINTIFF

17. Promptly after the filing of this notice of removal, ATS will give written notice thereof to Plaintiff and will file a copy of the notice with the Clerk of the Superior Court of the State of California for the County of Los Angeles. 28 U.S.C. § 1446(d).

## VIII. PRAYER FOR REMOVAL

18. WHEREFORE, ATS prays that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: April 11, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Simon L. Yang
Aaron R. Lubeley
Simon L. Yang
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.