EXHIBIT A

 CT Corporation

**TO:** Christina M Green, VP, Chief Financial Officer & Treasurer
Airport Terminal Services, Inc.
940 WEST PORT PLAZA DRIVE, SUITE 101
SAINT LOUIS, MO 63146-3014

**RE:** **Process Served in California**

**FOR:** Airport Terminal Services, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated, PLTF. vs. AIRPORT TERMINAL SERVICES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | LETTER, COMPLAINT |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation - CLASS ACTION COMPLAINT |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/30/2018 postmarked on 11/27/2018 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Marcus J. Bradley, Esq.<br>BRADLEY/GROMBACHER, LLP<br>2815 Townsgate Road, Suite 130<br>Westlake Village, CA 91361<br>805-270-7100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780109814723 |
| | Email Notification, Peggy Hohl  peggyhohl@atsstl.com |
| | Email Notification, Christina M Green  cgreen@atsstl.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL®

7018 2290 0000 7343 0448



UNITED STATES POSTAGE

PITNEY BOWES

$008.15°

02 1P
0000705080 NOV 27 2018
MAILED FROM ZIP CODE 91361

**BRADLEY GROMBACHER LLP**

2815 Townsgate Road, Suite 130

Westlake Village, CA 91361

Agent for Service of Process for

Airport Terminal Services, Inc.:

CT Corporation System

818 West Seventh Street, Suite 930

Los Angeles, CA 90017

November 27, 2018

Labor and Workforce Development Agency
**Attn: PAGA Administrator**
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
*Filed Online and Courtesy Copy Delivered*
*via Certified Mail with $75 Check*

> **Re:** **Written Notice – Private Attorney General Act ("PAGA") –**
> **California Labor Code § 2698 *et seq.***
> *Francisco J. Cisneros v. Airport Terminal Services, Inc., et. al.*

PAGA Administrator:

Notice is hereby provided that, pursuant to California *Labor Code* section 2699.3, Francisco J. Cisneros ("Cisneros") contends that *Airport Terminal Services, Inc., et. al.* (hereinafter collectively "ATS") has violated, and continue to violate, provisions of the California *Labor Code* and wage orders promulgated by the Industrial Welfare Commission ("IWC Wage Order"), including, but not limited to, California *Labor Code* Sections §§ 200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, and the applicable wage order.

In accordance with the required notice under California *Labor Code* Section 2699.3 of the Private Attorney General Act ("PAGA"), this letter shall serve as formal written notice to the Labor and Workforce Development Agency ("LWDA").

Cisneros is a resident of Hawthorne, California. He was a non-exempt hourly employee making $18.99 per hour. Cisneros was employed as a "ramp agent" and worked at for ATS at Los Angeles International Airport located at 1 World Way, Los Angeles, CA 90045. Cisneros' job duties included transporting cargo, luggage and loading up the aircrafts. Cisneros employment with ATS was terminated on or about October 22, 2018.

ATS was and still is a Missouri corporation doing business in the State of California. According to http://atsstl-uscent-webapp-01.azurewebsites.net/what-we-do/, ATS provides ground handling services, hospitality, and VIP travel services to airlines and airports.

According to http://atsstl-uscent-webapp-01.azurewebsites.net/overview/, ATS strives "to be the safest, most secure, best trained and most professional ground handling service provider in

*www.bradleygrombacher.com*

**Bradley/Grombacher LLP**
2815 Townsgate Road
Suite 130
Westlake Village CA 91361
Tel: (805) 270-7100
Fax: (805) 270-7589

the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice."

Mr. Cisneros and the other aggrieved employees suffered violations of multiple provisions of the California *Labor Code* as detailed below and in the attached Complaint.

Mr. Cisneros and aggrieved employees seek unpaid wages, penalties and other compensation from ATS for the relevant time period because ATS improperly:

a. Deprived Cisneros and the other aggrieved employees of statutorily required meal periods;

b. Failed to authorize and permit Cisneros and the other aggrieved employees to take the requisite rest periods;

c. Failed to pay Cisneros and the other aggrieved employees' wages for all hours worked;

d. Failed to pay Cisneros and the other aggrieved employees' wages at agreed upon rate for all hours worked;

e. Failed to pay Cisneros and the other aggrieved employees overtime pay for all overtime hours worked;

f. Failed to pay Cisneros and the other aggrieved employees all wages owed at termination;

g. Failed to pay Cisneros and the other aggrieved employees for business related expenses in violation of California Labor Code §2802; and,

h. Failed to maintain accurate wage statements for Cisneros and the other aggrieved employees pursuant to California Labor Code §226(a).

Cisneros is an "aggrieved employee" as defined in California *Labor Code* Section 2699, subdivision (a) and brings this action on behalf of himself and all other aggrieved employees of ATS. Mr. Cisneros, also on behalf of himself and all other aggrieved employees, seeks penalties under PAGA for ATS's violations.

Below please find the relevant facts and legal theories to support the aforementioned violations. In addition, a copy of the Complaint is attached hereto.

- **All Hours Worked/Agreed Upon Rate**

    Cisneros and the other aggrieved employees were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of ATS without any compensation therefore.

    Cisneros and the other aggrieved employees were required to report and wait for a ride to their terminal location, including having to park their personal vehicle away from the airport and take a shuttle that would drop them off at the airport. Once at the airport Cisneros and the other aggrieved employees would have to wait for someone to give them a ride to their work stations.

    ATS failed to pay Cisneros and the other aggrieved employees any wages for time worked "off-the-clock."

- **Overtime Compensation:** ATS failed and refused to pay to Cisneros and the other aggrieved employees all overtime wages due to them in compliance with the California *Labor Code* when they worked more than eight (8) hours in a day nor provided with the requisite meal and rest breaks. Accordingly, ATS violated the applicable wage order, which provides for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

- **Meal and Rest Breaks**

    During Cisneros and the other aggrieved employees' employment with ATS, ATS did not provide meal or rest periods in compliance with California law. Further, ATS did not compensate Cisneros and the other aggrieved employees for meal or rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods). Specifically, Cisneros and the other aggrieved employees were scheduled to work shifts that were in excess of 6 hours and no meal period was provided by ATS. IN addition, on other occasions, Cisneros and the other aggrieved employees were unable to take code compliant meal periods due to understaffing and work load.

    ATS violated California *Labor Code* Section 512 and the applicable wage order, by failing to provide Cisneros and other aggrieved employees a meal period of at least thirty (30) minutes when the work period is more than five hours and a second meal period of at least thirty (30) minutes when the work period is more than ten (10) hours.

ATS also failed to relieve Cisneros and the applicable wage order of all duties during this meal period. Similarly, the applicable wage order requires employers to "authorize and permit" employees to take a 10-minute rest break every four hours of work, during which they must be relieved of all duties. ATS failed to do so, entitling Cisneros and other aggrieved employees to a premium of one hour's worth of pay at the employee's regular rate for each day that ATS failed to provide a meal period, pursuant to California *Labor Code* Section 226.7(c).

ATS also willfully prevented and discouraged, and continues to prevent and discourage Cisneros and other aggrieved employees from taking rest breaks and failed to compensate Cisneros and other aggrieved employees for missed rest breaks in violation of California *Labor Code* Sections 226.7, 512, 516, and the applicable wage order.

- **Violation of California *Labor Code* §2802:** TWS failed to reimburse and/or pay Cisneros and the other aggrieved employees for business related expenses, including cellular phones that were used to carry out job duties.

- **Wage Statements:** ATS violated California *Labor Code* §226(a), which sets forth reporting requirements for employers when they pay wages in pertinent part, as follows:" Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ." Cisneros and the other aggrieved employees were damaged by this failure to provide accurate wage statements because, among other things, Cisneros and other aggrieved employees were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

- **Termination Wages:** ATS violated California *Labor Code* Sections 201-203 by failing to timely pay all earned and unpaid wages at the time of separation from employment, for those aggrieved employees no longer employed by ATS, such as Mr. Cisneros.

- **Recordkeeping:** ATS has failed to maintain accurate, complete, and readily available records in violation of California *Labor Code* §1174 and the applicable IWC Wage Order.

Enclosed please find a copy of the class action complaint that is in the process of being filed in the Superior Court of California, County of Los Angeles. Mr. Cisneros respectfully requests that the LWDA notify this office within sixty (60) days if it wishes to investigate this matter further. A copy is being sent via certified mail to ATS. Should you have any questions or concerns or require additional information, please do not hesitate to contact the undersigned.

Thank you for your time and consideration.

Very truly yours,

**BRADLEY/GROMBACHER, LLP**

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.

*Enclosures – as stated above.*

cc:     Agent for Service of Process for
        Airport Terminal Services, Inc.:

        CT Corporation System
        111 Westport Plaza Drive, Suite 400
        Saint Louis, MO 63146-3014

        CT Corporation System
        818 West Seventh Street, Suite 930
        Los Angeles, CA 90017

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay for All Hours Worked (California *Labor Code* §§ 510, 1194);**<br>2. **Failure to Pay Wages at the Agreed Rate;**<br>3. **Failure to Pay Overtime Compensation (Welfare Commission Orders and California *Labor Code* §§ 510, 1194);**<br>4. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>5. **Failure to Reimburse Expenses (California <u>Labor Code</u> §§ 2802);**<br>6. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**<br>7. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a)); and** |

-1-

8. **Unfair Business Practices (*Business and Professions Code* § 17200)**

**DEMAND FOR JURY TRIAL**

Plaintiff FRANCISCO J. CISNEROS (hereinafter referred to as "Plaintiff"), hereby submits his Class Action Complaint against Defendant AIRPORT TERMINAL SERVICES, INC., a Missouri corporation ("ATS") and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## INTRODUCTION

1.      This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the members of the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant ATS.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and California Business and Professions Code against employees of Defendants.

3.      Plaintiff seeks relief on behalf of himself and the members of the Plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4.      Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated

-2-
**CLASS ACTION COMPLAINT**

rights and benefits.

5. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California Labor Code, and California Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 200, 201-203, 226(a), 226.7, 510, 512, 1194, and 2802 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

7. Venue is proper because the Defendants do business in California and in Los Angeles and the actions that gave rise to this action occurred in Los Angeles.

## PARTIES

8. Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California.

9. Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California Labor Code §§200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, 2698 and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

10. Plaintiff is informed and believes and based thereon alleges Defendant ATS was and still is a Missouri corporation doing business in the State of California.

11. According to http://atsstl-uscent-webapp-01.azurewebsites.net/what-we-do/ (searched on November 19, 2018), ATS provides ground handling services, hospitality, and VIP travel services to airlines and airports.

12. According to http://atsstl-uscent-webapp-01.azurewebsites.net/overview/ (searched on November 19, 2018), ATS strives "to be the safest, most secure, best trained and most professional ground handling service provider in the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice."

CLASS ACTION COMPLAINT

13. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14. As such, and based upon information and belief Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226(a), 226.7, 510, 512, 1194, 2698, 2802 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

15. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16. At all times herein mentioned, each of said Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18. At all times herein mentioned, Defendants, and each of them, were members of,

-4-

and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

### FACTUAL ALLEGATIONS

20.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.    Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California. He was a non-exempt hourly employee making $18.99 per hour. Plaintiff was employed as a "ramp agent" and worked at for ATS at Los Angeles International Airport located at 1 World Way, Los Angeles, CA 90045. Plaintiff's job duties included transporting cargo, luggage and loading up the aircrafts.

22.    Plaintiff's employment with ATS was terminated on or about October 22, 2018.

23.    Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant improperly:

   a.  Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

   b.  Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods;

   c.  Failed to pay Plaintiff and the other members of the plaintiff class wages for all hours worked;

   d.  Failed to pay Plaintiff and the other members of the plaintiff class wages at agreed upon rate for all hours worked;

   e.  Failed to pay Plaintiff and the other members of the plaintiff class overtime pay

-5-

for all overtime hours worked;

    f.  Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

    g.  Failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California Labor Code §2802; and,

    h.  Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a).

24.    Plaintiff and the members of the plaintiff class were and are classified by Defendant ATS as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the plaintiff class are entitled to certain benefits, including premium compensation for overtime hours worked, and mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

**Defendants' Failure to Pay for All Hours Worked /Agreed Upon Rate**

25.    During the Class Period, Plaintiff and members of the plaintiff class were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of Defendants without any compensation therefore.

26.    Plaintiff and members of the plaintiff class were required to report and wait for a ride to their terminal location, including having to park their personal vehicle away from the airport and take a shuttle that would drop them off at the airport. Once at the airport Plaintiff and members of the plaintiff class would have to wait for someone to give them a ride to their work stations.

27.    Plaintiff alleges that Defendants failed to pay Plaintiff and members of the plaintiff class any wages for time worked "off-the-clock."

**Defendants' Failure to Pay for Overtime**

28.    California Labor Code § 1194 provides that an employee receiving less than the

-6-

legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30.     Throughout the Class Period, Wage Order No. 9-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday.

31.     Defendants classified Plaintiff and the members of the plaintiff members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

32.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendants' control and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

*Defendants' Failure to Provide Meal Breaks*

33.     During Plaintiff's and members of the plaintiff class' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law. Further, Defendants did not compensate Plaintiff and members of the plaintiff class for meal or

-7-

rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods). Specifically, Plaintiff and other members of the plaintiff class were scheduled to work shifts that were in excess of 6 hours and no meal period was provided by Defendants. In addition, on other occasions, Plaintiff and the other members of the plaintiff class were unable to take code compliant meal periods due to understaffing and work load.

34. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

35. Throughout the Class Period, Defendants regularly:

    a. Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

    c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d. Failed to accurately record all meal periods.

***Defendants' Failure to Provide Rest Breaks***

36. Plaintiff alleges that he and the other members of the plaintiff class did not receive compliant rest breaks on a routine basis. Defendants did not provide Plaintiff and the other members of the plaintiff class with a scheduled rest break and was never informed by Defendants that they were allowed to take rest breaks.

37. At all times, relevant hereto, California Labor Code § 226.7 and IWC Wage Order, number 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

38.     At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide rest periods.

40.     Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

41. Specifically, throughout the Class Period, Defendants regularly:

   a.  Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

   b.  Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

42.     At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43.     Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

**CLASS ACTION COMPLAINT**

44.     In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time. Plaintiff alleges that the compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

### Defendants' Failure to Provide Accurate Wage Statements

45.     Plaintiff and members of the Plaintiff class were and are routinely provided wage statements that do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including, but not limited to, failing to reflect compensation due for hours worked "off-the-clock," and for missed meal and rest breaks. During the Class Period, Defendants have had a consistent policy of failing to provide Plaintiff and members of the plaintiff class true and accurate wage statements upon payment of wages, as required by California *Labor Code* §226(a).

### Facts Regarding Willfulness

46.     Plaintiff is informed and believes and based thereon alleges that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

47.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff.

48.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

49.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours

-10-

1  or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class

2  members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

*Unfair Business Practices*

4  50.    Defendants have engaged in, and continue to engage in, unfair business practices

5  in California by practicing, employing and utilizing the employment practices and policies

6  outlined above.

7  51.    Defendants' utilization of such unfair business practices constitutes unfair

8  competition and provides an unfair advantage over Defendants' competitors.

9  52.    Defendants' utilization of such unfair business practices deprives Plaintiff and

10  Class members of the general minimum working standards and entitlements due them under

11  California law and the Industrial Welfare Commission wage orders as described herein.

12  53.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

13  members of the plaintiff class have suffered, and continue to suffer substantial losses related to

14  the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in

15  seeking to compel Defendants to fully perform their obligations under state law, all to Plaintiff's

16  respective damage in amounts according to proof at the time of trial.

*Plaintiff's Exhaustion of Administrative Remedies*

18  54.    Plaintiff also claims herein all penalties permitted by the Labor Code Private

19  Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698, et seq.

20  55.    By letter dated November 27, 2018, Plaintiff gave written notice by certified mail

21  to the Labor & Workforce Development Agency ("LWDA") and Defendants of the specific

22  provisions of the California Labor Code alleged to have been violated, including the facts and

23  theories to support the alleged violations.

24  56.    Assuming that the LWDA declines to investigate or fails to respond to such notice,

25  this Complaint will be amended when more than sixty-five (65) days have passed since the date

26  the notice was mailed to Defendants and the LWDA.

27  ///

28  ///

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

57.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

> **Plaintiff Class:**
>
> All employees who were or are employed by Defendants during the Class Period in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants ATS has classified as non-exempt from the overtime wage provisions of the California *Labor Code*. Excluded from the class are any employees with managerial or supervisory authorities and/or duties.
>
> **Terminated Sub-Class:**
>
> All members of the Plaintiff Class including trainees whose employment ended during the Class Period.
>
> (collectively "Plaintiff Class" or "Class Members")

59.     The Class Period is the period from November 27, 2014, through and including the date judgment is rendered in this matter.

60.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

61.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

-12-

a. Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Plaintiff and the members of the Plaintiff Class were paid for all hours worked;

c. Whether Plaintiff and the members of the Plaintiff Class were paid at the agreed upon rate for all hours worked;

d. Whether Defendants had a standard policy and practice of requiring Plaintiff and the members of the Plaintiff Class to perform job duties "off-the-clock";

e. Whether Defendants had a standard policy and practice of denying Plaintiff and the members of the Plaintiff Class proper meal and rest breaks, and whether they were compensated for such missed meal and rest breaks;

f. Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

g. Whether Defendants failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California Labor Code §2802

h. Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

i. Whether Defendants had a standard policy and practice of failing to provide Plaintiff and the members of the Plaintiff Class with true and accurate wage statements upon payment of wages, in violation of Labor Code §226;

j. Whether Defendants had a standard policy and practice of failing to pay all wages owed upon termination to Plaintiff and the members of the Plaintiff Class;

k. Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest,

**CLASS ACTION COMPLAINT**

penalties, costs, attorneys' fees, and equitable relief; and

    l.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code §17200, *et seq.*

62.    The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the members of the Plaintiff Class.

63.    Plaintiff is an adequate representative of the members of the Plaintiff Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

64.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

65.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

    a.  The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class

-14-
CLASS ACTION COMPLAINT

members, thus establishing incompatible standards of conduct for Defendants, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

## (CALIFORNIA *LABOR CODE* §§ 510, 1194)

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

66.     Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

67.     Plaintiff alleges that Defendants have failed to pay for all hours worked, including but not limited to, Shuttle Times.

68.     Plaintiff alleges that Employees were (and it is believed that they still are) required to park their vehicles in a parking location some distance from their place of employment. Defendants provided a shuttle service for transporting the employees between the parking location and office building.  Employees have to wait for and take a shuttle to and from the parking location.

69.     These commutes back and forth between the parking location and the place of employment, as well as the wait time for the shuttles to arrive, and the passenger loading and unloading times (collectively herein "Shuttle Times"), added time to each employee's work day for which they were not compensated.

70.     Section 2(H) of the Industrial Welfare Commission Orders defines hours worked as:

"Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to

-15-

CLASS ACTION COMPLAINT

work, whether or not required to do so.

71.     Section 2 of MW-2001 requires payment of minimum wages for "all hours worked." Labor Code sections 1194 and 1197 provide that it is unlawful to pay less than the minimum wage fixed by the Wage Orders.

72.     By its failure to pay for work performed by Plaintiff, Defendants have violated the provisions of the applicable Wage Orders and Labor Code sections which require proper compensation for all hours worked.

73.     By failing to keep adequate time records required by California *Labor Code* § 1174(d), Defendants have made it difficult to calculate the wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorney's fees, costs, and penalties under California *Labor Code* §§ 218.5, 218.6, 558, and 1194. Plaintiffs are also entitled to liquidated damages under California *Labor Code* § 1194.2.

### SECOND CAUSE OF ACTION

### · FAILURE TO PAY WAGES AT THE AGREED RATE

### (By Plaintiff and Members of the Plaintiff Classes Against All Defendants)

74.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75.     At all times relevant herein, Defendants failed to pay Plaintiff and members of the Plaintiff Classes wages due to them by failing to maintain a time keeping system that accurately records the actual number of hours worked by Plaintiff and members of the Plaintiff Classes, which resulted in Defendants failing to pay Plaintiff and members of the Plaintiff Classes for all hours worked.

76.     Defendants' conduct described herein violates the above described Wage Order, and *Labor Code* §§ 204, 223, 1197. Plaintiff and members of the Plaintiff Classes are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages Defendants owe them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by statute, including, as applicable, California *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226,

**CLASS ACTION COMPLAINT**

226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

77.    Pursuant to California *Labor Code* §§1194 and 1194.2, as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Classes all wages due, Plaintiff and members of the Plaintiff Classes are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

78.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.    California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

80.    Defendants have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California <u>Labor Code</u> including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the plaintiff class were not paid overtime when they worked in excess of eight (8) hours in a given day.

81.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

82.    The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 9-2001.

-17-

**CLASS ACTION COMPLAINT**

83. Pursuant to California <u>Labor Code</u> §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

**FOURTH CAUSE OF ACTION**

**<u>MEAL AND REST BREAK VIOLATIONS</u>**

**(California <u>Labor Code</u> §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

84. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85. California <u>Labor Code</u> § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86. California <u>Labor Code</u> § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87. California <u>Labor Code</u> § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

88. Section 11(A) of Wage Order No. 9-2001 provides that "Unless the employee is relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

89.     Section 11(B) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

90.     California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

91.     IWC Wage Order, number 9-2001, section 12(A) required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duties.

92.     At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9-2001, section 12(B) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

93.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

94.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

95.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

96.     Defendants failed to comply with the required meal periods established by California Labor Code § 226.7, California Labor Code § 512, and the applicable Wage Order.

97.     Defendants failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

98.     Pursuant to Sections 11 and 12 of Wage Order No. 9-2001, and California Labor Code § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest

-19-

period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

99. At all times relevant to this Complaint, each Defendants failed, and have continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

100. Thus, throughout the Class Period, Defendants regularly:

(a) Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duties for each four (4) hours of work; and,

(b) Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

101. As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

102. Pursuant to California Labor Code §§ 226.7, 512, and Wage Order 9, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES (CALIFORNIA LABOR CODE § 2802)

### (By Plaintiff and Members of the Class Against All Defendants)

103. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

104. Pursuant to Defendants' corporate policy, practice, and procedure, Plaintiff and Class Members were required to incur expenses in direct consequence of the discharge of their duties, or as a consequence of obeying the directions of Defendants. Such expenses include, but

are not limited to the use of cell phones to carry out his assigned duties. Plaintiff was not reimbursed for such expenditures.

105. Defendants failed and refused, pursuant to corporate policy, practice and procedure, to reimburse Plaintiff and Class Members for such expenditures, as required by the applicable IWC wage orders or California Labor Code §2802.

106. Said conduct on the part of Defendants was willful, intentional, and/or taken in conscious disregard of the rights of Plaintiff and Class Members, and Plaintiff seeks compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by the California Labor Code.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California Labor Code §§ 201-203)

### (By Plaintiff and Members of the Terminated Sub Class Against All Defendants)

107. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

108. At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

109. As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

110. In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time. The compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

111. The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

-21-

112.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California Labor Code 226(a))

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

113.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

114.    California *Labor Code* Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,...and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

CLASS ACTION COMPLAINT

115. The wage statements were incorrect since the hours worked, meal and rest breaks were incorrect resulting in a violation of California Labor Code Section 226(a).

116. California Code of Civil Procedure 226(a), Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

117. Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

118. Plaintiff and members of the Plaintiff Class request recovery of California Labor Code §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200, etc.

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

119. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

120. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

121. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact

-23-

and monetary damages because of Defendants' actions.

122. The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California <u>Business and Professions</u> Code § 17200, *et seq*.

123. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

124. Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

125. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records. The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

126. During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq*., of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

127. Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

128. The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

129. Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

-24-

significantly threatens or harms competition.

130.     Defendants' course of conduct described herein further violates California Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

131.     The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against Defendants as follows:

1.     For an order certifying the proposed class;

2.     For nominal damages;

3.     For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.     For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, California *Labor Code* §§203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and 1197.1;

5.     For interest as permitted by statute, including Labor Code §218.6;

6.     For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§226 and 1194;

7.     For attorneys' fees as permitted by statute, including California *Labor Code* §§226 and 1194; and

8.     For all such other and further relief that the Court may deem just and proper.

///
///
///
///

DATED: November 26, 2018

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: November 26, 2018

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**