EXHIBIT B

 # Service of Process Transmittal

11/30/2018
CT Log Number 534497224

**TO:** Christina M Green, VP, Chief Financial Officer & Treasurer
Airport Terminal Services, Inc.
940 WEST PORT PLAZA DRIVE, SUITE 101
SAINT LOUIS, MO 63146-3014

**RE:** **Process Served in California**

**FOR:** Airport Terminal Services, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated, Pltf. vs. Airport Terminal Services, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # 18STCV06289 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay wages and Over-time Comapensation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/30/2018 at 15:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Marcus J. Bradley<br>BRADLEY/GROMBACHER, LLP<br>2815 Townsgate Road, Suite 130<br>Westlake Village, CA 91361<br>805-270-7100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780109814723<br>Email Notification, Peggy Hohl peggyhohl@atsstl.com<br>Email Notification, Christina M Green cgreen@atsstl.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11/30/18 @ 12:18

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 27 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

**NOTICE TO DEFENDANT:** AIRPORT TERMINAL SERVICES, INC., a
***(AVISO AL DEMANDADO):*** Missouri corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** FRANCISCO J. CISNEROS,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** an individual, on his behalf and on behalf of all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court of the State of California
111 N. Hill Street
Los Angeles, CA 90012.

CASE NUMBER:
*(Número del Caso):*
18STCV06289

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bradley/Grombacher, LLP T:(805) 270-7100 F: (805)270-7589
Marcus J. Bradley, Esq., 2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.

DATE: *(Fecha)* NOV 2 7 2018 Sherri R. Carter, Clerk Clerk, by *(Secretario)* STEVEN DREW, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Airport Terminal Services, Inc., a Missouri Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 11/30/18

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465



COPY

By Fax

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 27 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,

Defendants.

**CASE NO.** 18STCV06289

**CLASS ACTION COMPLAINT FOR:**

1. **Failure to Pay for All Hours Worked (California *Labor Code* §§ 510, 1194);**
2. **Failure to Pay Wages at the Agreed Rate;**
3. **Failure to Pay Overtime Compensation (Welfare Commission Orders and California *Labor Code* §§ 510, 1194);**
4. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**
5. **Failure to Reimburse Expenses (California Labor Code §§ 2802);**
6. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**
7. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a)); and**

8. **Unfair Business Practices (*Business and Professions Code* § 17200)**

**DEMAND FOR JURY TRIAL**

Plaintiff FRANCISCO J. CISNEROS (hereinafter referred to as "Plaintiff"), hereby submits his Class Action Complaint against Defendant AIRPORT TERMINAL SERVICES, INC., a Missouri corporation ("ATS") and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## INTRODUCTION

1. This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the members of the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant ATS.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and California Business and Professions Code against employees of Defendants.

3. Plaintiff seeks relief on behalf of himself and the members of the Plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4. Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated

rights and benefits.

5. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California Labor Code, and California Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 200, 201-203, 226(a), 226.7, 510, 512, 1194, and 2802 and California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

7. Venue is proper because the Defendants do business in California and in Los Angeles and the actions that gave rise to this action occurred in Los Angeles.

## PARTIES

8. Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California.

9. Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California Labor Code §§200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, 2698 and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

10. Plaintiff is informed and believes and based thereon alleges Defendant ATS was and still is a Missouri corporation doing business in the State of California.

11. According to http://atsstl-uscent-webapp-01.azurewebsites.net/what-we-do/ (searched on November 19, 2018), ATS provides ground handling services, hospitality, and VIP travel services to airlines and airports.

12. According to http://atsstl-uscent-webapp-01.azurewebsites.net/overview/ (searched on November 19, 2018), ATS strives "to be the safest, most secure, best trained and most professional ground handling service provider in the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice."

13. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14. As such, and based upon information and belief Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226(a), 226.7, 510, 512, 1194, 2698, 2802 and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

15. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16. At all times herein mentioned, each of said Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18. At all times herein mentioned, Defendants, and each of them, were members of,

and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21. Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California. He was a non-exempt hourly employee making $18.99 per hour. Plaintiff was employed as a "ramp agent" and worked at for ATS at Los Angeles International Airport located at 1 World Way, Los Angeles, CA 90045. Plaintiff's job duties included transporting cargo, luggage and loading up the aircrafts.

22. Plaintiff's employment with ATS was terminated on or about October 22, 2018.

23. Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant improperly:

a. Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

b. Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods;

c. Failed to pay Plaintiff and the other members of the plaintiff class wages for all hours worked;

d. Failed to pay Plaintiff and the other members of the plaintiff class wages at agreed upon rate for all hours worked;

e. Failed to pay Plaintiff and the other members of the plaintiff class overtime pay

for all overtime hours worked;

f. Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

g. Failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California Labor Code §2802; and,

h. Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a).

24. Plaintiff and the members of the plaintiff class were and are classified by Defendant ATS as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the plaintiff class are entitled to certain benefits, including premium compensation for overtime hours worked, and mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

***Defendants' Failure to Pay for All Hours Worked /Agreed Upon Rate***

25. During the Class Period, Plaintiff and members of the plaintiff class were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of Defendants without any compensation therefore.

26. Plaintiff and members of the plaintiff class were required to report and wait for a ride to their terminal location, including having to park their personal vehicle away from the airport and take a shuttle that would drop them off at the airport. Once at the airport Plaintiff and members of the plaintiff class would have to wait for someone to give them a ride to their work stations.

27. Plaintiff alleges that Defendants failed to pay Plaintiff and members of the plaintiff class any wages for time worked "off-the-clock."

***Defendants' Failure to Pay for Overtime***

28. California Labor Code § 1194 provides that an employee receiving less than the

legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30. Throughout the Class Period, Wage Order No. 9-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday.

31. Defendants classified Plaintiff and the members of the plaintiff members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

32. As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendants' control and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Provide Meal Breaks***

33. During Plaintiff's and members of the plaintiff class' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law. Further, Defendants did not compensate Plaintiff and members of the plaintiff class for meal or

rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods). Specifically, Plaintiff and other members of the plaintiff class were scheduled to work shifts that were in excess of 6 hours and no meal period was provided by Defendants. In addition, on other occasions, Plaintiff and the other members of the plaintiff class were unable to take code compliant meal periods due to understaffing and work load.

34. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

35. Throughout the Class Period, Defendants regularly:

a. Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

d. Failed to accurately record all meal periods.

***Defendants' Failure to Provide Rest Breaks***

36. Plaintiff alleges that he and the other members of the plaintiff class did not receive compliant rest breaks on a routine basis. Defendants did not provide Plaintiff and the other members of the plaintiff class with a scheduled rest break and was never informed by Defendants that they were allowed to take rest breaks.

37. At all times, relevant hereto, California Labor Code § 226.7 and IWC Wage Order, number 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

38. At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide rest periods.

40. Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

41. Specifically, throughout the Class Period, Defendants regularly:

    a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

    b. Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

42. At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43. Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

44.     In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time. Plaintiff alleges that the compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

***Defendants' Failure to Provide Accurate Wage Statements***

45.     Plaintiff and members of the Plaintiff class were and are routinely provided wage statements that do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including, but not limited to, failing to reflect compensation due for hours worked "off-the-clock," and for missed meal and rest breaks. During the Class Period, Defendants have had a consistent policy of failing to provide Plaintiff and members of the plaintiff class true and accurate wage statements upon payment of wages, as required by California *Labor Code* §226(a).

***Facts Regarding Willfulness***

46.     Plaintiff is informed and believes and based thereon alleges that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

47.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff.

48.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

49.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours

or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

***Unfair Business Practices***

50. Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

51. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

52. Defendants' utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

53. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the plaintiff class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Plaintiff's Exhaustion of Administrative Remedies***

54. Plaintiff also claims herein all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698, et seq.

55. By letter dated November 27, 2018, Plaintiff gave written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

56. Assuming that the LWDA declines to investigate or fails to respond to such notice, this Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendants and the LWDA.

///

///

## CLASS ACTION ALLEGATIONS

57. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class:**

All employees who were or are employed by Defendants during the Class Period in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants ATS has classified as non-exempt from the overtime wage provisions of the California *Labor Code*. Excluded from the class are any employees with managerial or supervisory authorities and/or duties.

**Terminated Sub-Class:**

All members of the Plaintiff Class including trainees whose employment ended during the Class Period.

(collectively "Plaintiff Class" or "Class Members")

59. The Class Period is the period from November 27, 2014, through and including the date judgment is rendered in this matter.

60. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

61. Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a. Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Plaintiff and the members of the Plaintiff Class were paid for all hours worked;

c. Whether Plaintiff and the members of the Plaintiff Class were paid at the agreed upon rate for all hours worked;

d. Whether Defendants had a standard policy and practice of requiring Plaintiff and the members of the Plaintiff Class to perform job duties "off-the-clock";

e. Whether Defendants had a standard policy and practice of denying Plaintiff and the members of the Plaintiff Class proper meal and rest breaks, and whether they were compensated for such missed meal and rest breaks;

f. Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

g. Whether Defendants failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California Labor Code §2802

h. Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

i. Whether Defendants had a standard policy and practice of failing to provide Plaintiff and the members of the Plaintiff Class with true and accurate wage statements upon payment of wages, in violation of Labor Code §226;

j. Whether Defendants had a standard policy and practice of failing to pay all wages owed upon termination to Plaintiff and the members of the Plaintiff Class;

k. Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest,

penalties, costs, attorneys' fees, and equitable relief; and

l. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code §17200, *et seq.*

62. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the members of the Plaintiff Class.

63. Plaintiff is an adequate representative of the members of the Plaintiff Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

64. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

65. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class

members, thus establishing incompatible standards of conduct for Defendants, and

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

## (CALIFORNIA *LABOR CODE* §§ 510, 1194)

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

66. Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

67. Plaintiff alleges that Defendants have failed to pay for all hours worked, including but not limited to, Shuttle Times.

68. Plaintiff alleges that Employees were (and it is believed that they still are) required to park their vehicles in a parking location some distance from their place of employment. Defendants provided a shuttle service for transporting the employees between the parking location and office building. Employees have to wait for and take a shuttle to and from the parking location.

69. These commutes back and forth between the parking location and the place of employment, as well as the wait time for the shuttles to arrive, and the passenger loading and unloading times (collectively herein "Shuttle Times"), added time to each employee's work day for which they were not compensated.

70. Section 2(H) of the Industrial Welfare Commission Orders defines hours worked as:

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to

work, whether or not required to do so.

71. Section 2 of MW-2001 requires payment of minimum wages for "all hours worked." Labor Code sections 1194 and 1197 provide that it is unlawful to pay less than the minimum wage fixed by the Wage Orders.

72. By its failure to pay for work performed by Plaintiff, Defendants have violated the provisions of the applicable Wage Orders and Labor Code sections which require proper compensation for all hours worked.

73. By failing to keep adequate time records required by California *Labor Code* § 1174(d), Defendants have made it difficult to calculate the wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorney's fees, costs, and penalties under California *Labor Code* §§ 218.5, 218.6, 558, and 1194. Plaintiffs are also entitled to liquidated damages under California *Labor Code* § 1194.2.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT THE AGREED RATE**

**(By Plaintiff and Members of the Plaintiff Classes Against All Defendants)**

74. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75. At all times relevant herein, Defendants failed to pay Plaintiff and members of the Plaintiff Classes wages due to them by failing to maintain a time keeping system that accurately records the actual number of hours worked by Plaintiff and members of the Plaintiff Classes, which resulted in Defendants failing to pay Plaintiff and members of the Plaintiff Classes for all hours worked.

76. Defendants' conduct described herein violates the above described Wage Order, and *Labor Code* §§ 204, 223, 1197. Plaintiff and members of the Plaintiff Classes are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages Defendants owe them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by statute, including, as applicable, California *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226,

226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

77. Pursuant to California *Labor Code* §§1194 and 1194.2, as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Classes all wages due, Plaintiff and members of the Plaintiff Classes are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

78. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

80. Defendants have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the plaintiff class were not paid overtime when they worked in excess of eight (8) hours in a given day.

81. As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

82. The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 9-2001.

83. Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

**FOURTH CAUSE OF ACTION**

**MEAL AND REST BREAK VIOLATIONS**

**(California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

84. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85. California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86. California Labor Code § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87. California Labor Code § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

88. Section 11(A) of Wage Order No. 9-2001 provides that "Unless the employee is relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

89. Section 11(B) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

90. California Labor Code § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

91. IWC Wage Order, number 9-2001, section 12(A) required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duties.

92. At all times, relevant hereto, California Labor Code § 226.7(b) and IWC Wage Order, number 9-2001, section 12(B) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

93. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

94. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

95. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

96. Defendants failed to comply with the required meal periods established by California Labor Code § 226.7, California Labor Code § 512, and the applicable Wage Order.

97. Defendants failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

98. Pursuant to Sections 11 and 12 of Wage Order No. 9-2001, and California Labor Code § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest

period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

99. At all times relevant to this Complaint, each Defendants failed, and have continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

100. Thus, throughout the Class Period, Defendants regularly:

(a) Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duties for each four (4) hours of work; and,

(b) Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

101. As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

102. Pursuant to California Labor Code §§ 226.7, 512, and Wage Order 9, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENSES (CALIFORNIA LABOR CODE § 2802)**

**(By Plaintiff and Members of the Class Against All Defendants)**

103. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

104. Pursuant to Defendants' corporate policy, practice, and procedure, Plaintiff and Class Members were required to incur expenses in direct consequence of the discharge of their duties, or as a consequence of obeying the directions of Defendants. Such expenses include, but

are not limited to the use of cell phones to carry out his assigned duties. Plaintiff was not reimbursed for such expenditures.

105. Defendants failed and refused, pursuant to corporate policy, practice and procedure, to reimburse Plaintiff and Class Members for such expenditures, as required by the applicable IWC wage orders or California Labor Code §2802.

106. Said conduct on the part of Defendants was willful, intentional, and/or taken in conscious disregard of the rights of Plaintiff and Class Members, and Plaintiff seeks compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by the California Labor Code.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF TERMINATION (California Labor Code §§ 201-203)**

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

107. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

108. At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

109. As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

110. In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time. The compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

111. The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

112. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Violation of California Labor Code 226(a))**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

113. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

114. California *Labor Code* Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,...and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

115. The wage statements were incorrect since the hours worked, meal and rest breaks were incorrect resulting in a violation of California Labor Code Section 226(a).

116. California Code of Civil Procedure 226(a), Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

117. Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

118. Plaintiff and members of the Plaintiff Class request recovery of California Labor Code §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

**EIGHTH CAUSE OF ACTION**

**UNFAIR COMPETITION: CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, etc.**

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

119. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

120. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

121. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact

and monetary damages because of Defendants' actions.

122. The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

123. Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

124. Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

125. All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records. The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

126. During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq*., of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

127. Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the Business and Professions Code.

128. The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of Business and Professions Code § 17200.

129. Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

significantly threatens or harms competition.

130. Defendants' course of conduct described herein further violates California Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

131. The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against Defendants as follows:

1. For an order certifying the proposed class;

2. For nominal damages;

3. For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4. For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, California *Labor Code* §§203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and 1197.1;

5. For interest as permitted by statute, including Labor Code §218.6;

6. For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§226 and 1194;

7. For attorneys' fees as permitted by statute, including California *Labor Code* §§226 and 1194; and

8. For all such other and further relief that the Court may deem just and proper.

///

///

///

///

DATED: November 26, 2018

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: ______________________
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: November 26, 2018

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: ______________________
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff



By Fax

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BRADLEY/GROMBACHER, LLP<br>Marcus J. Bradley, Esq. (SBN 174156) mbradley@bradleygrombacher.com<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>Taylor L. Emerson, Esq. (SBN 225303)<br>2815 Townsgate Road, Suite 130, Westlake Village, CA 91361<br>TELEPHONE NO.: (805) 270-7100 FAX NO.: (805) 270-7589<br>ATTORNEY FOR (Name): Plf. FRANCISCO J. CISNEROS | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>NOV 27 2018<br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Steven Drew, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Downtown | |
| CASE NAME: Francisco J. Cisneros v. Airport Terminal Services, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18STCV06280 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (*specify*): Eight (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: November 27, 2018

Marcus J. Bradley, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition



COPY

| SHORT TITLE: CISNEROS v. AIRPORT TERMINAL SERVICES, INC. By Fax | CASE NUMBER 18STCV06289 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

SHORT TITLE: SAUNDERS V. AMERIPRISE | CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: CISNEROS v. AIRPORT TERMINAL SERVICES, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: CISNEROS v. AIRPORT TERMINAL SERVICES, INC. | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: |
| --- | --- | --- | --- |
| CITY: | STATE: CA | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of LOS ANGELthe Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 27, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

abtl

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR PLAINTIFF)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR DEFENDANT)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR DEFENDANT)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR DEFENDANT)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR ______________)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR ______________)

Date:

______________ (TYPE OR PRINT NAME)    ➤ ______________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

The following parties stipulate:

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR PLAINTIFF)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR DEFENDANT)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

Date:

______________________ (TYPE OR PRINT NAME) ➤ ______________________ (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION AND ORDER – MOTIONS IN LIMINE | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR PLAINTIFF)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

**THE COURT SO ORDERS.**

Date: _______________

_______________ JUDICIAL OFFICER

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>11/27/2018<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Steve Drew Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV06289 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Daniel J. Buckley | 1 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 11/27/2018 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Steve Drew, Deputy Clerk

# Superior Court of California
# County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

## Advantages of ADR

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

## Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

## The Most Common Types of ADR

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.
  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- Mandatory Settlement Conference (MSC)

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995