EXHIBIT C

1

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California    91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

2

3

4

5

6

7

8

9

10

11

12    Attorneys for Plaintiff, FRANCISCO J. CISNEROS

13

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14

**COUNTY OF LOS ANGELES**

15

16    FRANCISCO J. CISNEROS, an individual,

17    on his own behalf and on behalf of all others
      similarly situated,

18

                    Plaintiff,

19

20    v.

21    AIRPORT TERMINAL SERVICES, INC., a
      Missouri corporation; and DOES 1 through 20,

22    inclusive,

23                    Defendants.

24

25

26

27

28

**CASE NO. 18STCV06289**

**CLASS ACTION**

**PROOF OF SERVICE OF INITIAL
STATUS CONFERENCE ORDER AND
REQUEST FOR CONTINUANCE**

-1-

**PROOF OF SERVICE**

| **SUPERIOR COURT OF CALIFORNIA** | Reserved for Clerk's File Stamp |
|---|---|
| **COUNTY OF LOS ANGELES** | |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/01/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Stephanie Chung |
| PLAINTIFF/PETITIONER:<br>Francisco J. Cisneros | |
| DEFENDANT/RESPONDENT:<br>Airport Terminal Services, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>18STCV06289 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Marcus Joseph Bradley
Bradley/Grombacher LLP
2815 Townsgate Rd
Ste 130
Westlake Village, CA  91361



RECEIVED
FEB 08 2019
BY:_____

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/4/2019

By:  Stephanie Chung
         Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

18STCV06289
FRANCISCO J. CISNEROS vs AIRPORT TERMINAL
SERVICES, INC.

February 1, 2019
3:54 PM

Judge: Honorable Michelle Williams Court    CSR: None
Judicial Assistant: Stephanie Chung         ERM: None
Courtroom Assistant: E. Munoz               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re Newly Filed Class Action

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 2/22/19 at 09:00 AM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference

Minute Order                                                    Page 1 of 2

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

FEB 01 2019

Sherri R. Carter, Executive Officer/Clerk
By: Stephanie Chung, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated, | Case No.: 18STCV06289 |
| Plaintiffs, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | |
| AIRPORT TERMINAL SERVICES, INC., ET AL., | |
| Defendants | |

This case has been assigned for all purposes to Judge Daniel J. Buckley in the Complex Litigation Program. **An Initial Status Conference is set for February 22, 2019, at 9:00 a.m., in Department 1 located in the Spring Street Courthouse, at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012.** Counsel for all the parties are ordered to attend.

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 1

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

     1.      PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

     2.      POTENTIAL ADDITIONAL PARTIES: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

     3.      IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain.

     4.      ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 2

5.    ESTIMATED CLASS SIZE:  Please discuss and indicate the estimated class size.

6.    OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

7.    POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:  Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

8.    POTENTIAL EARLY CRUCIAL MOTIONS:  Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

9.    CLASS CONTACT INFORMATION:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 3

10.    PROTECTIVE ORDERS:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11.    DISCOVERY:  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose .

12.    INSURANCE COVERAGE:  Please state if there is insurance for indemnity or reimbursement.

13.    ALTERNATIVE DISPUTE RESOLUTION:  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14.    TIMELINE FOR CASE MANAGEMENT:  Please recommend dates and times for the following:

- The next status conference,

- A schedule for alternative dispute resolution, if it is relevant,

- A filing deadline for the motion for class certification, and

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 4

- Filing deadlines and descriptions for other anticipated non-discovery motions.

15.   ELECTRONIC SERVICE OF PAPERS:  For efficiency the complex program requires the parties in every new case to use a third-party cloud service.  The parties are free to choose one of the services shown below:

- Case Anywhere (http://www.caseanywhere.com).  While the parties are free to choose any of the three approved services, Department 1 prefers Case Anywhere.

- File & Serve Xpress (https://secure.fileandservexpress.com) or

- CaseHomePage (http://www.casehomepage.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

16.   REMINDER WHEN SEEKING TO DISMISS OR TO OBTAIN SETTLEMENT APPROVAL:

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."  If the parties have settled the class action, that too will require judicial

approval based on a noticed motion (although it may be possible to shorten time by consent for

good cause shown).

    17.    STAY OF PROCEEDINGS.  Pending further order of this Court, and except as

otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their

entirety. This stay shall preclude the  filing of any answer, demurrer, motion to strike, or motions

challenging the jurisdiction of the Court. However, any defendant may file a Notice of

Appearance for purposes of identification of counsel and preparation of a service list. The filing

of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of

the Court, substantive or procedural challenges to the Complaint, without prejudice to any

affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This

stay is issued to assist the Court and the parties in managing this "complex" case through the

development of an orderly schedule for briefing and hearings on procedural and substantive

challenges to the complaint and other issues that may assist in the orderly management of these

cases.  This stay shall not preclude the parties from informally exchanging documents that may

assist in their initial evaluation of the issues presented in this case, however shall stay all

outstanding discovery requests.

///

///

///

///

///

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 6

18.    SERVICE OF THIS ORDER.  Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated this 1st day of February, 2019.

HON. MICHELLE WILLIAMS COURT
Judge of the Superior Court

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California    91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | **CASE NO. 18STCV06289**<br><br><u>**CLASS ACTION**</u><br><br>**PLAINTIFF'S REQUEST TO CONTINUE THE INITIAL STATUS CONFERENCE; (PROPOSED) ORDER**<br><br><br>**Date: February 22, 2019**<br>**Time: 8:30 a.m.**<br>**Dept.: 1** |

**PLAINTIFF'S REQUEST TO CONTINUE THE INITIAL STATUS CONFERENCE ; (PROPOSED) ORDER**

1  **TO THE COURT:**

2      Plaintiff FRANCISCO J. CISNEROS ("Plaintiff") hereby respectfully requests that this

3  Court continue the Initial Status Conference ("ISC") presently set for February 22, 2019 out

4  thirty (30) days to a date that is convenient to the Court's calendar.

5      Given that this is a complex matter and a putative class action, it is in the interests of

6  judicial economy to briefly continue the ISC for the following reasons: Plaintiff is in the process

7  of analyzing different issues and determining if additional causes of action need to be added to

8  the Complaint based upon violations of the Fair Claims Reporting Act; Defendant has been

9  served, but not yet appeared in the action; and counsel for the Defendant has been in

10  communications with Plaintiff's counsel regarding the matter and they are in the process of

11  discussing various issues and need additional time to meet and confer.  Thereafter, the Parties

12  can submit a meaningful Joint Response Statement in advance of such conference.

13

14  DATED:  February 13, 2019                    **BRADLEY/GROMBACHER LLP**

15

16                                        By: _____

17                                             Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.
18                                             Taylor L. Emerson, Esq.
                                            Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

-2-

1

**(PROPOSE) ORDER**

2

Good cause appearing therefore, the Initial Status Conference scheduled for February

3

22, 2019 is continued to _____ at _____. in Department 1.  A Joint

4

Status Conference Brief is due_____.

5

6

     **IT IS SO ORDERED.**

7

8

9

Dated:_____         _____

10

                      JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

**PROOF OF SERVICE**

STATE OF CALIFORNIA   )
                            ) ss.
COUNTY OF VENTURA   )

      I am employed in the County of Ventura, State of California.  I am over the age of eighteen and not a party to the within action; my business address 2815 Townsgate Rd., #130, Westlake Village,  CA 91361.

      On February 13, 2019, I served the foregoing documents **PLAINTIFF'S REQUEST TO CONTINUE THE INITIAL STATUS CONFERENCE AND (PROPOSED) ORDER** on all interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

[ X ]   **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid.
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(VIA FEDERAL EXPRESS)** I caused to have served such document(s) by depositing them in the drop box at Westlake Village, California, for priority overnight next day delivery.

[ ]   **(VIA FACSIMILE)** I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]   **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee.

[ ]   **(BY ELECTRONIC FILING SERVICE PROVIDER)** I electronically filed the document(s) with the Clerk of the Court by using one of the court's approved electronic filing service providers (EFSP).  Participants in the case will be electronically served by the court's electronic filing service provider.  Participants in the case, who are required by statute or rule, will be served by mail or by other means permitted by the court rules.  My email address is tamoke@bradleygrombacher.com.  Said document(s) were served by email on _____.  The names and email addresses of the persons served are set forth in the service list.

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed February 13, 2019, at Westlake Village, California.

Tina Amoke

-4-

1

*Cisneros v. Airport Terminal Service, Inc.*
*LASC CASE NO.:* **18STCV06289**
**Service List**

2

3

| CT Corporation System<br>Agent for Service of Process for<br>Airport Services, Inc.<br>818 W. 7th Street<br>Suite 930<br>Los Angeles CA  90017 | Attorney for the Defendants |
|---|---|

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S REQUEST TO CONTINUE THE INITIAL STATUS CONFERENCE ;
(PROPOSED) ORDER**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**

**COUNTY OF VENTURA)**

    I am employed in the County of Ventura, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 2815 Townsgate Rd., Suite 130, Westlake Village, CA  91361.

    On March 4, 2019, I served the foregoing documents described **INITIAL STATUS CONFERENCE ORDER and REQUEST FOR CONTINUANCE OF INITIAL STATUS CONFERENCE** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X]    **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[_]    **(VIA OVERNIGHT DELIVERY)** I caused to have served such document(s) by placing a true copy thereof, enclosed in a sealed envelope or package designated by _____ addressed as follows and delivered it to an authorized receiving station authorized by _____ to receive documents with delivery fees by our office.

[_]    **(VIA FACSIMILE TRANSMISSION)** From Fax No. _____to the fax numbers listed on the attached service list.  The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine.

[_]    **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

[X ]    **(VIA E-MAIL)** I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Bradley/Grombacher, LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[_]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2019, Westlake Village, California.

_Tina Amoke_
_____
Tina Amoke

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***Guerra v. Kelly Services USA, LLC***
Superior Court Case No. BC710740

### **Mailing List**

| | |
|---|---|
| Simon L. Yang<br>Seyfarth Shaw LLP<br>601 South Figueroa Street,  Suite 3300  Los Angeles, California 90017-5793<br>Direct: +1-213-270-9664 \|<br>Fax: +1-310-282-6974<br>syang@seyfarth.com | Attorney for Defendant, Airport Terminal Services, Inc. |