EXHIBIT D

1  **BRADLEY/GROMBACHER, LLP**
   Marcus J. Bradley, Esq. (SBN 174156)
2  Kiley L. Grombacher, Esq. (SBN 245960)
   Taylor L. Emerson, Esq. (SBN 225303)
3  2815 Townsgate Road, Suite 130
   Westlake Village, California 91361
4  Telephone:  (805) 270-7100
   Facsimile:   (805) 270-7589
5  mbradley@bradleygrombacher.com
   kgrombacher@bradleygrombacher.com
6  temerson@bradleygrombacher.com

7  **LAW OFFICES OF SAHAG MAJARIAN II**
8  Sahag Majarian II, Esq. (SBN 146621)
   18250 Ventura Boulevard
9  Tarzana, California   91356
   Telephone: (818) 609-0807
10 Facsimile: (818) 609-0892
   Email: sahagii@aol.com

11

12 Attorneys for Plaintiff, FRANCISCO J. CISNEROS

13             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14                       **COUNTY OF LOS ANGELES**

15

16 FRANCISCO J. CISNEROS, an individual,     **CASE NO. 18STCV06289**
   on his own behalf and on behalf of all others
17 similarly situated,                        **REQUEST FOR LEAVE TO FILE FIRST**
                                              **AMENDED COMPLAINT IN ADVANCE**
18             Plaintiff,                      **OF INITIAL STATUS CONFERENCE**

19 v.                                         **(Served with (*Proposed*) Order)**

20 AIRPORT TERMINAL SERVICES, INC., a
   Missouri corporation; and DOES 1 through 20,
21 inclusive,

22             Defendants.

23

24 **TO THE COURT:**

25        **PLEASE NOTICE THAT** Plaintiff FRANCISCO J. CISNEROS (hereinafter referred to

26 as "Plaintiff"), hereby requests leave to file his First Amended Complaint against Defendant

27 AIRPORT TERMINAL SERVICES, INC., a Missouri corporation ("ATS").

28                                            -1-

1    WHEREAS, the Initial Status Conference is scheduled for April 12, 2019;

2    WHEREAS, Defendant ATS has not yet appeared in the action;

3    WHEREAS, on November 27, 2018, Plaintiff complied with the procedures for bringing

4    suit specified in California *Labor Code* § 2699.3 by sending the required notice to the Labor and

5    Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the

6    California *Labor Code* alleged to have been violated, including the facts and theories to support

7    the alleged violations.

8    WHEREAS, more than 65 days has passed since the Notice was sent and no response

9    from the LWDA has been received.

10   WHEREAS, Plaintiff seeks to amend to add in the following causes of action: Violation

11   of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);Violation of 15 U.S.C. §§

12   1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); Violation of California *Civil Code* § 1786

13   et seq. (Investigative Consumer Reporting Agencies Act); Violation of California *Civil Code* §

14   1785 et seq. (Consumer Credit Reporting Agencies Act); and, Violation of California *Labor Code*

15   §§ 2698, et. seq.

16   WHEREAS, for the Court's convenience, a version of the First Amended Complaint

17   tracking the changes from the First Amended Complaint is attached hereto as **Exhibit "A"**;

18   WHEREAS, a copy of the proposed First Amended Complaint is attached hereto as

19   **Exhibit "B"**;

20   IT IS HEREBY REQUESTED that Plaintiff should be granted relief from the automatic

21   stay so he can file the First Amended Complaint attached hereto as **Exhibit "B."**

22   DATED: March 7, 2019              **BRADLEY/GROMBACHER, LLP**
                                        **LAW OFFICES OF SAHAG MAJARIAN II**

23

24                                      By: _____

25                                          Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.

26                                          Taylor L. Emerson, Esq.
                                            Sahag Majarian II, Esq.

27                                          Attorneys for Plaintiff

28                                      -2-

**EXHIBIT A**

1  **BRADLEY/GROMBACHER, LLP**
   Marcus J. Bradley, Esq. (SBN 174156)
2  Kiley L. Grombacher, Esq. (SBN 245960)
   Taylor L. Emerson, Esq. (SBN 225303)
3  2815 Townsgate Road, Suite 130
   Westlake Village, California 91361
4  Telephone:  (805) 270-7100
   Facsimile:   (805) 270-7589
5  mbradley@bradleygrombacher.com
   kgrombacher@bradleygrombacher.com
6  temerson@bradleygrombacher.com

7  **LAW OFFICES OF SAHAG MAJARIAN II**
8  Sahag Majarian II, Esq. (SBN 146621)
   18250 Ventura Boulevard
9  Tarzana, California   91356
   Telephone: (818) 609-0807
10 Facsimile: (818) 609-0892
   Email: sahagii@aol.com
11

12 Attorneys for Plaintiff, FRANCISCO J. CISNEROS

13          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14                    **COUNTY OF LOS ANGELES**

15

16 FRANCISCO J. CISNEROS, an individual,    **CASE NO. 18STCV06289**
17 on his own behalf and on behalf of all others   **CLASS ACTION FIRST AMENDED**
   similarly situated,                              **COMPLAINT FOR:**
18
                 Plaintiff,    1.  **Failure to Pay for All Hours Worked**
19                                 **(California *Labor Code* §§ 510, 1194);**
                               2.  **Failure to Pay Wages at the Agreed**
20 v.                             **Rate;**
                               3.  **Failure to Pay Overtime Compensation**
21 AIRPORT TERMINAL SERVICES, INC., a   **(Welfare Commission Orders and**
   Missouri corporation; and DOES 1 through 20,   **California *Labor Code* §§ 510, 1194);**
22 inclusive,                  4.  **Meal and Rest Break Violations**
                                   **(California *Labor Code* §§ 200, 226.7,**
23          Defendants.             **512, and 12 CCR § 11040);**
                               5.  **Failure to Reimburse Expenses**
24                                 **(California Labor Code §§ 2802);**
                               6.  **Failure to Pay Wages at the Time of**
25                                 **Termination (California *Labor Code* §§**
                                   **201-203);**
26                             7.  **Failure to Provide Proper Wage**
27                                 **Statement (California *Labor Code* §**
28

-1-
**CLASS ACTION FIRST AMENDED COMPLAINT**

226(a)); ~~and~~

8. **Unfair Business Practices (*Business and Professions Code* § 17200);**

9. **Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);**

10. **Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);**

11. **Violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act);**

12. **Violation of California Civil Code § 1785 et seq. (Consumer Credit Reporting Agencies Act); and,**

~~8.~~**13.   Violation of California Labor Code §§ 2698, et. seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff FRANCISCO J. CISNEROS (hereinafter referred to as "Plaintiff"), hereby submits his Class Action First Amended Complaint against Defendant AIRPORT TERMINAL SERVICES, INC., a Missouri corporation ("ATS") and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

### INTRODUCTION

1.     This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the members of the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant ATS.

2.     This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*; ~~and~~ California *Business and Professions Code*; the Fair

1  Credit Reporting Act ("FCRA"), California Investigative Consumer Reporting Agencies Act

2  ("ICRAA") and the California Consumer Credit Reporting Agencies Act ("CCRAA") -against

3  employees of Defendants.

4      3.    Plaintiff seeks relief on behalf of himself and the members of the Plaintiff class as

5  a result of employment policies, practices and procedures more specifically described below,

6  which violate the California *Labor Code*, and the orders and standards promulgated by the

7  California Department of Industrial Relations, Industrial Welfare Commission, and Division of

8  Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and

9  members of the plaintiff class all wages due to them.

10     4.    Plaintiff is informed and believes and based thereon alleges Defendants have

11  engaged in, among other things a system of willful violations of the California *Labor Code*,

12  California *Business and Professions Code*, and applicable IWC wage orders by creating and

13  maintaining policies, practices and customs that knowingly deny employees the above stated

14  rights and benefits.  In addition, Plaintiff alleges that Defendants have engaged in actions that

15  have violated the Fair Credit Reporting Act ("FCRA"), California Investigative Consumer

16  Reporting Agencies Act ("ICRAA") and the California Consumer Credit Reporting Agencies Act

17  ("CCRAA").

18     5.    The policies, practices and customs of Defendants described above and below have

19  resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

20  routinely adhere to the structures of the California *Labor Code*, and California *Business and*

21  *Professions Code*.

22                    **JURISDICTION AND VENUE**

23     6.    The Court has jurisdiction over the violations of the California *Labor Code* §§ 200,

24  201-203, 226(a), 226.7, 510, 512, 1194, and 2802, 2698-2699 and California *Business and*

25  *Professions Code* § 17200, et seq., (Unfair Practices Act).

26     7.    Venue is proper because the Defendants do business in California and in Los

27  Angeles and the actions that gave rise to this action occurred in Los Angeles.

28                          **PARTIES**

8.    Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California.

9.    Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California *Labor Code* §§200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, 2698; and California *Business and Professions Code* §17200, et seq., (Unfair Practices Act)), the FCRA, the ICRAA and the CCRAA.

10.    Plaintiff is informed and believes and based thereon alleges Defendant ATS was and still is a Missouri corporation doing business in the State of California.

11.    According to http://atsstl-uscent-webapp-01.azurewebsites.net/what-we-do/ (searched on November 19, 2018), ATS provides ground handling services, hospitality, and VIP travel services to airlines and airports.

12.    According to http://atsstl-uscent-webapp-01.azurewebsites.net/overview/ (searched on November 19, 2018), ATS strives "to be the safest, most secure, best trained and most professional ground handling service provider in the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice."

13.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13.

14.    As such, and based upon information and belief Defendants' business in California, Defendants are subject to California *Labor Code* §§ 201-203, 226(a), 226.7, 510, 512, 1194, 2698, 2802; and California *Business and Professions Code* §17200, et seq., (Unfair Practices Act); and, the FCRA, the ICRAA and the CCRAA.

15.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason,

-4-
CLASS ACTION FIRST AMENDED COMPLAINT

said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.     At all times herein mentioned, each of said Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**FACTUAL ALLEGATIONS**

20.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.    Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California. He was a non-exempt hourly employee making $18.99 per hour.  Plaintiff was employed as a "ramp agent" and worked at for ATS at Los Angeles International Airport located at 1 World Way, Los Angeles, CA 90045.  Plaintiff's job duties included transporting cargo, luggage and loading up the aircrafts.

22.    Plaintiff's employment with ATS was terminated on or about October 22, 2018.

23.    Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant improperly:

a.    Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

b.    Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods;

c.    Failed to pay Plaintiff and the other members of the plaintiff class wages for all hours worked;

d.    Failed to pay Plaintiff and the other members of the plaintiff class wages at agreed upon rate for all hours worked;

e.    Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

f.    Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

g.    Failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California *Labor Code* §2802; and,

h.    Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California *Labor Code* §226(a);

i.    Failed to provide Plaintiff and the members of the plaintiff class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

j.   Failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

k.   Failed to identify the source of the credit report to be performed; and

h.l. Failed to comply with the FCRA, ICRAA and/or the CCRAA.

24.    Plaintiff and the members of the plaintiff class were and are classified by Defendant ATS as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt employees, Plaintiff and members of the plaintiff class are entitled to certain benefits, including premium compensation for overtime hours worked, and mandated meal and rest breaks.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

**Defendants' Failure to Pay for All Hours Worked /Agreed Upon Rate**

25.    During the Class Period, Plaintiff and members of the plaintiff class were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of Defendants without any compensation therefore.

26.    Plaintiff and members of the plaintiff class were required to report and wait for a ride to their terminal location, including having to park their personal vehicle away from the airport and take a shuttle that would drop them off at the airport. Once at the airport Plaintiff and members of the plaintiff class would have to wait for someone to give them a ride to their work stations.

27.    Plaintiff alleges that Defendants failed to pay Plaintiff and members of the plaintiff class any wages for time worked "off-the-clock."

**Defendants' Failure to Pay for Overtime**

28.    California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

-7-

29.     California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30.     Throughout the Class Period, Wage Order No. 9-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday.

31.     Defendants classified Plaintiff and the members of the plaintiff members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

32.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendants' control and failed to compensate them.  Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Provide Meal Breaks***

33.     During Plaintiff's and members of the plaintiff class' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law. Further, Defendants did not compensate Plaintiff and members of the plaintiff class for meal or rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods).  Specifically, Plaintiff and other members of the plaintiff class were scheduled to work shifts that were in excess of 6 hours and no meal period was provided by Defendants.  In

-8-

addition, on other occasions, Plaintiff and the other members of the plaintiff class were unable to take code compliant meal periods due to understaffing and work load.

34.    Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

35.    Throughout the Class Period, Defendants regularly:

    a.    Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b.    Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

    c.    Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d.    Failed to accurately record all meal periods.

***Defendants' Failure to Provide Rest Breaks***

36.    Plaintiff alleges that he and the other members of the plaintiff class did not receive compliant rest breaks on a routine basis.  Defendants did not provide Plaintiff and the other members of the plaintiff class with a scheduled rest break and was never informed by Defendants that they were allowed to take rest breaks.

37.    At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

38.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 9, section 12 required employers to pay one hour of additional pay at the regular

CLASS ACTION FIRST AMENDED COMPLAINT

rate of compensation for each employee and each workday that a proper rest period is not provided.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide rest periods.

40.     Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

41. Specifically, throughout the Class Period, Defendants regularly:

      a.  Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

      b.  Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Defendants' Failure to Pay All Wages Due at Termination of Employment**

42.     At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43.     Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

44.     In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time. Plaintiff alleges that the compensation was not issued until a week and

-10-

half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

**Defendants' Failure to Provide Accurate Wage Statements**

45. Plaintiff and members of the Plaintiff class were and are routinely provided wage statements that do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including, but not limited to, failing to reflect compensation due for hours worked "off-the-clock," and for missed meal and rest breaks. During the Class Period, Defendants have had a consistent policy of failing to provide Plaintiff and members of the plaintiff class true and accurate wage statements upon payment of wages, as required by California *Labor Code* §226(a).

45.

**Defendants' Violation of FCRA/ICRAA/CCRAA**

46. Plaintiff alleges that when he and the members of the putative class applied for a position with Defendants that they were asked to executed a disclosure and authorization form so that Defendants could perform a background investigation. Plaintiff alleges that the form provided by Defendants for the background investigation does not comply with the law as detailed below in the body of the causes of action.

**Facts Regarding Willfulness**

46.47. Plaintiff is informed and believes and based thereon alleges that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

47.48. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff.

48.49. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff

and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

49.50. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

**Unfair Business Practices**

50.51. Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

51.52. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

52.53. Defendants' utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

53.54. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the plaintiff class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

**Plaintiff's Exhaustion of Administrative Remedies**

54.55. Plaintiff also claims herein all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California *Labor Code* § 2698, et seq.

55.56. By letter dated November 27, 2018, Plaintiff gave written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

1    ~~56.~~57.   More than sixty (60) days have passed since the date the notice was mailed to

2    Defendants and the LWDA, and no response from the LWDA has been received~~Assuming that~~

3    ~~the LWDA declines to investigate or fails to respond to such notice, this Complaint will be~~

4    ~~amended when more than sixty-five (65) days have passed since the date the notice was mailed~~

5    ~~to Defendants and the LWDA.~~

6    ///

7    ///

8                                    **CLASS ACTION ALLEGATIONS**

9        ~~57.~~58.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

10       ~~58.~~59.   Plaintiff brings this action on behalf of himself and all others similarly situated as

11   a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff

12   seeks to represent are composed of, and defined as follows:

13       **Plaintiff Class:**

14       All employees who were or are employed by Defendants during the Class Period

15       in California as "non-exempt employees."  As used in this class definition, the

16       term "non-exempt employee" refers to those who Defendants ATS has classified

17       as non-exempt from the overtime wage provisions of the California *Labor Code*.

18       Excluded from the class are any employees with managerial or supervisory

19       authorities and/or duties.  (The Class Period is the period from November 27, 2014,

20       through and including the date judgment is rendered in this matter.)

21       **Terminated Sub-Class:**

22       All members of the Plaintiff Class including trainees whose employment

23       ended during the Class Period.  (The Class Period is the period from

24       November 27, 2014, through and including the date judgment is rendered

25       in this matter.)

26       (collectively "Plaintiff Class" or "Class Members")

27       **FCRA Class:**

28       All individuals who applied for employment in the United States with Defendants

for which a background check was performed beginning five (5) years prior to the filing of this action through the date judgment is entered.

**ICRAA Class:**

All individuals who applied for employment in California with Defendants beginning five (5) years prior to the filing of this action through the date judgment is entered.

**CCRAA Class:**

All individuals who applied for employment in California with Defendants for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered.

~~59.~~ ~~The Class Period is the period from November 27, 2014, through and including the date judgment is rendered in this matter.~~

60.    The Plaintiff, FCRA, ICRAA and CCRAA classes are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of The Putative, FCRA, ICRAA and CCRAA classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

61.    Common questions of law and fact exist as to all members of the Putative, FCRA, ICRAA and CCRAA classes, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

~~60.    The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.~~

~~61.    Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common~~

-14-

**CLASS ACTION FIRST AMENDED COMPLAINT**

1  ~~legal and factual questions, which do not vary from class member to class member, and which~~

2  ~~may be determined without reference to the individual circumstances of any class member,~~

3  ~~include, but are not limited to, the following:~~

4   a.  Whether Plaintiff and the members of the Plaintiff Class are subject to and

5       entitled to the benefits of California wage and hour statutes;

6   b.  Whether Plaintiff and the members of the Plaintiff Class were paid for all

7       hours worked;

8   c.  Whether Plaintiff and the members of the Plaintiff Class were paid at the

9       agreed upon rate for all hours worked;

10  d.  Whether Defendants had a standard policy and practice of requiring

11      Plaintiff and the members of the Plaintiff Class to perform job duties "off-

12      the-clock";

13  e.  Whether Defendants had a standard policy and practice of denying Plaintiff

14      and the members of the Plaintiff Class proper meal and rest breaks, and

15      whether they were compensated for such missed meal and rest breaks;

16  f.  Whether Plaintiff and the members of the Plaintiff Class are entitled to

17      overtime compensation;

18  g.  Whether Defendants failed to pay Plaintiff and the other members of the

19      plaintiff class for business related expenses in violation of California Labor

20      Code §2802

21  h.  Whether Defendants maintained accurate records of the hours worked by

22      Plaintiff and the members of the Plaintiff Class;

23  i.  Whether Defendants had a standard policy and practice of failing to

24      provide Plaintiff and the members of the Plaintiff Class with true and

25      accurate wage statements upon payment of wages, in violation of Labor

26      Code §226;

27  j.  Whether Defendants had a standard policy and practice of failing to pay all

28      wages owed upon termination to Plaintiff and the members of the Plaintiff

-15-

**CLASS ACTION FIRST AMENDED COMPLAINT**

Class;

k.  Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; ~~and~~

l.  Whether Defendants failed to comply with the requirements of 15 U.S.C. 7001 section 101(c)(1);

m.  Whether Defendants failed to provide Plaintiff and the members of the FCRA Class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

n.  Whether Defendants failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

o.  Whether Defendants failed to identify the source of the credit report to be performed;

p.  Whether Defendants failed to comply with the FCRA, ICRAA and/or the CCRAA;

q.  Whether Defendants willfully failed to provide Plaintiff and the members of the putative class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

r.  Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

s.  Whether Defendants willfully failed to identify the source of the credit report to be performed;

t.  Whether Defendants willfully failed to comply with the FCA, ICRAA and/or the CCRAA; and

u.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

l.  ~~Whether Defendants' conduct as alleged herein violates the Unfair~~

-16-

1    ~~Business Practices Act of California, Bus. & Prof. Code §17200, *et seq*.~~

2    ~~62.    The claims of the named Plaintiff are typical of the claims of the members of the~~

3    ~~Plaintiff Class.  Plaintiff and the members of the Plaintiff Class sustained losses, injuries and~~

4    ~~damages arising from Defendants' common policies, practices, procedures, protocols, routines,~~

5    ~~and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery~~

6    ~~for the same type of losses, injuries, and damages as were suffered by other members of the~~

7    ~~members of the Plaintiff Class.~~

8        62.    claims of the named Plaintiff are typical of the claims of the members of the

9    Putative FCA, ICRAA and the CCRAA classes.  Plaintiff and the members of the Putative FCA,

10   ICRAA and the CCRAA classes sustained losses, injuries and damages arising from Defendants'

11   common policies, practices, procedures, protocols, routines, and rules which were applied to

12   members of the Putative FCA, ICRAA and the CCRAA classes as well as Plaintiff.  Plaintiff

13   seeks recovery for the same type of losses, injuries, and damages as were suffered by the members

14   of the Putative FCA, ICRAA and the CCRAA classes.

15       63.    Plaintiff is an adequate representative of the Putative FCA, ICRAA and the

16   CCRAA classes because he is a member of the classes, and his interests do not conflict with the

17   interests of the members he seeks to represent. Plaintiff has retained competent counsel,

18   experienced in the prosecution of complex class actions, and together Plaintiff and his counsel

19   intends to prosecute this action vigorously for the benefit of the classes. The interests of the

20   Putative FCA, ICRAA and the CCRAA classes will fairly and adequately be protected by Plaintiff

21   and his attorneys.

22       64.    A class action is superior to other available methods for the fair and efficient

23   adjudication of this litigation since individual litigation of the claims of all Putative FCA, ICRAA

24   and the CCRAA classes is impracticable.  It would be unduly burdensome to the courts if these

25   matters were to proceed on an individual basis, because this would potentially result in hundreds

26   of individuals, repetitive lawsuits. Further, individual litigation presents the potential for

27   inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an

28   inequitable allocation of recovery among those with equally meritorious claims. By contrast, the

-17-
**CLASS ACTION FIRST AMENDED COMPLAINT**

1   class action device presents far fewer management difficulties, and provides the benefit of a single

2   adjudication, economics of scale, and comprehensive supervision by a single court.

3   63.    Plaintiff is an adequate representative of the members of the Plaintiff Class because he is

4   a member of the class, and his interests do not conflict with the interests of the members he seeks

5   to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex

6   class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for

7   the benefit of the classes. The interests of the Class Members will fairly and adequately be

8   protected by Plaintiff and her attorneys.

9   64.    A class action is superior to other available methods for the fair and efficient adjudication

10  of this litigation since individual litigation of the claims of all Class Members is impracticable. It

11  would be unduly burdensome to the courts if these matters were to proceed on an individual basis,

12  because this would potentially result in hundreds of individuals, repetitive lawsuits. Further,

13  individual litigation presents the potential for inconsistent or contradictory judgments, and the

14  prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with

15  equally meritorious claims. By contrast, the class action device presents far fewer management

16  difficulties, and provides the benefit of a single adjudication, economics of scale, and

17  comprehensive supervision by a single court.

18       65.    The various claims asserted in this action are additionally or alternatively

19  certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

20       a.    The prosecution of separate actions by hundreds of individual Putative

21             FCA, ICRAA and the CCRAA class members would create a risk or

22             varying adjudications with respect to individual Putative FCA, ICRAA and

23             the CCRAA class members, thus establishing incompatible standards of

24             conduct for Defendants, and

25       b.    The prosecution of separate actions by individual Putative FCA, ICRAA

26             and the CCRAA class members would also create the risk of adjudications

27             with respect to them that, as a practical matter, would be dispositive of the

28             interest of the other Putative FCA, ICRAA and the CCRAA class members

-18-
**CLASS ACTION FIRST AMENDED COMPLAINT**

who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Putative FCA, ICRAA and the CCRAA class members to protect their interests.

~~The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and~~

~~b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.~~

### FIRST CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

### (CALIFORNIA *LABOR CODE* §§ 510, 1194)

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

66.    Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

67.    Plaintiff alleges that Defendants have failed to pay for all hours worked, including but not limited to, Shuttle Times.

68.    Plaintiff alleges that Employees were (and it is believed that they still are) required to park their vehicles in a parking location some distance from their place of employment. Defendants provided a shuttle service for transporting the employees between the parking location and office building.   Employees have to wait for and take a shuttle to and from the parking location.

69.    These commutes back and forth between the parking location and the place of employment, as well as the wait time for the shuttles to arrive, and the passenger loading and unloading times (collectively herein "Shuttle Times"), added time to each employee's work day for which they were not compensated.

**CLASS ACTION FIRST AMENDED COMPLAINT**

70.     Section 2(H) of the Industrial Welfare Commission Orders defines hours worked as:

"Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

71.     Section 2 of MW-2001 requires payment of minimum wages for "all hours worked." *Labor Code* ~~sections~~ §§ 1194 and 1197 provide that it is unlawful to pay less than the minimum wage fixed by the Wage Orders.

72.     By its failure to pay for work performed by Plaintiff, Defendants have violated the provisions of the applicable Wage Orders and Labor Code sections which require proper compensation for all hours worked.

73.     By failing to keep adequate time records required by California *Labor Code* § 1174(d), Defendants have made it difficult to calculate the wages due to Plaintiff.  As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorney's' fees, costs, and penalties under California *Labor Code* §§ 218.5, 218.6, 558, and 1194.  Plaintiffs are also entitled to liquidated damages under California *Labor Code* § 1194.2.

## <u>SECOND CAUSE OF ACTION</u>

## <u>FAILURE TO PAY WAGES AT THE AGREED RATE</u>

### (By Plaintiff and Members of the Plaintiff Classes Against All Defendants)

74.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75.     At all times relevant herein, Defendants failed to pay Plaintiff and members of the Plaintiff Classes wages due to them by failing to maintain a time keeping system that accurately records the actual number of hours worked by Plaintiff and members of the Plaintiff Classes, which resulted in Defendants failing to pay Plaintiff and members of the Plaintiff Classes for all hours worked.

76.     Defendants' conduct described herein violates the above described Wage Order,

-20-
<u>CLASS ACTION <u>FIRST AMENDED</u> COMPLAINT</u>

and *Labor Code* §§ 204, 223, 1197. Plaintiff and members of the Plaintiff Classes are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages Defendants owe them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by statute, including, as applicable, California *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

77.     Pursuant to California *Labor Code* §§1194 and 1194.2, as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Classes all wages due, Plaintiff and members of the Plaintiff Classes are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the Members of the Plaintiff Class Against Defendants)

78.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.     California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

80.     Defendants have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California *Labor Code* including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the plaintiff class were not paid overtime when they worked in excess of eight (8) hours in a given day.

-21-

81.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

82.    The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 9-2001.

83.    Pursuant to California *Labor Code* §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## FOURTH CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

84.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85.    California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86.    California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87.    California *Labor Code* § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

88.    Section 11(A) of Wage Order No. 9-2001 provides that "Unless the employee is

-22-

relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

89.    Section 11(B) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

90.    California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

91.    IWC Wage Order, number 9-2001, section 12(A) required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duties.

92.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 9-2001, section 12(B) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

93.    Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

94.    Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

95.    Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

96.    Defendants failed to comply with the required meal periods established by

-23-

California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

97.    Defendants failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

98.    Pursuant to Sections 11 and 12 of Wage Order No. 9-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

99.    At all times relevant to this Complaint, each Defendants failed, and have continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

100.    Thus, throughout the Class Period, Defendants regularly:

(a)    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duties for each four (4) hours of work; and,

(b)    Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

101.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

102.    Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 9, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

///

///

~~102.~~

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENSES (CALIFORNIA *LABOR CODE* § 2802)**

**(By Plaintiff and Members of the Class Against All Defendants)**

103.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

104.    Pursuant to Defendants' corporate policy, practice, and procedure, Plaintiff and Class Members were required to incur expenses in direct consequence of the discharge of their duties, or as a consequence of obeying the directions of Defendants. Such expenses include, but are not limited to the use of cell phones to carry out his assigned duties.  Plaintiff was not reimbursed for such expenditures.

105.    Defendants failed and refused, pursuant to corporate policy, practice and procedure, to reimburse Plaintiff and Class Members for such expenditures, as required by the applicable IWC wage orders or California *Labor Code* §2802.

106.    Said conduct on the part of Defendants was willful, intentional, and/or taken in conscious disregard of the rights of Plaintiff and Class Members, and Plaintiff seeks compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by the California *Labor Code*.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF**

**TERMINATION (California Labor Code §§ 201-203)**

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

107.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

108.    At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

109.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

-25-

CLASS ACTION FIRST AMENDED COMPLAINT

110.     In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time.  The compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

111.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

112.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California Labor Code 226(a))

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

113.     Plaintiff incorporates all preceding paragraphs as though fully set for herein.

114.     California *Labor Code* Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours

-26-

worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

115.    The wage statements were incorrect since the hours worked, meal and rest breaks were incorrect resulting in a violation of California *Labor Code* ~~Section §~~ 226(a).

116.    California *Code of Civil Procedure* 226(a), Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

117.    Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

118.    Plaintiff and members of the Plaintiff Class request recovery of *California Labor Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

///

///

///

~~118.~~

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200, etc.

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

119.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

120.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

121.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

122.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

123.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

124.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

125.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

126.    During the Class Period, Defendants committed, and continue to commit, acts of

-28-

1 unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code,* by and
2 among other things, engaging in the acts and practices described above.

3      127.    Defendants' course of conduct, acts, and practices in violation of the California
4 law as mentioned in each paragraph above constitutes a separate and independent violation of §
5 17200, etc., of the *Business and Professions Code.*

6      128.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully
7 denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies
8 and practices and, therefore, Defendants' actions described herein constitute an unfair business
9 practice or act within the meaning of *Business and Professions Code* § 17200.

10      129.    Defendants' conduct described herein threatens an incipient violation of
11 California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise
12 significantly threatens or harms competition.

13      130.    Defendants' course of conduct described herein further violates California
14 *Business and Professions* Code § 17200 in that it is fraudulent, improper, and unfair.

15      131.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as
16 described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were
17 wrongfully denied the timely and full payment of wages due to them.

18 **NINTH CAUSE OF ACTION**

19 **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

20 **(15 U.S.C. §§ 168lb(b)(2)(A))**

21 **(By Plaintiff and the FCRA Class Against All Defendants)**

22      132.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23      133.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

24      134.    Plaintiff and the members of the FCRA Class are "consumers" within the meaning
25 Section 1681a(c) of the FCRA, because they are "individuals."

26      135.    Section 1681b(b) of the FCRA provides, in relevant part:

27           Conditions for furnishing and using consumer reports for employment
28 purposes

-29-

**CLASS ACTION FIRST AMENDED COMPLAINT**

...

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-

(i) *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the *consumer has authorized in writing* (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(Emphasis Added).

Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless-

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;

(Emphasis Added.)

136.    Plaintiff alleges, on information and belief, that Defendants as part of the

-30-

application process for employment, required Plaintiff and the members of the FCRA Class to allow Defendants to procure or cause to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e)).

137.    Plaintiff alleges that when he and the members of the FCRA Class applied for a position with Defendants that they were asked to execute a disclosure and authorization form so that Defendants could perform a background investigation.  Plaintiff alleges that the form provided by Defendants for the background investigation does not meet the required disclosures and explanation of rights as required.

138.    As discussed more fully above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

139.    Upon information and belief, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing adequate written disclosures in compliance with Section 1681b(b)(2)(A) of the FCRA and the inclusion of a release and other extra information in violation of Section 1681(b)(2)(A).

140.    Defendants violated section 1681 d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made.

141.    Upon information and belief, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.

142.    Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and members of the

1   FCRA Class, without providing a timely written summary of their rights under the FCRA.

2       143.    Accordingly, Defendants willfully violated and continues to violate the FCRA

3   including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct

4   is reflected by, among other things, the facts set forth above.

5       144.    As a result of Defendants' illegal procurement of credit and background reports

6   by way of their inadequate disclosures, as set forth above, Plaintiff and the members of the FCRA

7   Class have been injured by, including, but not limited to, having their privacy and statutory rights

8   invaded in violation of the FCRA.

9       145.    Plaintiff, on behalf of himself and the members of the FCRA Class, seek all

10  available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or

11  actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

12      146.    In the alternative to Plaintiff's allegations that these violations were willful,

13  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under

14  15 U.S.C. Section 1681o.

### TENTH CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS

### IN VIOLATION OF FCRA

### (15 U.S.C. § 168ld(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

19      147.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20      148.    Section 1681d(a) provides, in relevant part:

21      (a) Disclosure of fact of preparation

22      A person may not procure or cause to be prepared an investigative consumer report

23      on any consumer unless—

24      (1) it is **_clearly and accurately disclosed_** to the consumer that an investigative

25      consumer report including information as to his character, general reputation,

26      personal characteristics, and mode of living, whichever are applicable, maybe

27      made, and such disclosure

28
                                    -32-

///

———

      (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

      (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section1681g(c) of this title.

     (Emphasis added)

149.   As discussed more fully above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

150.   Upon information and belief, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

151.   Defendants violated section 1681 d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made; failing to inform Plaintiff and the members of the FCRA Class of their right to request the additional disclosures provided for under section 1681d(b); and failing to provide a written summary of Plaintiff's and FCRA Class members' rights under section 1681g(c) as part of the disclosure.

152.   Defendants did not comply with Section 1681g(c)(1)(B)(i-vi) since the disclosures did not contain the right of a consumer to obtain a copy of the consumer report; frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; right of consumer to dispute information; right of a consumer to obtain a credit

-33-

**CLASS ACTION FIRST AMENDED COMPLAINT**

1  score; the method by which a consumer can contact and obtain a consumer report from a

2  consumer reporting agency without charge; and the method by which a consumer can contact

3  and obtain the consumer report.

4      153.    Upon information and belief, Defendants has a policy and practice of procuring

5  investigative consumer reports or causing investigative consumer reports to be procured for

6  applicants and employees without providing a written summary of their rights under the FCRA

7  at the same time as the disclosure explaining that an investigative consumer report may be made.

8      154.    Pursuant to that policy and practice, Defendants procured investigative consumer

9  reports or caused investigative consumer reports to be procured for Plaintiff and the members of

10  the FCRA Class, without providing a timely written summary of their rights under the FCRA.

11      155.    Accordingly, Defendants willfully violated and continues to violate the FCRA

12  including, but not limited to, Sections 1681d(a) and 1681g(c) (1) (B) (i-vi). Defendants' willful

13  conduct is reflected by, among other things, the facts set forth above.

14      156.    As a result of Defendants' illegal procurement of credit and background reports

15  by way of their inadequate disclosures, as set forth above, Plaintiff and the members of the FCRA

16  Class have been injured by, including, but not limited to, having their privacy and statutory rights

17  invaded in violation of the FCRA.

18      157.    Plaintiff, on behalf of himself and the members of the FCRA Class, seek all

19  available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or

20  actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

21      158.    In the alternative to Plaintiff's allegations that these violations were willful,

22  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under

23  15 U.S.C. Section 1681o.

### ELEVENTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

(California *Civil Code* ~~Section~~§ -1786 *et seq.*)

(By Plaintiff and the ICRAA Class Against All Defendants)

159.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

-34-

160.   Defendants are "person" as defined by California *Civil Code* ~~Section~~§ -1786.2(a).

161.   Plaintiff and the members of the ICRAA Class are consumers within the meaning California *Civil Code* ~~Section~~§ -1786.2(b), because they are natural individuals who have made application to a "person" for employment purposes.

162.   Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

163.   Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

164.   Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

-35-

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices.....(Emphasis added)

165.   Plaintiff alleges that Defendants violated Section 1786.16(a)(2)(B) of the ICRAA by failing to provide a clear and conspicuous disclosure in writing to Plaintiff and the members of the ICRAA Class before an investigative report was procured.   As stated above, the disclosures contain extra information that is not clear and unambiguous disclosures in stand-alone documents as required.

166.   The inclusion of extra information and the release in the disclosure documents makes the documents not "clear and conspicuous" as required and therefore Defendants willfully violated §§1786(a)(2)(B) and 1786.16(a)(2)(B) of the ICRAA.

167.   Upon information and belief, Defendants have and has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a way to indicate on a written form, by means of a box to check, that they wish to receive a copy of any report that is prepared. Pursuant to Defendants' policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and the members of the putative class without first providing them written disclosures as required by §§1786(a)(2)(B) of the ICRAA.

168.   Accordingly, Defendants willfully violated and continues to violate the ICRAA including, but not limited to Sections 1786(a)(2)(B). Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

169.   As a result of Defendants willful or gross negligence as detailed above, Plaintiff and the members of the ICRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

170.   Plaintiff, on behalf of himelf and the members of the ICRAA Class, seeks all available remedies pursuant to California *Civil Code* ~~Section~~§ –1786.50 including statutory

1  damages, actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees

2  and costs

3      171.    Plaintiff alternatively pleads that these violations were negligent and seeks the

4  appropriate remedy under California *Civil Code* § 1786.50(a), including actual damages,

5  attorneys' fees and costs.

6                    **TWELFTH CAUSE OF ACTION**

7      **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

8                     **(Cal. Civ. Code Section 1785 *et seq.*)**

9             **(By Plaintiff and the CCRAA Class Against All Defendants)**

      172.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

10     173.    Defendants are "persons" as defined by California *Civil Code* ~~Section~~§ -1785.30.

11     174.    Plaintiff and the members of the CCRAA Class are consumers within the meaning

12  of California *Civil Code* ~~Section~~§ -1785.3(b), because they are "natural individuals."

13     175.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as any

14  written, oral, or other communication of any information by a consumer credit reporting agency

15  bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or

16  is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in

17  establishing the consumer's eligibility for employment purposes.

18     176.    Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as

19  "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages

20  in whole or in part in the business of assembling or evaluating consumer credit information or

21  other information on consumers for the purpose of furnishing consumer credit reports to third

22  parties, but does not include any governmental agency whose records are maintained primarily

23  for traffic safety, law enforcement, or licensing purposes."

24     177.    Section 1785.3(f) of the CCRAA defines "employment purposes," when used in

25  connection with a consumer credit report, as "a report used for the purpose of evaluating a

26  consumer for employment, promotion, reassignment, or retention as an employee."

27     178.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer

28                              -37-

credit report for employment purposes, the user of the report shall provide written notice that (1) identifies the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report; (2) informs the person of the source of the report; and (3) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

179.    At all relevant times herein, Defendants willfully violated Section 1785.20.5(a) of the CCRAA because the forms do not identify the specific basis under subdivision (a) of Section 1024.5 of the California *Labor Code* for use of the credit report.

180.    On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide the written disclosures to applicants and employees before obtaining their credit reports.

181.    Pursuant to that policy and practice, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and the members of the CCRAA Class.

182.    Accordingly, Defendants willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a), and has violated the privacy rights of Plaintiff and the members of the putative class. Defendants' willful conduct is reflected by, among other things, the facts set forth above.

183.    As a result of Defendants' willful conduct as set forth above, Plaintiff and the members of the CCRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

184.    Plaintiff, on behalf of himself and the members of the CCRAA Class, seeks all available remedies pursuant to California *Civil Code* ~~Sections~~§§ –1785.31(a)(1) including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

185.    Alternatively, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under California *Civil Code* ~~Section~~§ -1785.31(a)(1).

///

-38-

1  ///

2  ///

3  ///

4  **THIRTEENTH CAUSE OF ACTION**

5  **VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)**

6  **(Against Defendants on behalf of Plaintiff and the Members of the Plaintiff Class)**

7    186.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

8    187.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor

Code sections enumerated in California Labor Code §2699.5.

9    188.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a

10  Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

11  under this part at any time within 60 days of the time periods specified in this part."

12    189.    Defendants' conduct, as alleged herein, violates numerous sections of the

13  California Labor Code including, but not limited to, the following:

14        a. Deprived Plaintiff and the other members of the plaintiff class of statutorily

15            required meal periods;

16        b. Failed to authorize and permit Plaintiff and the other members of the plaintiff

17            class to take the requisite rest periods;

18        c. Failed to pay Plaintiff and the other members of the plaintiff class wages for all

19            hours worked;

20        d. Failed to pay Plaintiff and the other members of the plaintiff class wages at

21            agreed upon rate for all hours worked;

22        e. Failed to pay Plaintiff and the other members of the plaintiff class overtime pay

23            for all overtime hours worked;

24        f. Failed to pay Plaintiff and the other members of the plaintiff class all wages

25            owed at termination;

26        g. Failed to pay Plaintiff and the other members of the plaintiff class for business

27            related expenses in violation of California *Labor Code* §2802; and,

28

-39-

h. Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California *Labor Code* §226(a).

190.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

191.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

192.    California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily

-40-

by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

193.    California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California *Labor Code* ~~section~~§ -204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

194.    California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

195.    Defendants, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

196.    As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC. Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for himself, the State of California, and all other aggrieved employees.

-41-

**CLASS ACTION FIRST AMENDED COMPLAINT**

197.   Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* Sections§§ -201, 202, 203, 226, 510, 1174, 1194, 1198.

198.   California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

199.   California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* section§ -204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

200.   During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.  During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

201.   Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated November 27, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3 and SB

-42-

1  836, gave written notice by electronic submission to the Labor and Workforce Development

2  Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California

3  Labor Code alleged to have been violated, including the facts and theories to support the alleged

4  violations.

5         202.    More than 60 days has passed since the November 27, 2018 Notice to the LWDA

6  and no response has been received.

7  **PRAYER FOR RELIEF**

8  ~~131.~~     

8  WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Putative,

9  FCRA, ICRAA and CCRAA Classes, prays for judgment against Defendants as follows:

10      1.  For an order certifying the proposed Putative, FCRA, ICRAA and CCRAA Classes;

11      2.  For nominal damages;

12      3.  Certification of this class action on behalf of the proposed Putative, FCRA, ICRAA

13  and CCRAA Classes;

14      4.  Designation of Plaintiff as the class representative of the Putative, FCRA, ICRAA and

15  CCRAA Classes;

16      5.  A declaration that Defendants' practices violate the FCRA, CCRAA, and ICRAA.

17  ~~**PRAYER FOR RELIEF**~~

18  ~~    WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of~~

19  ~~the Plaintiff Class, prays for judgment against Defendants as follows:~~

20  ~~    1.    For an order certifying the proposed class;~~

21  1.    ~~2.~~    For nominal damages;

22  6.

23  ~~2.~~    ~~3.~~    For equitable relief in the nature of declaratory relief, restitution of all

24  monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the

25  unlawful business practices of Defendants, and accounting;

26  7.

27  ~~3.~~    ~~4.~~    For penalties as permitted by the California *Labor Code*, and the

28

-43-
CLASS ACTION FIRST AMENDED COMPLAINT

regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, California *Labor Code* §§203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and 1197.1;

8.

4.    5.    For interest as permitted by statute, including Labor Code §218.6;

9.

5.    6.    For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§226 and 1194;

10.

6.    7.    For attorneys' fees as permitted by statute, including California *Labor Code* §§226 and 1194; and

11.

12.    8.    For all such other and further relief that the Court may deem just and proper.

///

##

##

##

##

DATED: November 26, 2018                , 2019 .

BRADLEY/GROMBACHER, LLP

LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff

-44-

CLASS ACTION FIRST AMENDED COMPLAINT

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: _____, 2019           **BRADLEY/GROMBACHER, LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**



By: _____
                                    Marcus J. Bradley, Esq.
                                    Kiley L. Grombacher, Esq.
                                    Taylor L. Emerson, Esq.
                                    Sahag Majarian II, Esq.
                                    Attorneys for Plaintiff

DATED:  November 26, 2018           **BRADLEY/GROMBACHER, LLP**
                                    **LAW OFFICES OF SAHAG MAJARIAN II**



By: _____
                                    Marcus J. Bradley, Esq.
                                    Kiley L. Grombacher, Esq.
                                    Taylor L. Emerson, Esq.
                                    Sahag Majarian II, Esq.
                                    Attorneys for Plaintiff

**EXHIBIT B**

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California    91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO. 18STCV06289<br><br>**CLASS ACTION** FIRST AMENDED COMPLAINT FOR:<br><br>1.  **Failure to Pay for All Hours Worked (California *Labor Code* §§ 510, 1194);**<br>2.  **Failure to Pay Wages at the Agreed Rate;**<br>3.  **Failure to Pay Overtime Compensation (Welfare Commission Orders and California *Labor Code* §§ 510, 1194);**<br>4.  **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>5.  **Failure to Reimburse Expenses (California Labor Code §§ 2802);**<br>6.  **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**<br>7.  **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));** |

8. **Unfair Business Practices (*Business and Professions Code* § 17200);**
9. **Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);**
10. **Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);**
11. **Violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act);**
12. **Violation of California Civil Code § 1785 et seq. (Consumer Credit Reporting Agencies Act); and,**
13. **Violation of California Labor Code §§ 2698, et. seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff FRANCISCO J. CISNEROS (hereinafter referred to as "Plaintiff"), hereby submits his Class Action First Amended Complaint against Defendant AIRPORT TERMINAL SERVICES, INC., a Missouri corporation ("ATS") and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

**INTRODUCTION**

1.    This matter is brought as a class action pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and the members of the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant ATS.

2.    This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*; California *Business and Professions Code*; the Fair Credit Reporting Act ("FCRA"), California Investigative Consumer Reporting Agencies Act ("ICRAA") and the California Consumer Credit Reporting Agencies Act ("CCRAA") against employees of Defendants.

3.    Plaintiff seeks relief on behalf of himself and the members of the Plaintiff class as

-2-

**CLASS ACTION FIRST AMENDED COMPLAINT**

a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4.      Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.  In addition, Plaintiff alleges that Defendants have engaged in actions that have violated the Fair Credit Reporting Act ("FCRA"), California Investigative Consumer Reporting Agencies Act ("ICRAA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

5.      The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over the violations of the California *Labor Code* §§ 200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, 2698-2699 and California *Business and Professions Code* § 17200, et seq., (Unfair Practices Act).

7.      Venue is proper because the Defendants do business in California and in Los Angeles and the actions that gave rise to this action occurred in Los Angeles.

## PARTIES

8.      Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California.

9.      Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California *Labor Code* §§200, 201-203, 226(a), 226.7, 510, 512, 1194, 2802, 2698; California

-3-

*Business and Professions Code* §17200, et seq., (Unfair Practices Act), the FCRA, the ICRAA and the CCRAA.

10.     Plaintiff is informed and believes and based thereon alleges Defendant ATS was and still is a Missouri corporation doing business in the State of California.

11.     According to http://atsstl-uscent-webapp-01.azurewebsites.net/what-we-do/ (searched on November 19, 2018), ATS provides ground handling services, hospitality, and VIP travel services to airlines and airports.

12.     According to http://atsstl-uscent-webapp-01.azurewebsites.net/overview/ (searched on November 19, 2018), ATS strives "to be the safest, most secure, best trained and most professional ground handling service provider in the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice."

13.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

14.     As such, and based upon information and belief Defendants' business in California, Defendants are subject to California *Labor Code* §§ 201-203, 226(a), 226.7, 510, 512, 1194, 2698, 2802; California *Business and Professions Code* §17200, et seq., (Unfair Practices Act); and, the FCRA, the ICRAA and the CCRAA.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

-4-

**CLASS ACTION FIRST AMENDED COMPLAINT**

16.    At all times herein mentioned, each of said Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

19.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## **FACTUAL ALLEGATIONS**

20.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.    Plaintiff FRANCISCO J. CISNEROS is a resident of Hawthorne, California. He was a non-exempt hourly employee making $18.99 per hour. Plaintiff was employed as a "ramp agent" and worked at for ATS at Los Angeles International Airport located at 1 World Way, Los Angeles, CA 90045. Plaintiff's job duties included transporting cargo, luggage and loading up

**CLASS ACTION FIRST AMENDED COMPLAINT**

1    the aircrafts.

2       22.    Plaintiff's employment with ATS was terminated on or about October 22, 2018.

3       23.    Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other

4    compensation from Defendant for the relevant time period because Defendant improperly:

5       a.    Deprived Plaintiff and the other members of the plaintiff class of statutorily

6          required meal periods;

7       b.    Failed to authorize and permit Plaintiff and the other members of the plaintiff class

8          to take the requisite rest periods;

9       c.    Failed to pay Plaintiff and the other members of the plaintiff class wages for all

10         hours worked;

11       d.    Failed to pay Plaintiff and the other members of the plaintiff class wages at agreed

12         upon rate for all hours worked;

13       e.    Failed to pay Plaintiff and the other members of the plaintiff class overtime pay

14         for all overtime hours worked;

15       f.    Failed to pay Plaintiff and the other members of the plaintiff class all wages owed

16         at termination;

17       g.    Failed to pay Plaintiff and the other members of the plaintiff class for business

18         related expenses in violation of California *Labor Code* §2802;

19       h.    Failed to maintain accurate wage statements for Plaintiff and the other members

20         of the plaintiff class pursuant to California *Labor Code* §226(a);

21       i.    Failed to provide Plaintiff and the members of the plaintiff class with stand-alone

22         written disclosures before obtaining a credit or background report in compliance

23         with the statutory mandates;

24       j.    Failed to identify the name, address, telephone number, and/or website of the

         investigative consumer reporting agency conducting the investigation;

25       k.    Failed to identify the source of the credit report to be performed; and

26       l.    Failed to comply with the FCRA, ICRAA and/or the CCRAA.

27       24.    Plaintiff and the members of the plaintiff class were and are classified by

28

Defendant ATS as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt employees, Plaintiff and members of the plaintiff class are entitled to certain benefits, including premium compensation for overtime hours worked, and mandated meal and rest breaks.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

*Defendants' Failure to Pay for All Hours Worked /Agreed Upon Rate*

25.    During the Class Period, Plaintiff and members of the plaintiff class were routinely required to work "off-the-clock," in that they were required to perform services to and for the benefit of Defendants without any compensation therefore.

26.    Plaintiff and members of the plaintiff class were required to report and wait for a ride to their terminal location, including having to park their personal vehicle away from the airport and take a shuttle that would drop them off at the airport. Once at the airport Plaintiff and members of the plaintiff class would have to wait for someone to give them a ride to their work stations.

27.    Plaintiff alleges that Defendants failed to pay Plaintiff and members of the plaintiff class any wages for time worked "off-the-clock."

*Defendants' Failure to Pay for Overtime*

28.    California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29.    California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no

**CLASS ACTION FIRST AMENDED COMPLAINT**

less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30.    Throughout the Class Period, Wage Order No. 9-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday.

31.    Defendants classified Plaintiff and the members of the plaintiff members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

32.    As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendants' control and failed to compensate them. Accordingly, Defendants failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Provide Meal Breaks***

33.    During Plaintiffs and members of the plaintiff class' employment with Defendants, Defendants did not provide meal or rest periods in compliance with California law. Further, Defendants did not compensate Plaintiff and members of the plaintiff class for meal or rest periods that did not comply with California law (including, but not limited to, missed meal and rest periods). Specifically, Plaintiff and other members of the plaintiff class were scheduled to work shifts that were in excess of 6 hours and no meal period was provided by Defendants. In addition, on other occasions, Plaintiff and the other members of the plaintiff class were unable to take code compliant meal periods due to understaffing and work load.

34.    Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring

-8-
**CLASS ACTION FIRST AMENDED COMPLAINT**

them to remain on duty.

35.    Throughout the Class Period, Defendants regularly:

   a.    Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

   b.    Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

   c.    Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

   d.    Failed to accurately record all meal periods.

### Defendants' Failure to Provide Rest Breaks

36.    Plaintiff alleges that he and the other members of the plaintiff class did not receive compliant rest breaks on a routine basis.  Defendants did not provide Plaintiff and the other members of the plaintiff class with a scheduled rest break and was never informed by Defendants that they were allowed to take rest breaks.

37.    At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

38.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 9, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendants failed to provide rest periods.

-9-

40.    Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

41. Specifically, throughout the Class Period, Defendants regularly:

   a.    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

   b.    Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Defendants' Failure to Pay All Wages Due at Termination of Employment**

42.    At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

43.    Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

44.    In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including all accrued vacation time.  Plaintiff alleges that the compensation was not issued until a week and half after Plaintiff's last date of employment for the vacation time and the final wage payment was made with a debit card that did not initially work and had to be replaced.

**Defendants' Failure to Provide Accurate Wage Statements**

45.    Plaintiff and members of the Plaintiff class were and are routinely provided wage statements that do not truly and accurately reflect the number of hours worked by them, or the wages due to them, specifically including, but not limited to, failing to reflect compensation due

-10-

1   for hours worked "off-the-clock," and for missed meal and rest breaks.  During the Class Period,

2   Defendants have had a consistent policy of failing to provide Plaintiff and members of the plaintiff

3   class true and accurate wage statements upon payment of wages, as required by California *Labor*

4   *Code* §226(a).

5   ***Defendants' Violation of FCRA/ICRAA/CCRAA***

6   46.     Plaintiff alleges that when he and the members of the putative class applied for a

7   position with Defendants that they were asked to executed a disclosure and authorization form so

8   that Defendants could perform a background investigation. Plaintiff alleges that the form provided

9   by Defendants for the background investigation does not comply with the law as detailed below

10  in the body of the causes of action.

11  ***Facts Regarding Willfulness***

12  47.     Plaintiff is informed and believes and based thereon alleges that Defendants are

13  and was advised by skilled lawyers, other professionals, employees with human resources

14  background and advisors with knowledge of the requirements of California wage and hour laws.

15  48.     Plaintiff is informed and believes and based thereon alleges that at all relevant

16  times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class

17  members, including Plaintiff.

18  49.     Plaintiff is informed and believes and based thereon alleges that at all relevant

19  times, Defendants knew or should have known, that the plaintiff class members, including

20  Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift

21  of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff

22  and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-

23  duty meal periods.

24  50.     Plaintiff is informed and believes and based thereon alleges that at all relevant

25  times, Defendants knew or should have known, that the plaintiff class members, including

26  Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours

27  or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class

28  members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

-11-

**CLASS ACTION FIRST AMENDED COMPLAINT**

***Unfair Business Practices***

51.    Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

52.    Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

53.    Defendants' utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

54.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the plaintiff class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Plaintiff's Exhaustion of Administrative Remedies***

55.    Plaintiff also claims herein all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California *Labor Code* § 2698, et seq.

56.    By letter dated November 27, 2018, Plaintiff gave written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

57.    More than sixty (60) days have passed since the date the notice was mailed to Defendants and the LWDA, and no response from the LWDA has been received.

## **CLASS ACTION ALLEGATIONS**

58.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

59.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

-12-

**CLASS ACTION FIRST AMENDED COMPLAINT**

**Plaintiff Class:**

All employees who were or are employed by Defendants during the Class Period in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants ATS has classified as non-exempt from the overtime wage provisions of the California *Labor Code*. Excluded from the class are any employees with managerial or supervisory authorities and/or duties. (The Class Period is the period from November 27, 2014, through and including the date judgment is rendered in this matter.)

**Terminated Sub-Class:**

All members of the Plaintiff Class including trainees whose employment ended during the Class Period. (The Class Period is the period from November 27, 2014, through and including the date judgment is rendered in this matter.)

(collectively "Plaintiff Class" or "Class Members")

**FCRA Class:**

All individuals who applied for employment in the United States with Defendants for which a background check was performed beginning five (5) years prior to the filing of this action through the date judgment is entered.

**ICRAA Class:**

All individuals who applied for employment in California with Defendants beginning five (5) years prior to the filing of this action through the date judgment is entered.

**CCRAA Class:**

All individuals who applied for employment in California with Defendants for which a background check was performed beginning seven (7) years prior to the filing of this action through the date judgment is entered.

60. The Plaintiff, FCRA, ICRAA and CCRAA classes are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of The Putative, FCRA, ICRAA and CCRAA classes members are unknown to Plaintiff at this time

-13-

and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

61.     Common questions of law and fact exist as to all members of the Putative, FCRA, ICRAA and CCRAA classes, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.   Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.   Whether Plaintiff and the members of the Plaintiff Class were paid for all hours worked;

c.   Whether Plaintiff and the members of the Plaintiff Class were paid at the agreed upon rate for all hours worked;

d.   Whether Defendants had a standard policy and practice of requiring Plaintiff and the members of the Plaintiff Class to perform job duties "off-the-clock";

e.   Whether Defendants had a standard policy and practice of denying Plaintiff and the members of the Plaintiff Class proper meal and rest breaks, and whether they were compensated for such missed meal and rest breaks;

f.   Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

g.   Whether Defendants failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California Labor Code §2802

h.   Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

i.   Whether Defendants had a standard policy and practice of failing to provide Plaintiff and the members of the Plaintiff Class with true and

-14-

**CLASS ACTION FIRST AMENDED COMPLAINT**

accurate wage statements upon payment of wages, in violation of Labor Code §226;

j. Whether Defendants had a standard policy and practice of failing to pay all wages owed upon termination to Plaintiff and the members of the Plaintiff Class;

k. Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

l. Whether Defendants failed to comply with the requirements of 15 U.S.C. 7001 section 101(c)(1);

m. Whether Defendants failed to provide Plaintiff and the members of the FCRA Class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

n. Whether Defendants failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

o. Whether Defendants failed to identify the source of the credit report to be performed;

p. Whether Defendants failed to comply with the FCRA, ICRAA and/or the CCRAA;

q. Whether Defendants willfully failed to provide Plaintiff and the members of the putative class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

r. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

s. Whether Defendants willfully failed to identify the source of the credit report to be performed;

t. Whether Defendants willfully failed to comply with the FCA, ICRAA

and/or the CCRAA; and

u. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

62. The claims of the named Plaintiff are typical of the claims of the members of the Putative FCA, ICRAA and the CCRAA classes. Plaintiff and the members of the Putative FCA, ICRAA and the CCRAA classes sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to members of the Putative FCA, ICRAA and the CCRAA classes as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by the members of the Putative FCA, ICRAA and the CCRAA classes.

63. Plaintiff is an adequate representative of the Putative FCA, ICRAA and the CCRAA classes because he is a member of the classes, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Putative FCA, ICRAA and the CCRAA classes will fairly and adequately be protected by Plaintiff and his attorneys.

64. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Putative FCA, ICRAA and the CCRAA classes is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

65. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

-16-

**CLASS ACTION FIRST AMENDED COMPLAINT**

a.    The prosecution of separate actions by hundreds of individual Putative FCA, ICRAA and the CCRAA class members would create a risk or varying adjudications with respect to individual Putative FCA, ICRAA and the CCRAA class members, thus establishing incompatible standards of conduct for Defendants, and

b.    The prosecution of separate actions by individual Putative FCA, ICRAA and the CCRAA class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other Putative FCA, ICRAA and the CCRAA class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Putative FCA, ICRAA and the CCRAA class members to protect their interests.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

## (CALIFORNIA *LABOR CODE* §§ 510, 1194)

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

66.    Plaintiff re-alleges and incorporates herein each and every allegation contained in each of the preceding paragraphs in this Complaint as fully set forth herein by reference.

67.    Plaintiff alleges that Defendants have failed to pay for all hours worked, including but not limited to, Shuttle Times.

68.    Plaintiff alleges that Employees were (and it is believed that they still are) required to park their vehicles in a parking location some distance from their place of employment. Defendants provided a shuttle service for transporting the employees between the parking location and office building.  Employees have to wait for and take a shuttle to and from the parking location.

69.    These commutes back and forth between the parking location and the place of employment, as well as the wait time for the shuttles to arrive, and the passenger loading and unloading times (collectively herein "Shuttle Times"), added time to each employee's work day for which they were not compensated.

-17-

70.    Section 2(H) of the Industrial Welfare Commission Orders defines hours worked as:

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

71.    Section 2 of MW-2001 requires payment of minimum wages for "all hours worked." *Labor Code* §§ 1194 and 1197 provide that it is unlawful to pay less than the minimum wage fixed by the Wage Orders.

72.    By its failure to pay for work performed by Plaintiff, Defendants have violated the provisions of the applicable Wage Orders and Labor Code sections which require proper compensation for all hours worked.

73.    By failing to keep adequate time records required by California *Labor Code* § 1174(d), Defendants have made it difficult to calculate the wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, costs, and penalties under California *Labor Code* §§ 218.5, 218.6, 558, and 1194. Plaintiffs are also entitled to liquidated damages under California *Labor Code* § 1194.2.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AT THE AGREED RATE

### (By Plaintiff and Members of the Plaintiff Classes Against All Defendants)

74.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75.    At all times relevant herein, Defendants failed to pay Plaintiff and members of the Plaintiff Classes wages due to them by failing to maintain a time keeping system that accurately records the actual number of hours worked by Plaintiff and members of the Plaintiff Classes, which resulted in Defendants failing to pay Plaintiff and members of the Plaintiff Classes for all hours worked.

76.    Defendants' conduct described herein violates the above described Wage Order,

-18-

and *Labor Code* §§ 204, 223, 1197. Plaintiff and members of the Plaintiff Classes are thus entitled to recover, and hereby claim, in addition to the unpaid balance of wages Defendants owe them, all interest, penalties, attorneys' fees, expenses and costs of suit as permitted by statute, including, as applicable, California *Labor Code* §§ 201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226, 226.3, 226.7, 227.3, 510, 512, 1194, and 1194.2.

77.    Pursuant to California *Labor Code* §§1194 and 1194.2, as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Classes all wages due, Plaintiff and members of the Plaintiff Classes are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the Members of the Plaintiff Class Against Defendants)

78.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.    California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

80.    Defendants have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California *Labor Code* including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiff and the other members of the plaintiff class were not paid overtime when they worked in excess of eight (8) hours in a given day.

///

///

81.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

82.    The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 9-2001.

83.    Pursuant to California *Labor Code* §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## FOURTH CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

84.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85.    California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

86.    California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

87.    California *Labor Code* § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

88.    Section 11(A) of Wage Order No. 9-2001 provides that "Unless the employee is

-20-

CLASS ACTION FIRST AMENDED COMPLAINT

relieved of all duties during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duties and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

89.     Section 11(B) of Wage Order No. 9-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

90.     California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

91.     IWC Wage Order, number 9-2001, section 12(A) required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duties.

92.     At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 9-2001, section 12(B) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

93.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

94.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

95.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

96.     Defendants failed to comply with the required meal periods established by

-21-
**CLASS ACTION FIRST AMENDED COMPLAINT**

1 | California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

2 |     97.    Defendants failed to compensate Plaintiff and members of the Plaintiff Class with

3 | premium wages when meal periods were missed.

4 |     98.    Pursuant to Sections 11 and 12 of Wage Order No. 9-2001, and California *Labor Code*

5 | § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest

6 | period in accordance with an applicable order of the industrial Welfare Commission, the employer

7 | shall the employee one additional hour of pay at the employee's regular rate of compensation for each

8 | work day that the meal or rest period is not provided"), the members of the Class are entitled to damages

9 | in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

10 |     99.    At all times relevant to this Complaint, each Defendants failed, and have continued to

11 | fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

12 |     100.    Thus, throughout the Class Period, Defendants regularly:

13 |     (a)    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and

14 | the members of the Plaintiff Class were relieved of all duties for each four (4) hours of work;

15 | and,

16 |     (b)    Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay

17 | at their regular rate of compensation for each workday that a rest period was not permitted.

18 |     101.    As a direct and proximate result of the acts and/or omissions of each Defendants,

19 | Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be

20 | determined at trial.

21 |     102.    Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 9, as a result of

22 | Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff

23 | and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees

24 | and costs thereon.

25 | ///

26 | ///

27 | ///

28 | ///

**CLASS ACTION FIRST AMENDED COMPLAINT**

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE EXPENSES (CALIFORNIA *LABOR CODE* § 2802)**

**(By Plaintiff and Members of the Class Against All Defendants)**

103.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

104.    Pursuant to Defendants' corporate policy, practice, and procedure, Plaintiff and Class Members were required to incur expenses in direct consequence of the discharge of their duties, or as a consequence of obeying the directions of Defendants. Such expenses include, but are not limited to the use of cell phones to carry out his assigned duties.  Plaintiff was not reimbursed for such expenditures.

105.    Defendants failed and refused, pursuant to corporate policy, practice and procedure, to reimburse Plaintiff and Class Members for such expenditures, as required by the applicable IWC wage orders or California *Labor Code* §2802.

106.    Said conduct on the part of Defendants was willful, intentional, and/or taken in conscious disregard of the rights of Plaintiff and Class Members, and Plaintiff seeks compensatory damages, as well as interest, costs, attorneys' fees, and penalties as permitted by the California *Labor Code*.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF**

**TERMINATION (California Labor Code §§ 201-203)**

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

107.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

108.    At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

109.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and

**CLASS ACTION FIRST AMENDED COMPLAINT**

1    accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

2        110.    In addition, Defendants' failed to timely pay Plaintiff his final paycheck, including

3    all accrued vacation time. The compensation was not issued until a week and half after Plaintiff's

4    last date of employment for the vacation time and the final wage payment was made with a debit

5    card that did not initially work and had to be replaced.

6        111.    The conduct of Defendants and their agents and managerial employees as

7    described herein was willful, and in violation of the rights of Plaintiff and the individual members

8    of the Terminated Sub Class.

9        112.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

10   willful failure to pay wages due and owing them upon separation from employment results in a

11   continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

12   Plaintiff and Class Members who have separated from employment are entitled to compensation

13   pursuant to California *Labor Code* § 203.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

## (Violation of California Labor Code 226(a))

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

18       113.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

19       114.    California *Labor Code* Section 226(a) provides that, (a) Every employer shall,

20   semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

21   as a detachable part of the check, draft, or voucher paying the employee s wages, or separately

22   when wages are paid by personal check or cash, an accurate itemized statement in writing showing

23   (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose

24   compensation is solely based on a salary and who is exempt from payment of overtime under

25   subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,...

26   (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,...and

27   (9) all applicable hourly rates in effect during the pay period and the corresponding number of

28   hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is

-24-

1    a temporary services employer as defined in Section 201.3, the rate of pay and the total hours

2    worked for each temporary services assignment. The deductions made from payment of wages

3    shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year,

4    and a copy of the statement and the record of the deductions shall be kept on file by the employer

5    for at least three years at the place of employment or at a central location within the State of

6    California. For purposes of this subdivision, copy includes a duplicate of the itemized statement

7    provided to an employee or a computer-generated record that accurately shows all of the

8    information required by this subdivision.

9        115.    The wage statements were incorrect since the hours worked, meal and rest breaks

10   were incorrect resulting in a violation of California *Labor Code* § 226(a).

11       116.    California *Code of Civil Procedure* 226(a), Section (e) provides:

12       "An employee suffering injury as a result of a knowing and intentional failure by

13   an employer to comply with subdivision (a) shall be entitled to recover the greater of all

14   actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs

15   and one hundred dollars ($100) per employee for each violation in a subsequent pay

16   period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be

17   entitled to an award of costs and reasonable attorneys' fees."

18       117.    Plaintiff and members of the Plaintiff Class were damaged by this failure to

19   provide accurate wage statements because, among other things, Plaintiff and members of the

20   Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether

21   they had received full compensation therefore.

22       118.    Plaintiff and members of the Plaintiff Class request recovery of *California Labor*

23   *Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant

24   to California *Labor Code* §226(e), and all other damages, attorneys' fees, costs, expenses and

25   interest permitted by statute.

26   ///

27   ///

28   ///

-25-
**CLASS ACTION FIRST AMENDED COMPLAINT**

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND*

## *PROFESSIONS CODE* § 17200, etc.

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

119.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

120.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

121.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

122.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

123.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

124.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

125.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

126.    During the Class Period, Defendants committed, and continue to commit, acts of

-26-

1    unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and

2    among other things, engaging in the acts and practices described above.

3        127.    Defendants' course of conduct, acts, and practices in violation of the California

4    law as mentioned in each paragraph above constitutes a separate and independent violation of §

5    17200, etc., of the *Business and Professions Code.*

6        128.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully

7    denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies

8    and practices and, therefore, Defendants' actions described herein constitute an unfair business

9    practice or act within the meaning of *Business and Professions Code* § 17200.

10       129.    Defendants' conduct described herein threatens an incipient violation of

11   California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

12   significantly threatens or harms competition.

13       130.    Defendants' course of conduct described herein further violates California

14   *Business and Professions* Code § 17200 in that it is fraudulent, improper, and unfair.

15       131.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as

16   described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were

17   wrongfully denied the timely and full payment of wages due to them.

18               **NINTH CAUSE OF ACTION**

19   **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

20               **(15 U.S.C. §§ 168lb(b)(2)(A))**

21           **(By Plaintiff and the FCRA Class Against All Defendants)**

22       132.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

23       133.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

24       134.    Plaintiff and the members of the FCRA Class are "consumers" within the meaning

25   Section 1681a(c) of the FCRA, because they are "individuals."

26       135.    Section 1681b(b) of the FCRA provides, in relevant part:

27           Conditions for furnishing and using consumer reports for employment purposes

28                   ...

-27-
**CLASS ACTION FIRST AMENDED COMPLAINT**

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless-

(i) *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in *a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the *consumer has authorized in writing* (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless-

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title;

(Emphasis Added.)

136.    Plaintiff alleges, on information and belief, that Defendants as part of the application process for employment, required Plaintiff and the members of the FCRA Class to

**CLASS ACTION FIRST AMENDED COMPLAINT**

allow Defendants to procure or cause to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e)).

137.  Plaintiff alleges that when he and the members of the FCRA Class applied for a position with Defendants that they were asked to execute a disclosure and authorization form so that Defendants could perform a background investigation.  Plaintiff alleges that the form provided by Defendants for the background investigation does not meet the required disclosures and explanation of rights as required.

138.  As discussed more fully above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

139.  Upon information and belief, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing adequate written disclosures in compliance with Section 1681b(b)(2)(A) of the FCRA and the inclusion of a release and other extra information in violation of Section 1681(b)(2)(A).

140.  Defendants violated section 1681 d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made.

141.  Upon information and belief, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.

142.  Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and members of the FCRA Class, without providing a timely written summary of their rights under the FCRA.

-29-

143.    Accordingly, Defendants willfully violated and continues to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

144.    As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and the members of the FCRA Class have been injured by, including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

145.    Plaintiff, on behalf of himself and the members of the FCRA Class, seek all available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

146.    In the alternative to Plaintiff's allegations that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15U.S.C. Section 1681o.

### TENTH CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS

### IN VIOLATION OF FCRA

### (15 U.S.C. § 168ld(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

147.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

148.    Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, maybe made, and such disclosure

///

///

-30-
**CLASS ACTION FIRST AMENDED COMPLAINT**

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section1681g(c) of this title.

(Emphasis added)

149. As discussed more fully above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and the members of the FCRA Class with a clear and conspicuous written disclosure, before a consumer report was procured or caused to be procured, in a document that consists solely of the disclosure.

150. Upon information and belief, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and the members of the FCRA Class without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

151. Defendants violated section 1681 d(a)(1) of the FCRA by failing to clearly and accurately disclose, in writing, that an investigative consumer report may be made; failing to inform Plaintiff and the members of the FCRA Class of their right to request the additional disclosures provided for under section 1681d(b); and failing to provide a written summary of Plaintiff's and FCRA Class members' rights under section 1681g(c) as part of the disclosure.

152. Defendants did not comply with Section 1681g(c)(1)(B)(i-vi) since the disclosures did not contain the right of a consumer to obtain a copy of the consumer report; frequency and circumstances under which a consumer is entitled to receive a consumer report without charge; right of consumer to dispute information; right of a consumer to obtain a credit score; the method by which a consumer can contact and obtain a consumer report from a consumer reporting agency without charge; and the method by which a consumer can contact

**CLASS ACTION FIRST AMENDED COMPLAINT**

1  and obtain the consumer report.

2      153.   Upon information and belief, Defendants has a policy and practice of procuring

3  investigative consumer reports or causing investigative consumer reports to be procured for

4  applicants and employees without providing a written summary of their rights under the FCRA

5  at the same time as the disclosure explaining that an investigative consumer report may be made.

6      154.   Pursuant to that policy and practice, Defendants procured investigative consumer

7  reports or caused investigative consumer reports to be procured for Plaintiff and the members of

8  the FCRA Class, without providing a timely written summary of their rights under the FCRA.

9      155.   Accordingly, Defendants willfully violated and continues to violate the FCRA

10  including, but not limited to, Sections 1681d(a) and 1681g(c) (1) (B) (i-vi). Defendants' willful

11  conduct is reflected by, among other things, the facts set forth above.

12      156.   As a result of Defendants' illegal procurement of credit and background reports

13  by way of their inadequate disclosures, as set forth above, Plaintiff and the members of the FCRA

14  Class have been injured by, including, but not limited to, having their privacy and statutory rights

15  invaded in violation of the FCRA.

16      157.   Plaintiff, on behalf of himself and the members of the FCRA Class, seek all

17  available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or

18  actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

19      158.   In the alternative to Plaintiff's allegations that these violations were willful,

20  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under

21  15 U.S.C. Section 1681o.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (California *Civil Code* § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class Against All Defendants)

159.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

160.   Defendants are "person" as defined by California *Civil Code* § 1786.2(a).

161.   Plaintiff and the members of the ICRAA Class are consumers within the meaning

-32-

California *Civil Code* § 1786.2(b), because they are natural individuals who have made application to a "person" for employment purposes.

162.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

163.    Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

164.    Section 1786.16(a)(2)(B) provides, in relevant part:

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), number of the agency, where the consumer may find information about the investigative reporting agency's

-33-

1    privacy practices.....(Emphasis added)

2    165.   Plaintiff alleges that Defendants violated Section 1786.16(a)(2)(B) of the ICRAA

3    by failing to provide a clear and conspicuous disclosure in writing to Plaintiff and the members

4    of the ICRAA Class before an investigative report was procured.   As stated above, the

5    disclosures contain extra information that is not clear and unambiguous disclosures in stand-

6    alone documents as required.

7    166.   The inclusion of extra information and the release in the disclosure documents

8    makes the documents not "clear and conspicuous" as required and therefore Defendants

9    willfully violated §§1786(a)(2)(B) and 1786.16(a)(2)(B) of the ICRAA.

10    167.   Upon information and belief, Defendants have and has a policy and practice of

11    procuring investigative consumer reports or causing investigative consumer reports to be

12    procured for applicants and employees without providing them a way to indicate on a written

13    form, by means of a box to check, that they wish to receive a copy of any report that is prepared.

14    Pursuant to Defendants' policy and practice, Defendants procured investigative consumer

15    reports or caused investigative consumer reports to be procured for Plaintiff and the members

16    of the putative class without first providing them written disclosures as required by

17    §§1786(a)(2)(B) of the ICRAA.

18    168.   Accordingly, Defendants willfully violated and continues to violate the ICRAA

19    including, but not limited to Sections 1786(a)(2)(B). Defendants' willful or grossly negligent

20    conduct is reflected by, among other things, the facts set forth above.

21    169.   As a result of Defendants willful or gross negligence as detailed above, Plaintiff

22    and the members of the ICRAA Class have been injured including, but not limited to, having

23    their privacy and statutory rights invaded in violation of the ICRAA.

24    170.   Plaintiff, on behalf of himelf and the members of the ICRAA Class, seeks all

25    available remedies pursuant to California *Civil Code* § 1786.50 including statutory damages,

26    actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs

27    171.   Plaintiff alternatively pleads that these violations were negligent and seeks the

28    appropriate remedy under California *Civil Code* § 1786.50(a), including actual damages,

-34-

**CLASS ACTION FIRST AMENDED COMPLAINT**

1    attorneys' fees and costs.

2                    **TWELFTH CAUSE OF ACTION**

3    **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

4                    **(Cal. Civ. Code Section 1785 *et seq*.)**

5          **(By Plaintiff and the CCRAA Class Against All Defendants)**

6          172.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

7          173.    Defendants are "persons" as defined by California *Civil Code* § 1785.30.

8          174.    Plaintiff and the members of the CCRAA Class are consumers within the meaning

9    of California *Civil Code* § 1785.3(b), because they are "natural individuals."

10         175.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as any

11   written, oral, or other communication of any information by a consumer credit reporting agency

12   bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or

13   is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in

14   establishing the consumer's eligibility for employment purposes.

15         176.    Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as

16   "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages

17   in whole or in part in the business of assembling or evaluating consumer credit information or

18   other information on consumers for the purpose of furnishing consumer credit reports to third

19   parties, but does not include any governmental agency whose records are maintained primarily

20   for traffic safety, law enforcement, or licensing purposes."

21         177.    Section 1785.3(f) of the CCRAA defines "employment purposes," when used in

22   connection with a consumer credit report, as "a report used for the purpose of evaluating a

23   consumer for employment, promotion, reassignment, or retention as an employee."

24         178.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer

25   credit report for employment purposes, the user of the report shall provide written notice that

26   (1) identifies the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for

27   use of the report; (2) informs the person of the source of the report; and (3) contains a box that

28   the person may check off to receive a copy of the credit report. The employer must provide the

                                           -35-
                      **CLASS ACTION FIRST AMENDED COMPLAINT**

report to the applicant or employee contemporaneously and at no charge.

179. At all relevant times herein, Defendants willfully violated Section 1785.20.5(a) of the CCRAA because the forms do not identify the specific basis under subdivision (a) of Section 1024.5 of the California *Labor Code* for use of the credit report.

180. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide the written disclosures to applicants and employees before obtaining their credit reports.

181. Pursuant to that policy and practice, Defendants willfully violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and the members of the CCRAA Class.

182. Accordingly, Defendants willfully violated and continues to violate the CCRAA including, but not limited to Section 1785.20.5(a), and has violated the privacy rights of Plaintiff and the members of the putative class. Defendants' willful conduct is reflected by, among other things, the facts set forth above.

183. As a result of Defendants' willful conduct as set forth above, Plaintiff and the members of the CCRAA Class have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

184. Plaintiff, on behalf of himself and the members of the CCRAA Class, seeks all available remedies pursuant to California *Civil Code* §§ 1785.31(a)(1) including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

185. Alternatively, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under California *Civil Code* § 1785.31(a)(1).

## THIRTEENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq.* (PAGA)

### (Against Defendants on behalf of Plaintiff and the Members of the Plaintiff Class)

186. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

187. PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor

Code sections enumerated in California <u>Labor Code</u> §2699.5.

188.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

189.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

> a. Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;
>
> b. Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods;
>
> c. Failed to pay Plaintiff and the other members of the plaintiff class wages for all hours worked;
>
> d. Failed to pay Plaintiff and the other members of the plaintiff class wages at agreed upon rate for all hours worked;
>
> e. Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;
>
> f. Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;
>
> g. Failed to pay Plaintiff and the other members of the plaintiff class for business related expenses in violation of California *Labor Code* §2802; and,
>
> h. Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California *Labor Code* §226(a).

190.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

191.    California *Labor Code* §226(a) sets forth reporting requirements for employers

-37-

when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

192.    California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

193.    California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the

-38-

1    next regular payroll period.

2         194.    California *Labor Code* § 558(a) provides "[a]ny employer or other person acting

3    on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

4    provision regulating hours and days of work in any order of the Industrial Welfare Commission

5    shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for

6    each underpaid employee for each pay period for which the employee was underpaid in addition

     to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one

7    hundred dollars ($100) for each underpaid employee for each pay period for which the employee

8    was underpaid in addition to an amount sufficient to recover underpaid wages. (3)

9         Wages recovered pursuant to this section shall be paid to the affected employee."

10   Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in

11   addition to any other civil or criminal penalty provided by law."

12        195.    Defendants, at all times relevant to this complaint, was employers or persons

13   acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights

14   by violating various sections of the California *Labor Code* as set forth above.

15        196.    As set forth above, Defendants have violated numerous provisions of both the

16   Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.

17   Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for himself,

18   the State of California, and all other aggrieved employees.

19        197.    Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3,

20   2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks

21   assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved

22   employees, and the State of California against Defendants, in addition to other remedies, for

     violations of California *Labor Code* §§ 201, 202, 203, 226, 510, 1174, 1194, 1198.

23        198.    California *Labor Code* § 1198 makes it illegal to employ an employee under

24   conditions of labor that are prohibited by the applicable wage order. California *Labor Code* §

25   1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . .

26   standard conditions of labor for employees. The employment of any employee . . . under

27   conditions of labor prohibited by the order is unlawful."

28        199.    California *Labor Code* § 204 requires that all wages earned by any person in any

-39-

**CLASS ACTION FIRST AMENDED COMPLAINT**

employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

200.    During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.  During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

201.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated November 27, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

202.    More than 60 days has passed since the November 27, 2018 Notice to the LWDA and no response has been received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Putative, FCRA, ICRAA and CCRAA Classes, prays for judgment against Defendants as follows:

1.  For an order certifying the proposed Putative, FCRA, ICRAA and CCRAA Classes;

2.  For nominal damages;

3.  Certification of this class action on behalf of the proposed Putative, FCRA, ICRAA

-40-

**CLASS ACTION FIRST AMENDED COMPLAINT**

and CCRAA Classes;

4.  Designation of Plaintiff as the class representative of the Putative, FCRA, ICRAA and CCRAA Classes;

5.  A declaration that Defendants' practices violate the FCRA, CCRAA, and ICRAA.

6.  For nominal damages;

7.  For equitable relief in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

8.  For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, California *Labor Code* §§203, 210, 218.6, 225.5, 223, 226, 226.3, 226.7, 1194, 1194.2, and 1197.1;

9.  For interest as permitted by statute, including Labor Code §218.6;

10. For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§226 and 1194;

11. For attorneys' fees as permitted by statute, including California *Labor Code* §§226 and 1194; and

12. For all such other and further relief that the Court may deem just and proper.


DATED: _____, 2019          **BRADLEY/GROMBACHER, LLP**
                                   **LAW OFFICES OF SAHAG MAJARIAN II**


                                   By: _____
                                       Marcus J. Bradley, Esq.
                                       Kiley L. Grombacher, Esq.
                                       Taylor L. Emerson, Esq.
                                       Sahag Majarian II, Esq.
                                       Attorneys for Plaintiff

-41-
**CLASS ACTION FIRST AMENDED COMPLAINT**

1

## JURY DEMAND

2    Plaintiff demands a trial by jury on all issues so triable as a matter of right.

3

4    DATED: _____, 2019              **BRADLEY/GROMBACHER, LLP**
                                          **LAW OFFICES OF SAHAG MAJARIAN II**

5

6                                        By: _____
                                             Marcus J. Bradley, Esq.
7                                            Kiley L. Grombacher, Esq.
                                             Taylor L. Emerson, Esq.
8                                            Sahag Majarian II, Esq.
                                             Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-42-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**

**COUNTY OF VENTURA)**

I am employed in the County of Ventura, State of California. I am over the age of eighteen and not a party to the within action; my business address is 2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361.

On March 8, 2019, I served the foregoing documents described **REQUEST TO GRANT PLAINTIFF RELIEF FROM AUTOMATIC STAY TO FILE FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

[X]     **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[_]     **(VIA OVERNIGHT DELIVERY)** I caused to have served such document(s) by placing a true copy thereof, enclosed in a sealed envelope or package designated by _____ addressed as follows and delivered it to an authorized receiving station authorized by _____ to receive documents with delivery fees by our office.

[_]     **(VIA FACSIMILE TRANSMISSION)** From Fax No. _____ to the fax numbers listed on the attached service list. The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine.

[_]     **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

[X ]    **(VIA E-MAIL)** I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Bradley/Grombacher, LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[X]     **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[_]     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2019, Westlake Village, California.

Tina Amoke

-1-

*Cisneros v. Airport Terminal Services, Inc.*
Superior Court Case No. 18STCV06289

**Mailing List**

| Simon L. Yang<br>Seyfarth Shaw LLP<br>601 South Figueroa Street,  Suite 3300  Los Angeles, California 90017-5793<br>Direct: +1-213-270-9664 \|<br>Fax: +1-310-282-6974<br>syang@seyfarth.com | Attorney for Defendant, Airport Terminal Services, Inc. |
|---|---|

1  |  **BRADLEY/GROMBACHER, LLP**
   |  Marcus J. Bradley, Esq. (SBN 174156)
2  |  Kiley L. Grombacher, Esq. (SBN 245960)
   |  Taylor L. Emerson, Esq. (SBN 225303)
3  |  2815 Townsgate Road, Suite 130
   |  Westlake Village, California 91361
4  |  Telephone:  (805) 270-7100
   |  Facsimile:   (805) 270-7589
5  |  mbradley@bradleygrombacher.com
   |  kgrombacher@bradleygrombacher.com
6  |  temerson@bradleygrombacher.com

7  |  **LAW OFFICES OF SAHAG MAJARIAN II**
8  |  Sahag Majarian II, Esq. (SBN 146621)
   |  18250 Ventura Boulevard
9  |  Tarzana, California   91356
   |  Telephone: (818) 609-0807
10 |  Facsimile: (818) 609-0892
   |  Email: sahagii@aol.com

11

12 |  Attorneys for Plaintiff, FRANCISCO J. CISNEROS

13 |  **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

14 |  **COUNTY OF LOS ANGELES**

15

16 |  FRANCISCO J. CISNEROS, an individual,       **CASE NO. 18STCV06289**
17 |  on his own behalf and on behalf of all others
   |  similarly situated,
18 |                                              **(PROPOSED) ORDER RE REQUEST TO**
   |                  Plaintiff,                  **GRANT PLAINTIFF RELIEF FROM**
19 |                                              **AUTOMATIC STAY TO FILE FIRST**
   |  v.                                          **AMENDED COMPLAINT**
20
21 |  AIRPORT TERMINAL SERVICES, INC., a
   |  Missouri corporation; and DOES 1 through 20,
22 |  inclusive,
23 |                  Defendants.
24
25
26
27
28

-1-
(PROPOSED) ORDER RE REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT IN
ADVANCE OF INITIAL STATUS CONFERENCE

**[PROPOSED] ORDER**

The Court having reviewed the foregoing Request, and good cause appearing therefore:

IT IS HEREBY ORDERED that FRANCISCO J. CISNEROS ("Plaintiff") is granted relief from the automatic stay in order to file his First Amended Complaint, a copy of which is attached hereto as **Exhibit "B"** in advance of the April 12, 2019 Initial Status Conference.

IT IS SO ORDERED.


DATED:_____          _____
                            JUDGE OF THE SUPERIOR COURT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA)**

**COUNTY OF VENTURA)**

  I am employed in the County of Ventura, State of California. I am over the age of eighteen and not a party to the within action; my business address is 2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361.

  On March 8, 2019, I served the foregoing documents described **(PROPOSED) ORDER RE: REQUEST TO GRANT PLAINTIFF RELIEF FROM AUTOMATIC STAY TO FILE FIRST AMENDED COMPLAINT** on all interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

[X] **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[_] **(VIA OVERNIGHT DELIVERY)** I caused to have served such document(s) by placing a true copy thereof, enclosed in a sealed envelope or package designated by _____ addressed as follows and delivered it to an authorized receiving station authorized by _____ to receive documents with delivery fees by our office.

[_] **(VIA FACSIMILE TRANSMISSION)** From Fax No. _____ to the fax numbers listed on the attached service list. The facsimile machine I used complied with Rule 2033(3) and no error was reported by the machine.

[_] **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

[X ] **(VIA E-MAIL)** I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Bradley/Grombacher, LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[_] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2019, Westlake Village, California.

Tina Amoke

*Cisneros v. Airport Terminal Services, Inc.*
Superior Court Case No. 18STCV06289

**Mailing List**

| | |
|---|---|
| Simon L. Yang<br>Seyfarth Shaw LLP<br>601 South Figueroa Street, Suite 3300 Los Angeles, California 90017-5793<br>Direct: +1-213-270-9664 \|<br>Fax: +1-310-282-6974<br>syang@seyfarth.com | Attorney for Defendant, Airport Terminal Services, Inc. |