1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   601 South Figueroa Street, Suite 3300
4  Los Angeles, California 90017
   Telephone:    (213) 270-9600
5  Facsimile:    (213) 270-9601

6  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 FRANCISCO J. CISNEROS, an individual,      Case No. 2:19-cv-02798-R-PJW
   on his own behalf and on behalf of all
12 others similarly situated,                        [*The Honorable Manuel Real*]

13            Plaintiff,                       **DEFENDANT AIRPORT TERMINAL
                                              SERVICES, INC.'S ANSWER TO
14      v.                                     PLAINTIFF'S FIRST AMENDED
                                              COMPLAINT**
15 AIRPORT TERMINAL SERVICES, INC.,
   a Missouri corporation; and DOES 1
16 through 20, inclusive,

17            Defendants.                      Complaint Filed:      November 27, 2018
                                              FAC Filed:            March 26, 2019
18

19

20

21

22

23

24

25

26

27

28

Defendant, Airport Terminal Services, Inc., in response to the First Amended Complaint (the "Complaint") filed by Plaintiff, Francisco J. Cisneros, states as follows for its answer and defenses:

## INTRODUCTION

1. Answering paragraph 1, Defendant admits the Complaint is filed as a purported class action. Except as so admitted, Defendant denies the allegations.

2. Answering paragraph 2, Defendant admits the Complaint seeks to allege various claims of unlawful conduct. Except as so admitted, Defendant denies the allegations.

3. Answering paragraph 3, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits the Complaint is filed as a purported class action and seeks to allege various claims of unlawful conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

4. Answering paragraph 4, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits the Complaint is filed as a purported class action and seeks to allege various claims of unlawful conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

5. Answering paragraph 5, Defendant denies the allegations.

## JURISDICTION AND VENUE

6. Answering paragraph 6, the paragraph contains conclusions of law for which no answer is required. For purposes of this action, however, Defendant admits that federal jurisdiction exists. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

7. Answering paragraph 7, the paragraph contains conclusions of law for which no answer is required. For purposes of this action, however, Defendant admits that venue

is proper in this district. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## PARTIES

8.    Answering paragraph 8, Defendant admits, upon information and belief, that Plaintiff is a resident of Hawthorne, California. Except as so admitted, Defendant denies the allegations.

9.    Answering paragraph 9, Defendant denies the allegations.

10.    Answering paragraph 10, Defendant admits that it is incorporated under the laws of the State of Missouri and does business in the State of California. Except as so admitted, Defendant denies the allegations.

11.    Answering paragraph 11, Defendant admits that, as the referenced website says, it "provides a wide range of services for airlines and airports." Except as so admitted, Defendant denies the allegations.

12.    Answering paragraph 12, Defendant admits that, as the referenced website says, its vision is: "To be the safest, most secure, best trained and most professional ground handling service provider in the market; and to attract and retain the most talented employees by creating a culture that encourages collaboration, bilateral communication, abundant growth opportunities, effective recognition and to ultimately become the employer of choice." Except as so admitted, Defendant denies the allegations.

13.    Answering paragraph 13, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it is incorporated under the laws of the State of Missouri and licensed to do and doing business in the State of California. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

14.    Answering paragraph 14, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

15.    Answering paragraph 15, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

16.    Answering paragraph 16, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

17.    Answering paragraph 17, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

18.    Answering paragraph 18, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

19.    Answering paragraph 19, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

**FACTUAL ALLEGATIONS**

20.    Answering paragraph 20, Defendant incorporates its responses to paragraphs 1-19, above.

21.    Answering paragraph 21, Defendant admits, upon information and belief, that Plaintiff is a resident of Hawthorne, California. Defendant further admits that Plaintiff was hired as a ramp agent as an hourly employee earning $17.26 to perform ground handling services at Los Angeles International Airport. Except as so admitted, Defendant denies the allegations.

22.    Answering paragraph 22, Defendant admits Plaintiff was suspended on October 2, 2018, and that his employment was terminated later that month. Except as so admitted, Defendant denies the allegations.

23.    Answering paragraph 23, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiff seeks unpaid

wages, penalties, and other compensation on behalf of a putative class. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

24.      Answering paragraph 24, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it employed Plaintiff and others as non-exempt employees. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

***Defendants' Failure to Pay for All Hours Worked /Agreed Upon Rate***

25.      Answering paragraph 25, Defendant denies the allegations.

26.      Answering paragraph 26, Defendant denies the allegations.

27.      Answering paragraph 27, Defendant denies the allegations.

***Defendants' Failure to Pay for Overtime***

28.      Answering paragraph 28, the paragraph contains conclusions of law for which no answer is required.

29.      Answering paragraph 29, the paragraph contains conclusions of law for which no answer is required.

30.      Answering paragraph 30, the paragraph contains conclusions of law for which no answer is required.

31.      Answering paragraph 31, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it employed Plaintiff and others as non-exempt employees. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

32.      Answering paragraph 32, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it employed Plaintiff and others. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

***Defendants' Failure to Provide Meal Breaks***

33.      Answering paragraph 33, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it employed Plaintiff and

others to work shifts in excess of six hours. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

    34.    Answering paragraph 34, Defendant denies the allegations.

    35.    Answering paragraph 35, Defendant denies the allegations.

***Defendants' Failure to Provide Rest Breaks***

    36.    Answering paragraph 36, Defendant denies the allegations.

    37.    Answering paragraph 37, the paragraph contains conclusions of law for which no answer is required.

    38.    Answering paragraph 38, the paragraph contains conclusions of law for which no answer is required.

    39.    Answering paragraph 39, Defendant denies the allegations.

    40.    Answering paragraph 40, Defendant denies the allegations.

    41.    Answering paragraph 41, Defendant denies the allegations.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

    42.    Answering paragraph 42, the paragraph contains conclusions of law for which no answer is required.

    43.    Answering paragraph 43, Defendant denies the allegations.

    44.    Answering paragraph 44, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiff was not paid final wages upon suspension on October 2, 2018, but upon termination of employment. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

***Defendants' Failure to Provide Accurate Wage Statements***

    45.    Answering paragraph 45, Defendant denies the allegations.

***Defendants' Violation of FCRA/ICRAA/CCRAA***

    46.    Answering paragraph 46, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

*Facts Regarding Willfulness*

47.     Answering paragraph 47, the paragraph contains conclusions of law for which no answer is required. Defendant lacks knowledge and information sufficient to form a belief as to what alleged "requirements of California wage and hour laws" the paragraph references. To the extent this paragraph purports to contain any further allegations of fact, Defendant denies the allegations.

48.     Answering paragraph 48, Defendant denies the allegations.

49.     Answering paragraph 49, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiff and others received duty-free meal periods within the first five hours of shifts of six or more hours worked. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

50.     Answering paragraph 50, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiff and others received ten minute rest breaks on shifts of at least 3.5 hours. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

*Unfair Business Practices*

51.     Answering paragraph 51, Defendant denies the allegations.

52.     Answering paragraph 52, Defendant denies the allegations.

53.     Answering paragraph 53, Defendant denies the allegations.

54.     Answering paragraph 54, Defendant denies the allegations.

*Plaintiff's Exhaustion of Administrative Remedies*

55.     Answering paragraph 55, Defendant admits the Complaint seeks penalties. Except as so admitted, Defendant denies the allegations.

56.     Answering paragraph 56, Defendant admits that it received a letter dated November 27, 2018, sent by certified mail. Defendant lacks knowledge and information sufficient to form a belief as to whether Plaintiff sent certified mail to the California

Labor and Workforce Development Agency on November 27, 2018. Except as so admitted, Defendant denies the allegations.

57.    Answering paragraph 57, Defendant lacks knowledge and information sufficient to form a belief as to what Plaintiff has received or when. On that basis, Defendant denies the allegations.

## CLASS ACTION ALLEGATIONS

58.    Answering paragraph 58, Defendant incorporates its responses to paragraphs 1-57, above.

59.    Answering paragraph 59, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits the Complaint is filed as a purported class action and that Plaintiff seeks to represent the described classes and subclasses. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

60.    Answering paragraph 60, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

61.    Answering paragraph 61, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

62.    Answering paragraph 62, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits and alleges that Plaintiff's claims as alleged in the Complaint would not be typical of the claims of employees or former employees who, for example, made different choices or worked under different air transportation demands, with different supervisors and managers, in different positions, in different operations, or in different airports. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

63.    Answering paragraph 63, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits and alleges that Plaintiff is not

an adequate representative because his interests are not aligned with putative class members who may have not already released claims in a prior class action. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

64. Answering paragraph 64, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits and alleges that the prosecution of individual actions would likely result in inconsistent and varying rulings because individual actions would involve individualized facts and circumstances. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

65. Answering paragraph 65, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED**

**(CALIFORNIA LABOR CODE §§ 510, 1194)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

66. Answering paragraph 66, Defendant incorporates its responses to paragraphs 1-65, above.

67. Answering paragraph 67, Defendant denies the allegations.

68. Answering paragraph 68, Defendant denies the allegations.

69. Answering paragraph 69, Defendant denies the allegations.

70. Answering paragraph 70, the paragraph contains conclusions of law for which no answer is required.

71. Answering paragraph 71, the paragraph contains conclusions of law for which no answer is required.

72. Answering paragraph 72, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

73.    Answering paragraph 73, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AT THE AGREED RATE

**(By Plaintiff and Members of the Plaintiff Classes Against All Defendants)**

74.    Answering paragraph 74, Defendant incorporates its responses to paragraphs 1-73, above.

75.    Answering paragraph 75, Defendant denies the allegations.

76.    Answering paragraph 76, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

77.    Answering paragraph 77, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

78.    Answering paragraph 78, Defendant incorporates its responses to paragraphs 1-77, above.

79.    Answering paragraph 79, the paragraph contains conclusions of law for which no answer is required.

80.    Answering paragraph 80, Defendant denies the allegations.

81.    Answering paragraph 81, Defendant denies the allegations.

82.    Answering paragraph 82, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

83.     Answering paragraph 83, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## FOURTH CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

### (California Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

84.     Answering paragraph 84, Defendant incorporates its responses to paragraphs 1-83, above.

85.     Answering paragraph 85, the paragraph contains conclusions of law for which no answer is required.

86.     Answering paragraph 86, the paragraph contains conclusions of law for which no answer is required.

87.     Answering paragraph 87, the paragraph contains conclusions of law for which no answer is required.

88.     Answering paragraph 88, the paragraph contains conclusions of law for which no answer is required.

89.     Answering paragraph 89, the paragraph contains conclusions of law for which no answer is required.

90.     Answering paragraph 90, the paragraph contains conclusions of law for which no answer is required.

91.     Answering paragraph 91, the paragraph contains conclusions of law for which no answer is required.

92.     Answering paragraph 92, the paragraph contains conclusions of law for which no answer is required.

93.     Answering paragraph 93, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiff and others worked shifts of more than five hours. Defendant further admits and alleges that Plaintiff and

others received duty-free meal periods of at least 30 minutes within the first five hours of shifts. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

94.    Answering paragraph 94, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that some employees may have worked more than 10 hours. Defendant further admits and alleges that Plaintiff and others received duty-free meal periods of at least 30 minutes. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

95.    Answering paragraph 95, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

96.    Answering paragraph 96, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

97.    Answering paragraph 97, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

98.    Answering paragraph 98, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

99.    Answering paragraph 99, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

100.    Answering paragraph 100, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

101.    Answering paragraph 101, Defendant denies the allegations.

102. Answering paragraph 102, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES (CALIFORNIA LABOR CODE § 2802)

## (By Plaintiff and Members of the Class Against All Defendants)

103. Answering paragraph 103, Defendant incorporates its responses to paragraphs 1-102, above.

104. Answering paragraph 104, Defendant denies the allegations.

105. Answering paragraph 105, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

106. Answering paragraph 106, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California Labor Code §§ 201-203)

## (By Plaintiff and Members of the Terminated Sub Class Against All Defendants)

107. Answering paragraph 107, Defendant incorporates its responses to paragraphs 1-106, above.

108. Answering paragraph 108, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

109. Answering paragraph 109, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

110. Answering paragraph 110, Defendant denies the allegations.

111.    Answering paragraph 111, Defendant denies the allegations.

112.    Answering paragraph 112, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

## (Violation of California Labor Code 226(a))

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

113.    Answering paragraph 113, Defendant incorporates its responses to paragraphs 1-112, above.

114.    Answering paragraph 114, the paragraph contains conclusions of law for which no answer is required.

115.    Answering paragraph 115, Defendant denies the allegations.

116.    Answering paragraph 116, the paragraph contains conclusions of law for which no answer is required.

117.    Answering paragraph 117, Defendant denies the allegations.

118.    Answering paragraph 118, Defendant admits that the Complaint seeks penalties and other remedies for alleged wage statement violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND

## PROFESSIONS CODE § 17200, etc.

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

119.    Answering paragraph 119, Defendant incorporates its responses to paragraphs 1-118, above.

120.    Answering paragraph 120, the paragraph contains conclusions of law for which no answer is required.

121.   Answering paragraph 121, Defendant admits the Complaint is filed as a purported class action and seeks to allege various claims of unlawful conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

122.   Answering paragraph 122, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

123.   Answering paragraph 123, Defendant denies the allegations.

124.   Answering paragraph 124, Defendant denies the allegations.

125.   Answering paragraph 125, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

126.   Answering paragraph 126, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

127.   Answering paragraph 127, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

128.   Answering paragraph 128, Defendant denies the allegations.

129.   Answering paragraph 129, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

130.   Answering paragraph 130, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

131.   Answering paragraph 131, Defendant denies the allegations.

## NINTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 168lb(b)(2)(A))

### (By Plaintiff and the FCRA Class Against All Defendants)

132.    Answering paragraph 132, Defendant incorporates its responses to paragraphs 1-131, above.

133.    Answering paragraph 133, the paragraph contains conclusions of law for which no answer is required.

134.    Answering paragraph 134, the paragraph contains conclusions of law for which no answer is required.

135.    Answering paragraph 135, the paragraph contains conclusions of law for which no answer is required.

136.    Answering paragraph 136, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

137.    Answering paragraph 137, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

138.    Answering paragraph 138, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

139.    Answering paragraph 139, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

140.    Answering paragraph 140, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

141.    Answering paragraph 141, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

142.    Answering paragraph 142, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

143.    Answering paragraph 143, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

144.    Answering paragraph 144, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

145.    Answering paragraph 145, Defendant admits that the Complaint seeks penalties and other remedies for alleged background check violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

146.    Answering paragraph 146, Defendant admits that the Complaint alleges negligent conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## TENTH CAUSE OF ACTION

## FAILURE TO GIVE PROPER SUMMARY OF RIGHTS

## IN VIOLATION OF FCRA

### (15 U.S.C. § 168ld(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

147.    Answering paragraph 147, Defendant incorporates its responses to paragraphs 1-146, above.

148.    Answering paragraph 148, the paragraph contains conclusions of law for which no answer is required.

ANSWER TO FIRST AMENDED COMPLAINT

149.    Answering paragraph 149, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

150.    Answering paragraph 150, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

151.    Answering paragraph 151, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

152.    Answering paragraph 152, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

153.    Answering paragraph 153, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

154.    Answering paragraph 154, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

155.    Answering paragraph 155, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

156.    Answering paragraph 156, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

157.    Answering paragraph 157, Defendant admits that the Complaint seeks penalties and other remedies for alleged background check violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

158.   Answering paragraph 158, Defendant admits that the Complaint alleges negligent conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (California Civil Code § 1786 et seq.)

### (By Plaintiff and the ICRAA Class Against All Defendants)

159.   Answering paragraph 159, Defendant incorporates its responses to paragraphs 1-158, above.

160.   Answering paragraph 160, the paragraph contains conclusions of law for which no answer is required.

161.   Answering paragraph 161, the paragraph contains conclusions of law for which no answer is required.

162.   Answering paragraph 162, the paragraph contains conclusions of law for which no answer is required.

163.   Answering paragraph 163, the paragraph contains conclusions of law for which no answer is required.

164.   Answering paragraph 164, the paragraph contains conclusions of law for which no answer is required.

165.   Answering paragraph 165, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

166.   Answering paragraph 166, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

167.   Answering paragraph 167, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

168.    Answering paragraph 168, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

169.    Answering paragraph 169, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

170.    Answering paragraph 170, Defendant admits that the Complaint seeks penalties and other remedies for alleged background check violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

171.    Answering paragraph 171, Defendant admits that the Complaint alleges negligent conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## TWELFTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code Section 1785 et seq.)

### (By Plaintiff and the CCRAA Class Against All Defendants)

172.    Answering paragraph 172, Defendant incorporates its responses to paragraphs 1-171, above.

173.    Answering paragraph 173, the paragraph contains conclusions of law for which no answer is required.

174.    Answering paragraph 174, the paragraph contains conclusions of law for which no answer is required.

175.    Answering paragraph 175, the paragraph contains conclusions of law for which no answer is required.

176.    Answering paragraph 176, the paragraph contains conclusions of law for which no answer is required.

177.    Answering paragraph 177, the paragraph contains conclusions of law for which no answer is required.

178.   Answering paragraph 178, the paragraph contains conclusions of law for which no answer is required.

179.   Answering paragraph 179, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

180.   Answering paragraph 180, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

181.   Answering paragraph 181, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

182.   Answering paragraph 182, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

183.   Answering paragraph 183, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

184.   Answering paragraph 184, Defendant admits that the Complaint seeks penalties and other remedies for alleged background check violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

185.   Answering paragraph 185, Defendant admits that the Complaint alleges negligent conduct. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

## THIRTEENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE §§ 2698, et seq. (PAGA)

## (Against Defendants on behalf of Plaintiff and the Members of the Plaintiff Class)

186.   Answering paragraph 186, Defendant incorporates its responses to paragraphs 1-185, above.

187.    Answering paragraph 187, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

188.    Answering paragraph 188, the paragraph contains conclusions of law for which no answer is required.

189.    Answering paragraph 189, the paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains allegations of fact, Defendant denies the allegations.

190.    Answering paragraph 190, the paragraph contains conclusions of law for which no answer is required.

191.    Answering paragraph 191, the paragraph contains conclusions of law for which no answer is required.

192.    Answering paragraph 192, the paragraph contains conclusions of law for which no answer is required.

193.    Answering paragraph 193, the paragraph contains conclusions of law for which no answer is required.

194.    Answering paragraph 194, the paragraph contains conclusions of law for which no answer is required.

195.    Answering paragraph 195, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it employed Plaintiff and others. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

196.    Answering paragraph 196, Defendant denies the allegations

197.    Answering paragraph 197, Defendant admits that the Complaint seeks penalties and other remedies for alleged background check violations. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

198.    Answering paragraph 198, the paragraph contains conclusions of law for which no answer is required.

199.   Answering paragraph 199, the paragraph contains conclusions of law for which no answer is required.

200.   Answering paragraph 200, Defendant denies the allegations.

201.   Answering paragraph 201, the paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it received a letter dated November 27, 2018, sent by certified mail. Defendant admits, upon information and belief, that Plaintiff made an online submission with the California Labor and Workforce Development Agency on November 27, 2018. Except as so admitted, Defendant denies the allegations.

202.   Answering paragraph 202, Defendant lacks knowledge and information sufficient to form a belief as to what Plaintiff has received or when. On that basis, Defendant denies the allegations.

## PRAYER FOR RELIEF

Answering the Prayer for Relief, Defendant expressly denies that Plaintiff or any other persons are entitled to any relief, as sought in the Complaint or Prayer for Relief.

## JURY DEMAND

Answering the Demand for Jury Trial, Defendant admits Plaintiff seeks a jury trial.

## DEFENSES

In further answer to the Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, Plaintiff has the burden to prove.

## FIRST DEFENSE

### Failure to State a Cause of Action or Claim

The Complaint fails to state (i) proper legal grounds for a cause of action upon which relief can be granted or (ii) facts sufficient to constitute a claim against Defendant.

## SECOND DEFENSE

### Release, Res Judicata, or Collateral Estoppel

The Complaint is barred to the extent Plaintiff or others entered a release as to any claims alleged in the Complaint or are bound by the judgment in any other action asserting similar claims adjudicated on the merits, including *Pederson v. Airport Terminal Services, Inc.*, Central District of California Case No. 5:15-cv-02400-VAP-SP.

## THIRD DEFENSE

### Preemption

The Complaint is barred to the extent that it is preempted by the Airline Deregulation Act, or other applicable federal law or regulation.

## FOURTH DEFENSE

### Consent, Contribution, Ratification, Unclean Hands, or Avoidable Consequences

The Complaint is barred because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, or authorized by Plaintiff or others through their actions, omissions, or course of conduct. To the extent the alleged harms in the Complaint occurred at all, such harms were proximately caused by or contributed to by Plaintiff or others' own acts, omissions, or failures to act. To the extent that Plaintiff or others failed to act upon knowledge available to them, they thereby ratified Defendant's alleged actions. To the extent that Plaintiff or others acted upon knowledge available to them, they thereby engaged in conduct showing unclean hands. The Complaint is barred by the avoidable consequences doctrine.

## FIFTH DEFENSE

### Waiver, Laches, or Estoppel

The Complaint is barred by the doctrine of laches to the extent Plaintiff or others exercised inexcusable delay in commencing this action. The Complaint is barred to the extent that Plaintiff or others, by their own conduct or actions, have waived the right to assert the claims alleged in the Complaint or are estopped as a matter of law.

## SIXTH DEFENSE

### Accord and Satisfaction

The Complaint is barred by the doctrine of accord and satisfaction, on the basis that Plaintiff or others were properly and fully compensated for all work performed and acceptance of such payments constituted an accord and satisfaction of all debts, if any, owed by Defendant.

## SEVENTH DEFENSE

### Standing

The Complaint is barred to the extent that Plaintiff or others are not aggrieved, have not suffered an injury, or would not benefit from injunctive relief and thus lack standing to assert any of the causes of action contained in the Complaint.

## EIGHTH DEFENSE

### Statutes Of Limitations

The Complaint is barred by applicable statutes of limitation. *E.g.,* Civ. Proc. Code §§ 312, 338(a), 339, 340(a), (b), 343; Bus. & Prof. Code § 17208.

## NINTH DEFENSE

### Failure to Exhaust Administrative Remedies

The Complaint is barred to the extent that Plaintiff has failed to exhaust any administrative remedies provided under the Labor Code Private Attorneys General Act of 2004.

## TENTH DEFENSE

### No Knowledge

The Complaint is barred to the extent Defendant did not have actual or constructive knowledge of any unpaid work allegedly performed or any unreimbursed necessary and reasonable expense allegedly incurred. The Complaint is barred to the extent Plaintiff or others are not entitled to recover from Defendant, due to their failure to comply with all directions of their employer concerning the services on which they were engaged. Lab. Code § 2856.

## ELEVENTH DEFENSE

### No Overtime Entitlement

The Complaint is barred to the extent that Plaintiff or others did not work hours entitled to overtime under Labor Code section 510 or worked shifts otherwise not entitled to overtime pursuant to Labor Code exemptions applicable to non-exempt employees, whether based on collective bargaining agreements, alternative workweek agreements, or otherwise.

## TWELFTH DEFENSE

### Enforceable Contract or Full Performance

The Complaint is barred to the extent that there is any enforceable contract with Plaintiff or others that provides that Defendant's conduct is lawful and for which Defendant fully performed all obligations to which contractual principles would apply.

## THIRTEENTH DEFENSE

### Good Faith

The Complaint is barred to the extent because Defendant did not willfully violate the Labor Code but rather acted on the basis of a good-faith belief that they had complied fully with applicable laws, 8 Cal. Code Reg. § 13520, or because any acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, or interpretation of federal policy.

## FOURTEENTH DEFENSE

### Injunctive Relief Improper

The Complaint is barred to the extent that it seeks injunctive or equitable relief since Plaintiff has an adequate and complete remedy at law or because Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute. Lab. Code § 1138.1 *et seq.*

## FIFTEENTH DEFENSE

### Equitable Offset

The Complaint is barred to the extent Defendant is entitled under the equitable doctrines of setoff or recoupment to an offset of all overpayments of wages or other consideration previously provided to Plaintiff or others. To the extent that Plaintiff or others would be entitled to damages, penalties, or restitution, Defendant is entitled to an offset for any overpayments to Plaintiff or others for work never actually performed or any damages incurred by Plaintiff or others' own acts or omissions.

## SIXTEENTH DEFENSE

### Failure to Mitigate Damages

The Complaint is barred to the extent Plaintiff or others are not entitled to recover the amount of damages from Defendant as alleged in the Complaint, or any damages, due to their continuous failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly incurred or due to their failure to render to their employer just accounts of all transactions in the course of their service. Lab. Code § 2861.

## SEVENTEENTH DEFENSE

### No General or Specific Personal Jurisdiction

The Complaint is barred to the extent that there is no general personal jurisdiction because Defendant is not incorporated or headquartered in California and there is no specific personal jurisdiction because Defendant's alleged conduct did not occur in or harm Plaintiff or others in California.

## EIGHTEENTH DEFENSE

### Unconstitutional Liability for Truthful, Non-Misleading Speech

The Complaint is barred to the extent that statutes violate the First Amendment of the United States Constitution by imposing liability for truthful, non-misleading speech.

ANSWER TO FIRST AMENDED COMPLAINT

## NINETEENTH DEFENSE

### Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

The Complaint is barred to the extent the recovery of penalties, under the circumstances of this case, would be unjust, arbitrary and oppressive, or confiscatory and disproportionate to any harms resulting from Defendant's conduct.

## ADDITIONAL RESPONSE

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate. To the extent that Defendant has not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendant denies all further and remaining allegations of the Complaint, and no response contained herein is intended to constitute a waiver of such denial.

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff, putative class members, and other allegedly aggrieved employees or former employees take nothing by reason thereof;

2. That Defendant did not damage or harm Plaintiff, putative class members, and other allegedly aggrieved employees or former employees in any way;

3. That Plaintiff, putative class members, and other allegedly aggrieved employees or former employees are not entitled to any wages, overtime wages, compensation, benefits, penalties, restitution, injunction, or any other legal or equitable remedy due to any act or omission of Defendant;

4. That Plaintiff is not adequate to bring a potential class or representative action;

5. That the Complaint fails to show that there are predominant issues of law or fact or plead manageable claims to support a class or representative action;

6. That the Complaint be dismissed, in its entirety, with prejudice;

7.      That judgment be entered in favor of Defendant and against Plaintiff on the entire Complaint and all causes of action;

8.      That Defendant be awarded the costs of suit herein incurred as provided by statute; and

9.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: May 17, 2019                           SEYFARTH SHAW LLP


By _____*/s/ Simon L. Yang*_____
            Aaron R. Lubeley
            Simon L. Yang
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.