**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

*Defense Counsel on the Next Page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:19−cv−02798−VAP-SP<br><br>**CLASS ACTION**<br><br>**RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

-1-

*RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT*
Case No.: 2:19−cv−02798−VAP-SP

1  SEYFARTH SHAW LLP
2  Aaron R. Lubeley (SBN 199837)
   alubeley@seyfarth.com
3  601 South Figueroa Street, Suite 3300
4  Los Angeles, California 90017
   Telephone: (213) 270-9600
5  Facsimile: (213) 270-9601
6  Attorneys for Defendant
7  AIRPORT TERMINAL SERVICES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
Case No.: 2:19−cv−02798−VAP-SP

Plaintiff, FRANCISCO J. CISNEROS (hereinafter referred to as "Plaintiff"), and Defendant, AIRPORT TERMINAL SERVICES, INC., ("Defendant") (collectively "Parties") hereby submit the following response to the Court's July 22, 2021 Order to Show Cause Re: Failure to File Motion for Final Approval of Class Action Settlement ("Order to Show Cause").

First, the Parties sincerely apologize to the Court for not providing a more timely update regarding the status of the settlement administration and the need to further extend the hearing on the motion for final approval. Due to issues encountered by the Settlement Administrator related to the calculation of individual class member payments, mailing of notice has not occurred. The Parties had prepared a joint stipulation and proposed order on July 21, 2021 to submit to the Court, identifying the issue and requesting to continue the date for final approval of the settlement in order to resolve the issue. Unfortunately, prior to filing the joint stipulation and proposed order, the parties received the Court's Order to Show Cause.

## I.   Relevant Factual Background

On May 6, 2021, this Court approved the Parties' Stipulation to Extend the Final Fairness and Approval Hearing date from June 21, 2021 to July 26, 2021 in order to have time following the response deadline in advance of the Final Fairness and Approval Hearing (Dkt. Nos. 28-29).

Soon thereafter, the Parties requested the Settlement Administrator recalculate average class payments for two separate groups: (1) those who were hired prior to the prior settlement period in *Pederson v. Airport Terminal Services, Inc.,* Central District of California Case No. 5:15-cv-02499-VAP-SP (Dkt. No. 25-1 at Ex. A, Settlement Agreement ["S.A."], pp. 6-7) ("the *Pederson* settlement") and (2) the average payments for those class members who were hired after the preliminary approval of the *Pederson* settlement (March 26, 2017).  In doing so, it

-3-

RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No.: 2:19−cv−02798−VAP-SP

was discovered that there was a problem in how the distribution amounts were calculated based on the formula included in the Parties' Settlement Agreement.

The Parties Settlement Agreement provides that the "Net Settlement Amount shall be allocated among Settlement Class Members by . . . (ii) determining the number of Settlement Class Members hired on or after March 26, 2017, and multiplying that number by five" (Dkt. 25-1, Exhibit A, S.A., ¶ 5.4.1) and the "Individual Settlement Payments shall be allocated by (i) determining the number of weeks a Settlement Class Member worked during the period from November 27, 2014, through the date of a Preliminary Approval Order and, if the Settlement Class Member was hired on or after March 26, 2017, adding five" (*Id.* at p 5.4.2).

The Parties requested that the Settlement Administrator calculate the individual Settlement Class Member distribution amounts to be included in the notice sent to the Settlement Class Members, but it was having difficulty with the calculation because it found the language referenced in the Settlement Agreement unclear.

After the Parties provided further clarification of the settlement calculation method, the Settlement Administrator required additional information regarding Settlement Class Member workweeks from November 27, 2014- March 25, 2017 as set forth in S.A. ¶ 5.1  Although the Settlement Agreement intended to weight the distribution of settlement proceeds to employees working for defendant from April 6, 2018 through preliminary approval, the calculation performed by the Settlement Administrator resulted in what appeared to be an unintended weighting of the settlement proceeds to the period prior to April 6, 2018. *Id*[1].

---

[1] Paragraph 5.1 provides: "The parties weighted the Agreement to resolve the Class Member claims occurring in the estimated 82,190 workweeks worked by Class Members following the preliminary approval of the settlement in the *Pederson* matter.  To the extent that the number of workweeks worked by Class Members through the date of a Preliminary Approval Order exceeds 82,190 plus 10 % (or 90,409) workweeks, Defendant shall have the option to abridge the Settlement Class Members' Released Claims to include only through the pay period in which 90,409 workweeks after the *Pederson* preliminary approval order have been worked by Settlement Class

*RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT*
*Case No.: 2:19−cv−02798−VAP-SP*

## II.     Parties' Proposal Resolution and Request to Set Aside OSC

We again apologize to the Court for not timely advising the Court about the claims administration issues outlined above. The Parties are continuing to work together with the Settlement Administrator to further understand the cause of the allocation disparity, provide additional information to allow the Settlement Administrator to revise its calculation.  If the calculations cannot be revised in a manner that accomplishes the Parties' intent to weight the distribution on settlement proceeds to Settlement Class Member workweeks worked after April 6, 2018, the Parties intend to submit a revised Settlement Agreement to the Court that provides a new calculation method that ensures a distribution to the Settlement Class consistent with the intentions of the Parties as outlined in the Motion for Preliminary Approval of Class Action Settlement.

In light of the issues the Parties have encountered regarding the administration of the Settlement and the Parties efforts to work in good faith to remedy the issue for the benefit of the Settlement Class, we ask the Court to set aside the Order to Show cause and continue the Final Fairness Hearing by at least three months to October 25, 2021 or to another date thereafter as the Court's calendar permits.  The Parties intend to have the calculation issues resolved in the next two weeks so that notice can be provided to the Settlement Class.  If the issues cannot be resolved due the current calculation method outlined in the Settlement Agreement, the Parties will submit a revised Settlement Agreement with a new calculation method for approval by the Court.

//
//
//
//

---

Members or to increase the Gross Settlement Amount in proportion to the increase in workweeks in excess of 90,409."

-5-

*RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT*
*Case No.: 2:19−cv−02798−VAP-SP*

Respectfully Submitted,

DATED: July 29, 2021    **BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: ___/s/ *Marcus J. Bradley, Esq.*___
      Marcus J. Bradley, Esq.
      Kiley L. Grombacher, Esq.
      Sahag Majarian, II, Esq.
      Attorneys for Plaintiff

DATED: July 29, 2021    **SEYFARTH SHAW LLP**

By: ___/s/ *Aaron R. Lubeley*___
      Aaron R. Lubeley
      Attorneys for Defendant

-6-

*RESPONSE TO JULY 22, 2021 ORDER TO SHOW CAUSE RE: FAILURE TO FILE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT*
Case No.: 2:19−cv−02798−VAP-SP