**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-02798-VAP-SP<br><br>[*Assigned for All Purposed to the Honorable Virginia A. Phillips*]<br><br>**DECLARATION OF PLAINTIFF FRANCISCO J. CISNEROS IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: November 27, 2018<br>Trial Date: None |

1
DECLARATION OF PLAINTIFF FRANCISCO CISNEROS

## DECLARATION OF FRANCISCO CISNEROS

I, Francisco Cisneros, declare as follows:

1. I am a resident of Los Angeles County, California. I am a former employee of Airport Terminal Services, Inc., a Missouri corporation (hereinafter "ATS" or "Defendant") and the named plaintiff in this case.

2. I am over the age of eighteen. I have personal knowledge of the following facts, and if called to testify, I could and would testify competently to them.

3. I am familiar with the work involved in prosecuting the class action against my former employer and I worked closely with my attorneys in prosecuting the action and in obtaining the relief provided by the settlement. I am familiar with the investigation and discovery conducted, settlement discussions, and have participated in all stages of the litigation.

### Employment History

4. I worked for ATS for approximately ten months from January 2018 through October 22, 2018.

5. I worked for Defendant, ATS as a "Ramp Agent" in full-time, non-exempt position. Part of my duties included transporting cargo and luggage at Los Angeles International Airport ("LAX").

### Typicality of Claims

6. During my time working with Defendant, I was not paid minimum wages for all the hours I worked.

7. Defendant also did not provide me with all meal and rest periods that I was entitled to.

8. During the entire period of my employment with Defendant, my paycheck stubs were not accurate because they did not reflect gross wages earned, net wages earned, all applicable hourly rates, or applicable deductions as a result of Defendant not compensating me for all hours that I worked. The lack of this

information on my paycheck stubs subjected me to the difficulty of having to reconstruct the hours I actually worked, and compensation earned during a pay period.

9. I was also not reimbursed for all business expenses that I incurred for using my cell phone during work;

10. During the time of my employment with Defendant, I was not paid the overtime compensation that I was entitled to; and

11. Additionally, I was not paid all wages owed to me at the time of my termination.

**Involvement in the Litigation & Adequacy as Class Representative**

12. I have participated in all aspects of this litigation from pre-litigation investigation through settlement discussions as I attended the mediation by phone. I have had numerous discussions with my attorneys over the course of this matter.

13. I spent a considerable amount of time learning about California labor laws, deciding whether remedial action should be taken, how it should be taken, and searching for attorneys. I located experienced wage and hour attorneys and met with them to determine if I would retain them to handle my case. They spent many hours with me discussing this case and the law. In the end, I decided to vindicate not only my own rights but also those of my former co-workers by filing a class-action lawsuit.

14. I spent several hours "educating" my attorneys about Defendant's policies and practices. I searched for, and produced, documents that I had from my employment.

15. I made sure that I made myself available and was fully prepared for mediation as part of my duty as the class representative.

16. I have spent considerable time and attention working on this case.

17. I have fairly represented the absent Class and herein request that the Court approve this settlement and confirm me as Class Representative. I have

DocuSign Envelope ID: 85C58BFE-141F-4823-BFC4-02831AC6F8B0
Case 2:19-cv-02798-VAP-SP    Document 35-2    Filed 11/15/21    Page 4 of 5    Page ID #:553

always maintained the best interest of the Class while performing my class representative duties. I am not aware of any conflicts of interest that prevent me from being confirmed as the Class Representative in this lawsuit.

18. I am not related in any way to my lawyers or any other member of the firm that is representing me. I have no business dealings or other involvement beyond this lawsuit and this representation. I have not been promised any money or inducement to serve as the class representative in this action.

**<u>My Understanding Regarding the Terms of the Settlement</u>**

19. I understand that as part of this class action settlement, I am required to provide Defendant with a full and complete release of all claims, known and unknown, and that this is something that other class members do not have to provide. I understand that this means that I will be giving up any claims I may have against the Defendant. I have agreed to this term as I believe this was in the best interests of the class and this settlement.

20. As discussed above, I actively participated in the litigation of this action on behalf of myself and the Settlement Class. As Class Representative, I participated in all stages of the litigation and have been continually kept apprised of all aspects of the litigation. I estimate that I have spent between 25-30 hours in the litigation of this case.

21. In addition to the hours spent participating in the prosecution of this case, I took a huge risk by coming forward and filing this class action. If I lost the case and had to pay Defendant's litigation costs, it would have been financially devastating to me.

22. In light of the time that I have put into this case since the original meetings and conversations in October 2018, through the present, including my continued commitment to the case and the risks that came with being the named plaintiff, I respectfully request that the Court grant a service payment of up to $5,000, in an amount that the Court deems to be fair and appropriate. I believe a

4
DECLARATION OF PLAINTIFF FRANCISCO CISNEROS

significant award is warranted here because of the result achieved, the many hours of my personal time that I have invested in the case, my commitment to seeing it through to a strong settlement for my co-workers, and my release of all other claims that I may have against Defendant.

23. I am both proud and grateful that my work and participation in the case helped to pave the way for the successful settlement. I believe that the settlement offers a very beneficial result for the other workers. Regardless of how the Court rules on my request for a service award, I request that the Court grant approval of the settlement.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge. This declaration is executed this 11 day of November, 2021, at Los Angeles, California.

FRANCISCO J. CISNEROS