**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO. 2:19-cv-02798-VAP-SP**<br><br>*[Assigned for All Purposed to the Honorable Virginia A. Phillips]*<br><br>**SUPPLEMENTAL DECLARATION OF NATHALIE HERNANDEZ OF ILYM GROUP, INC., IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: November 27, 2018<br>Trial Date:  None |

-1-
Supplemental Declaration of Nathalie Hernandez        Case No. 2:19-CV-02798-VAP-SP

I, Nathalie Hernandez, declare as follows:

1.       I am a resident of the United States of America and am over the age of 18.  I am the Operations Manager for ILYM Group, Inc., (herein after referred to as "ILYM Group"), the professional settlement services provider who has been retained by the Parties' Counsel and subsequently appointed by the Court to serve as the Claims Administrator for the above captioned *Cisneros v. Airport Terminal Services, Inc.* matter.  I am authorized to make this declaration on behalf of ILYM Group and myself.  I have personal knowledge of the facts herein, and, if called upon to testify, I could and would testify competently to such facts.

2.       ILYM Group has extensive experience in administering Class Action Settlements, including direct mail services, database management, claims processing and settlement fund distribution services for Class Actions ranging in size from 26 to 4.5 million Settlement Class Members.

3.       ILYM Group was engaged by the Parties' Counsel and subsequently approved and appointed by the Court to provide notification services and claims administration, pursuant to the terms of the Settlement, in the above referenced Action. Duties performed to-date and to be performed after Final Approval of the Settlement is granted, include: (a) printing and mailing the *Notice of Proposed Class and Representative Action Settlement* and *Request for Exclusion* (referred to as "Notice Packet"); (b)  receiving and processing requests for exclusion; (c) calculating individual settlement award amounts; (d) processing and mailing settlement award checks; (e) handling tax withholdings as required by the Settlement and the law; (f) preparing, issuing and filing tax returns and other applicable tax forms; (g) handling the distribution of any unclaimed funds pursuant to the terms of the Settlement; and (h) performing other tasks as the Parties mutually agree to and/or the Court orders ILYM Group to perform.

4.       On March 26, 2021, ILYM Group received the Court approved text for the Notice Packet from Counsel for Plaintiff.  ILYM Group prepared a draft of the formatted Notice Packet, which was approved by the Parties' Counsel prior to mailing.

5.       On April 16, 2021, ILYM Group received the class data file from Counsel for Defendants, which contained the name, social security number, last known mailing address, and

the total number of applicable workweeks worked for each Settlement Class Member. The data file was uploaded to our database and checked for duplicates and other possible discrepancies. After reviewing the data to finalize the Class List, we noticed there was missing data that would prevent us from calculating the estimated settlement amounts. The additional information was requested and received from Defense Counsel. In addition, once calculating the estimated settlement amounts for each individual, the escalator clause was triggered and resulted in a conference call with both parties to address this matter. At a later time, an Amended Joint Stipulation of Class Action and PAGA Settlement and Release of Claims was received which amended the formula for calculation purposes. The Class List contained 4,183 individuals.

6. On October 21, 2021, the Notice Packet was mailed, via U.S First Class Mail, to all 4,183 individuals contained in the Class List. Attached hereto, as **Exhibit A**, is a true and correct copy of the mailed Notice Packet.

7. As of the date of this declaration, 352 Notice Packets have been returned to our office as undeliverable. Of the 352 returned Notice Packets, 3 were returned with a forwarding address and promptly re-mailed to the forwarding address provided. ILYM Group performed a computerized skip trace on the 349 returned Notice Packets that did not have a forwarding address, in an effort to obtain an updated address for purpose of re-mailing the Notice Packet. As a result of this skip trace, 206 updated addresses were obtained and the Notice Packet was promptly re-mailed to those Settlement Class Members, via U.S First Class Mail.

8. As of the date of this declaration, a total of 209 Notice Packets have been re-mailed. Specifically, 3 were re-mailed as a result of a forwarding address provided by the USPS and 206 have been re-mailed as a result of ILYM Group's skip tracing efforts.

9. As of the date of this declaration, a total of 143 Notice Packets have been deemed undeliverable. Specifically, 143 have been deemed undeliverable as no updated address was found notwithstanding the skip tracing.

10. As of the date of this declaration, ILYM Group has received 13 requests for exclusion from: Ismael Hernandez, Brian Hayes, Elizabeth Saltz, Robert Jason, Daisy Scott, Florentino Garza, Isatu Timbo, Patricia Lavelle, Ramiro Hurtado, Tiffani Fuller, Wing Tang,

1  Gordon Hunt, and Marshall Tran. The deadline to request exclusion from the Settlement was
2  December 6, 2021.

3      11.   As of the date of this declaration, ILYM Group has not received any objections to
4  the Settlement. The deadline to file an objection to the Settlement was December 6, 2021.

5      12.   As of the date of this declaration, ILYM Group will report a total of 4,177
6  Participating Claimants, representing 99.86% of the 4,183 Settlement Class Members.

7      13.   Participating Claimants will receive a proportional share of the Net Settlement Fund
8  through individual settlement payments, based on the number of workweeks worked by Class
9  Members during the Class Period. The Net Settlement Fund is the amount remaining after
10 deduction of the Court-approved payments from the Gross Settlement Fund for Class Counsel Fees
11 and Litigation Costs, the Class Representative Enhancement Award, Claims Administration Fees
12 to ILYM Group, LWDA and the PAGA group allocation, e.g.,

| | |
|---|---|
| **Gross Settlement Fund** | **$ 700,000.00** |
| **Pro-Rata Increase in Settlement Funds** | **$ 137,431.01** |
| **New Gross Settlement Fund** | **$ 837,431.01** |
| Class Counsel Fees | $ 279,115.75 |
| Class Counsel Litigation Costs | $ 8,351.51 |
| Enhancement Award | $ 5,000.00 |
| Administration Fees | $ 35,583.09 |
| LWDA Payment | $ 22,500.00 |
| PAGA Members 25% PAGA Payment | $ 7,500.00 |
| **Net Settlement Amount (estimated)** | **$ 479,380.65** |

23      To determine a Participating Claimant's individual settlement award payment, we (i)
24 determine the number of weeks a Settlement Class Member worked during the period from
25 November 27, 2014, though the date of a Preliminary Approval Order and, if the Settlement Class
26 Member was hired on or after March 26, 201 or worked after April 6, 2018, multiplying their
27 workweeks worked after April 6, 2018 by five, (ii) dividing the result by the Total Settlement
28 Class Member Shares, and (iii) multiplying the result by the Net Settlement Amount available

for allocation to Individual Settlement Payments. Such Shares shall be allocated to Settlement Class Members for Individual Settlement Payments. The remaining 25% of the PAGA payment, is distributed to the 2,876 PAGA Members based on the pro-rata number of workweeks individual PAGA Members worked during the PAGA Period. Based on these calculations, the Participating Claimants will receive an estimated average gross payment of $116.40 and the estimated highest gross payment being $737.77. Plaintiff's Cisneros gross estimated settlement amount is $120.23. The are 1,248 Class Members receiving a higher amount than Plaintiff Cisneros.

14. ILYM Group's total fees and costs for services in connection with the administration of this Settlement, which includes fees and costs incurred to-date, as well as anticipated fees and costs for completion of the settlement administration, are $35,583.09. The increase in administration fees is due to the class size increase from when the quote had originally been requested. The incurred additional costs will also include the distribution for this matter. ILYM Group's work in connection with this matter will continue with the calculation of the settlement award payments, issuance and mailing of the settlement award checks, the necessary tax filing and reporting on such payments, and any other tasks that the Parties mutually agree to and/or the Court orders ILYM Group to perform.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 7th day of December 2021, at Tustin, California.

*Nathalie Hernandez*
Nathalie Hernandez

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
*Francisco J. Cisneros v. Airport Terminal Services, Inc.*
**Case No. 2:19-cv-02798-VAP-SP**

## NOTICE OF PROPOSED CLASS AND REPRESENTATIVE ACTION SETTLEMENT

<<NAME>>
<<ADDRESS>>
<<CITY, STATE ZIP>>

> To: All current and former non-exempt individuals who were employed by Defendant Airport Terminal Services, Inc. in California from November 27, 2014, through March 26, 2021 ("Class Members").

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
YOU MAY BE ENTITLED TO RECEIVE MONEY FROM THIS PROPOSED SETTLEMENT.

**TO BE ELIGIBLE TO RECEIVE YOUR SHARE, YOU DO NOT NEED TO DO ANYTHING.**

This Notice is Court approved. This is not a solicitation from an attorney.

**1.   WHY DID I GET THIS NOTICE?**

You received this Notice because a proposed settlement (the "Settlement") has been reached of a class and representative action lawsuit entitled *Francisco J. Cisneros v. Airport Terminal Services, Inc.* currently pending in the United States District Court, Central District of California, Case No. 2:19-cv-02798-VAP-SP (the "Lawsuit").  Records show that you are a member of the proposed Settlement class ("Class Member").  Because the proposed Settlement would affect your legal rights as a Class Member, the Court ordered that this Notice be sent to you.

The Notice provides you with a brief description of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement, see Section 17, below.

**2.   WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff Francisco J. Cisneros ("Class Representative") filed the Lawsuit against Airport Terminal Services, Inc. ("Defendant") on November 27, 2018, alleging that Defendant did not pay for all hours worked, failed to pay wages at the agreed rate, failed to pay overtime compensation, did not provide proper meal and rest breaks, failed to reimburse expenses, did not pay wages at time of termination, did not provide proper wage statements, did not provide proper disclosures for background checks and engaged in unfair competition .

On or about March 26, 2019, Plaintiff filed a first amended complaint adding the following allegations, failure to make proper disclosures. The Lawsuit also includes a Private Attorneys General Act ("PAGA") claim.  For these alleged violations, the Class Representative sought monetary relief and statutory and civil penalties under the Labor Code.

Defendant denies the allegations in the Lawsuit and is prepared to defend the action vigorously.  By entering into this proposed Settlement, Defendant is not admitting any violation or liability in any way to the Class Representative or to Class Members.  The Court has not made any rulings on the merits of the Lawsuit.

**3.   WHAT IS A CLASS ACTION?**

In a class action lawsuit, one or more persons sue on behalf of other people who may have similar claims.  The person suing and those he/she seeks to represent, together are called the class or class members.  A certified class action allows the Court to resolve the claims of all the class members who choose not to exclude themselves from the class.  A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit on the same claims that were decided in the class action.  A class member is also covered by any settlement reached in the case.  A class action allows one court to resolve all of the issues in a lawsuit for all the class members who choose not to exclude themselves from the class.

In this Lawsuit, Francisco J. Cisneros, a former employee of Defendant, is the Class Representative, and asserts claims on behalf of himself and the putative class.  Airport Terminal Services Inc is the Defendant.  The Class Representative has reached a proposed class-wide Settlement with Defendant, including a settlement of the PAGA claim.  The Court has not made any rulings on whether the Lawsuit may proceed as a class action aside from the proposed class action Settlement.

**4.      WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

All current and former non-exempt individuals who were employed by Defendant Airport Terminal Services, Inc. between November 27, 2014, through March 26, 2021 and who do not opt out of the Lawsuit, are included in the proposed Settlement.

**5.      WHAT ARE THE TERMS OF THE SETTLEMENT?**

The proposed Settlement will resolve all claims for unpaid wages or overtime, meal and rest breaks violations, inaccurate wage statements, untimely payment of wages, expense reimbursement and violations of the Fair Credit Reporting Act, Investigative Consumer Reporting Agencies Act and Credit Reporting Agencies Act, based on non-compliant disclosures, and any claims relating to unfair competition.

The proposed Settlement represents a compromise of highly disputed claims. Nothing in the proposed Settlement is intended to or will be construed as an admission by Defendant that the claims in the Lawsuit have merit or that Defendant has any liability to the Class Representative or to the Class Members on those claims. The Court has made no ruling on the merits of the Lawsuit.

The Parties have agreed to settle the case for a maximum of $837,431.01 ("Gross Settlement Amount"). Under the terms of the proposed Settlement, the following payments have been agreed to: (1) attorneys' fees not to exceed $279,115.75; (2) all documented litigation costs to Class Counsel, in amounts set by the Court, not to exceed $20,000; (3) a service payment to the Class Representative for services in the Lawsuit, in an amount not to exceed $5,000; (4) settlement administration costs not to exceed $35,583.09; and (5) $22,500 will be paid to the California Labor and Workforce Development Agency representing the portion of the Gross Settlement Amount that is allocated as payment for civil penalties to the State of California in connection with Class Representative's PAGA claim alleged in this matter. The amount of money remaining after these payments, which is approximately $467,732.16 is the amount that will be distributed to Class Members who do not opt-out of the proposed Settlement ("Net Settlement Amount"). If the proposed Settlement is approved, the Net Settlement Amount will be distributed based on a pro rate number of workweeks individual Class Members worked at any time between November 27, 2017, through March 26, 2021.

The Net Settlement Amount will be allocated by (i) calculating the total number of workweeks all Settlement Class Members worked during the period of November 27, 2014, through March 26, 2021, (ii) determining the number of Settlement Class Members hired on or after March 26, 2017, and multiplying that number by five, and (iii) adding the two sub-totals to determine the "Total Settlement Class Members Shares."

Individual Settlement Payments shall by allocated by (i) determining the number of weeks a Settlement Class Member worked during the period of November 27, 2014, through March 26, 2021, (ii) dividing the result by the Total Settlement Class Member Shares, and (iii) multiplying the result by the Net Settlement Amount available for allocation to Individual Settlement Payments. Such shares will be allocated to Settlement Class Members for Individual Settlement Payments.

**6.      HOW DOES THE SETTLEMENT AFFECT MY RIGHTS?**

If the proposed Settlement is finally approved, the Court will enter a Final Order and Judgment.

**Upon such Final Order and Judgment, you will release the following claims, and will be barred from prosecuting any and all such claims against Airport Terminal Services, Inc.**

By operation of the Final Approval Order and entry of final judgment, and except as to such rights or claims as may be created by this Agreement, all Settlement Class Members hereby fully release Defendant, and each Released Party from any and all claims or causes of action that were alleged in the Action, or that reasonably could have been alleged based on the facts alleged in the Action, including, but not limited to, any claims under federal law and state law for unpaid wages or overtime, meal or rest break violations, inaccurate wage statements, untimely payment of wages, or violation of the applicable Wage Order or Labor Code sections 200-204, 210, 216, 218.5, 218.6, 225.5, 223, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197, 1198, and 2802, violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (FCRA), Investigative Consumer Reporting Agencies Act, Civ. Code §§ 1786 *et seq.* (ICRAA), and Consumer Credit Reporting Agencies Act, Civ. Code §§ 1785 *et seq.* (CCRAA), based on allegedly non-compliant disclosures, and any claims under Business and Professions Code section 17200 *et seq.* or Labor Code section 2698 *et seq.* based on alleged violations of these provisions. PAGA Members hereby fully release Defendant, and each Released Party from any and all claims or causes of action under Labor Code section 2698 *et seq.* that were alleged in the Action, or that reasonably could have been alleged based on the facts alleged in the Action, for alleged violations of the above Labor Code provisions. These releases do not include any claims that cannot be waived as a matter of law, though Settlement Members acknowledge and agree that they will not accept any monetary recovery from any proceedings relating to any such claims. Plaintiff as a representative of the State of California acknowledges and agrees that collateral estoppel shall bar PAGA Members from any proceedings relating to released claims.

The Judgment will resolve the claims to the extent provided in the Settlement Agreement and will permanently bar all Class Members who do not opt out from prosecuting any and all such claims against Defendants. You will remain bound by the Settlement, and you cannot sue, continue to sue or be a part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

The precise definitions of the capitalized terms in this Notice can be found in the Joint Stipulation of Class and Representative Action Settlement, which can be viewed at the Courthouse (United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012) during normal business hours.

### 7. WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT?

You do not need to do anything to participate in the proposed Settlement. If the proposed Settlement is finally approved, the Settlement Administrator will mail out settlement payments pursuant to the schedule provided in the Settlement Agreement. Class Counsel has been appointed and approved by the Court to represent you for settlement purposes only.

NOTE: It is your responsibility to keep a current address on file with the Settlement Administrator to ensure that your settlement payment will be sent to the correct address. If you fail to keep your address current, you may not receive your settlement payment.

### 8. WHAT IF I DON'T WANT TO PARTICIPATE IN THIS SETTLEMENT?

You have the right to request exclusion or opt out from the proposed Settlement. To do so, you must submit a written Request for Exclusion to the Settlement Administrator at the following address: *Francisco J. Cisneros v. Airport Terminal Services, Inc.* c/o ILYM Group, Inc. P.O. Box 2031 Tustin, CA 92781. Requests for Exclusion must: (1) contain your name, signature, address, telephone number, and the last four digits of your social security number; (2) clearly state that you do not wish to be included in the proposed Settlement; (3) be sent to the Settlement Administrator at the specified address; and (4) be postmarked on or before December 6, 2021.

If you timely request to be excluded from the proposed Settlement, you will not receive any payment under the Settlement and will not be bound by the terms of the Settlement. Unless you timely request to be excluded from the proposed Settlement, you will be sent a settlement payment and you will be bound by the Judgment upon final approval of the Settlement, including the Release described in this Notice. Class Counsel will not represent your interests if you request to be excluded.

### 9. WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?

If you do not request to be excluded, you can object to any of the terms of the proposed Settlement before the Final Approval Hearing in writing. To object, you must submit a written objection to the Settlement Administrator at the following address *Francisco J. Cisneros v. Airport Terminal Services, Inc.* c/o ILYM Group, Inc. P.O. Box 2031 Tustin, CA 92781 which must: (1) include your name, signature, address, telephone number, and the last four digits of your social security number; (2) state that you wish to object to the proposed Settlement; (3) state whether you intend to appear at the Final Approval Hearing; (4) be sent to the Settlement Administrator at the specified address; and (5) be postmarked on or before December 6, 2021. If the Court rejects your objection and approves the proposed Settlement, you will still be bound by the terms of the Settlement, and you will also be sent a settlement payment.

### 10. WHAT IF I DO NOT EXCLUDE MYSELF FROM THIS SETTLEMENT?

The proposed Settlement, if finally approved by the Court, will bind all Class Members who do not request to be excluded from the Settlement whether or not they cash their settlement payment checks. Final approval of the proposed Settlement will bar any Class Member who does not request to be excluded from the Settlement from hereafter initiating a lawsuit or proceeding regarding the Released Claims against the Releasees through March 26, 2021.

### 11. WILL THE CLASS REPRESENTATIVE BE COMPENSATED FOR BRINGING THIS LAWSUIT?

Francisco J. Cisneros will request a service payment of up to $5,000 for his service as Class Representative and for his efforts in bringing the Lawsuit. The Court will make the final decision as to the amount to be paid to the Class Representative.

### 12. DO I HAVE A LAWYER IN THIS CASE?

The Court has ordered that the interests of the Class Representative and the Class Members for settlement purposes are represented by:

BRADLEY/GROMBACHER, LLP
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     HOW WILL THE LAWYERS BE PAID?**

Class Counsel will be requesting from the Court an amount not to exceed $233,333.33 for their attorneys' fees and litigation costs not exceeding $20,000.00. The actual amount awarded to Class Counsel will be determined by the Court.

**14.     WHAT IS THE FINAL APPROVAL HEARING?**

The Court has preliminarily approved the proposed Settlement and will hold a hearing to decide whether to give final approval to the proposed Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class Members; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service payment to the Class Representative.

**15.     WHEN AND WHERE IS THE FINAL APPROVAL HEARING?**

The Court will hold the Final Approval Hearing on December 13, 2021 at 2:00 p.m., in Courtroom 8A of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 ("Final Approval Hearing"). The Final Approval Hearing may be continued without further notice to the Class Members. If the Settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue, and no settlement payments will be made.

You may attend the Final Approval Hearing, but it is not necessary for you to appear in order to receive your share of the Settlement. You have the right to attend the Final Approval Hearing without counsel or to be represented by your own counsel at your own expense. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement. However, if you have requested exclusion from the proposed Settlement, you may not object or speak at the Final Approval Hearing. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time.

**16.     WILL I BE TAXED ON THE SETTLEMENT PAYMENT?**

For tax purposes, 20% of the individual settlement payments will be characterized as W2 income and 80% will be characterized as 1099 Form. Neither of the Parties nor their respective counsel make any representations as to the taxability to any Class Members of any portions of the settlement payments or other consideration. Class Members who receive any settlement payment should consult their tax advisors concerning the tax consequences of the settlement payments they receive pursuant to the proposed Settlement.

**17.     HOW DO I GET MORE INFORMATION?**

To obtain a copy of the Joint Stipulation of Class and Representative Action Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this proposed Settlement, you may contact the Clerk's Office at the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 during normal business hours.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at the address and telephone number listed below, toll free. Please refer to the *Francisco J. Cisneros v. Airport Terminal Services, Inc*. matter.

ILYM Group, Inc.
P.O. Box 2031
Tustin, CA 92781
(888) 250-6810

You can visit the settlement website at www.ilymgroupclassaction.com/airportterminal.com to review the pertinent documents.

**18.     WHAT IF MY INFORMATION CHANGES?**

If this Notice was sent to the wrong address or if, after you receive this Notice, you change your postal address or telephone number, it is your responsibility to inform the Settlement Administrator of your updated information.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE**

**REQUEST FOR EXCLUSION**

**DO <u>NOT</u> SUBMIT THIS FORM IF YOU WANT TO RECEIVE PAYMENT FROM THE SETTLEMENT**

*Francisco J. Cisneros v. Airport Terminal Services, Inc.,*
**United States District Court, Central District of California,**
**Case No. 2:19-cv-02798-VAP-SP**

**You must complete this Request for Exclusion to exclude yourself or "opt out" of the Settlement. You must complete, sign, date, and mail this Exclusion Form by First-Class U.S. mail postmarked on or before December 6, 2021, and addressed to the Claims Administrator at the following address in order to exclude yourself from the Settlement:**

> **MAIL TO:**
>
> **Airport Terminal Services Settlement Administrator**
> **ILYM Group, Inc.**
> **P.O. Box 2031**
> **Tustin, CA 92781**
> **Toll Free: (888) 250-6810**

<u>INSTRUCTIONS</u>

    A.    You must complete, sign, date, and mail this Request for Exclusion to exclude yourself or "opt out" of the Settlement. Your Exclusion Form must be postmarked on or before December 6, 2021, or it will be rejected, and you will be bound by the terms of the Settlement.

    B.    You are responsible for maintaining a copy of the fully completed Request for Exclusion and proof of mailing.

    C.    If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

---

**I have received notice of the class action settlement in**
*Cisneros v. Airport Terminal Services, Inc.,*
**United States District Court, Central District of California,**
**Case No. 2:19-cv-02798-VAP-SP**

**It is my decision <u>not</u> to participate in the settlement and <u>not</u> to be a member of the settlement class. I understand I will <u>not</u> be paid a settlement award and I will <u>not</u> be bound by the terms of the settlement.**

Name: _____   Address: _____

Last four digits of Social Security No. _____   Telephone No.: _____

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

_____   _____
Sign your name here   Date