**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California   91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, FRANCISCO J. CISNEROS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. CISNEROS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO. 2:19-cv-02798-VAP-SP**<br><br>[*Assigned for All Purposed to the Honorable Virginia A. Phillips*]<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><br>Complaint Filed: November 27, 2018<br>Trial Date:          None |

I. **RECITALS**

This matter came on for hearing on December 13, 2021, in Courtroom 8A of the above-captioned Court on Plaintiff's unopposed Motion for Final Approval of Class Action Settlement in the putative class action (the "Action") currently pending before this Court.

Having received and considered the Joint Stipulation of Class Action and PAGA Settlement and Release of Claims and Amendment to Joint Stipulation of Class Action and PAGA Settlement and Release of Claims (the "Settlement Agreement" or "Settlement"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement Agreement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

II. **FINDINGS**

After review and consideration of the Settlement Agreement and Plaintiff's Motion for Final Approval of Class Action Settlement and the papers in support thereof, the Court hereby finds and orders as follows:

1. Pursuant to the Order Granting Motion for Preliminary Approval of Class and Action Settlement (Dkt. No. 27), a Notice of Class Action Settlement ("Class Notice") was mailed to 4,183 members of the Class ("Class Members") by first-class U.S. Mail and email on October 21, 2021.

2. The Court finds that distribution of the Class Notice in the manner set forth in the preliminary approval order and the Settlement Agreement constitutes the best notice practicable under the

circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.  The Class Notice procedure set forth in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, and any other applicable law, and constitutes due and sufficient notice to all Class Members.

3. The Class Notice informed the Class Members of the terms of the Settlement, of their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the settlement, of their right to request exclusion from the Class and the settlement, and of the date set for the Final Approval hearing.  Adequate periods of time were provided by each of these procedures. No member of the Class filed a written objection to the proposed Settlement as part of this notice process or stated an intention to appear at the final approval hearing, and no Class Member requested exclusion from the Class and the Settlement.

4. The Court finds and determines that the notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice was the best notice practicable, which satisfied the requirements of law and due

process.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies the following Class: All current and former non-exempt employees who currently work or formerly worked for Defendant in California at any time from November 27, 2014 through March 26, 2021. (Dkt. No. 27).

6. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court further finds as to the Class that:

   a. The Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

   c. The claims of the Class Representatives are typical of the claims of the Class that the Class Representatives seek to certify;

   d. The Class Representatives, Plaintiff Francisco J. Cisneros, will fairly and adequately protect the interests of the Class and is, therefore, appointed as the representative of the Class;

   e. Class Counsel, Marcus J. Bradley of Bradley Grombacher, LLP will fairly and adequately protect the interests of the Class and is qualified to represent the Class and is, therefore, appointed as attorneys for the Class for purposes of settlement; and

      f.      Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

7. The Court has considered the *In re Bluetooth Products Liability Litigation* ("*Bluetooth*") (9th Cir. 2011) 654 F.3d 935, 946, factors. The Court finds that Class Counsel is not receiving a disproportionate distribution of the Settlement and, although Defendant has agreed to not object to an attorney fee request not to exceed $279,115.75, if the amount awarded is less than the amount requested by Class Counsel, the difference will become a part of the Net Settlement Amount which will be distributed to Participating Class Members as part of their Settlement Payments.

8. The Court finds that the Settlement is fair when compared to the strength of Plaintiff's case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

9. The Court finds that the Parties conducted adequate investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiation.

10. The Court finds that Class Counsel has extensive experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight. The Court further finds that the Class' reaction to the settlement – with no objections and 13 valid requests for exclusion – weighs in favor of granting Final Approval of the Settlement.

11. The Settlement Agreement is not an admission by Defendant, nor

is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

12. The Court finds and determines that the individual Settlement Payments to be paid to each Participating Class Member as provided for by the Settlement are fair and reasonable.

### III. ORDER

IT IS HEREBY ORDERED as follows:

1. The Court hereby gives final approval to and orders the payment of the individual Settlement Payments be made to the Participating Class Members in accordance with the terms of the Settlement.

2. The Settlement Administration costs in the amount of $35,583.09 are approved and ordered paid to ILYM Group, Inc. in accordance with the terms of the Settlement Agreement.

3. The award of a Class Representative Service payment of $5,000 is granted.

4. The award of Attorneys' Fees in the amount of $279,115.75 is granted.

5. The award of Attorneys' Costs in the amount of $8,351.51 is granted.

6. Payment of $30,000 as penalties under the California Labor Code Private Attorney General Act from which $22,500 is to be paid to the California Labor and Workforce Development Agency ("LWDA").

7. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

8. The Class Representative and all Participating Class Members are permanently barred and enjoined from prosecuting against Defendant, and the Released Parties, any of the Released Claims as defined in the Settlement Agreement.

9. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

10. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant makes payments to Participating Class Members in accordance with the Settlement.

11. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, Order Granting Motion for Preliminary Approval of Class Settlement, and this Order.

12. This Order shall constitute a final judgment.

13. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

Dated: _____
HON. VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT